**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| PETER J. LYNCH,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>KATHRYN ANNE DONNELLY, in her Official Capacity as Virgin Islands Special Designated Disciplinary Counsel, and in her Individual Capacity, and TANISHA BAILEY-ROKA, in her Official Capacity as Virgin Islands Chief Disciplinary Counsel, and in her Individual Capacity,<br><br>　　　　　Defendants. | Civil No. 3:24-cv-00043<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES |

**TANISHA BAILEY-ROKA'S AND KATHRYN ANNE DONNELLY'S REPLY TO OPPOSITION TO JOINT MOTION TO TRANSFER TO DIVISION OF ST. CROIX**

**COME NOW** Attorneys Donnelly and Baily-Roka (hereinafter the "ODC Parties"), and hereby Reply to Plaintiff's Opposition to the request for a transfer of this matter from the Division of St. Thomas and St. John, to the Division of St. Croix, and for the assignment of this matter to Judge Kent Jordan, if available.

Title 28 U.S.C. § 1404(a) provides as follows:

Venue: Change of venue

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Reply to Opposition to Joint Motion to
Transfer to Division of St. Croix

The ODC Parties acknowledge the lapse of compliance with Local Rule 7.1(f) as an oversight and offer their sincere apologies for same. However, given that, at this time Plaintiff's likely concurrence is clearly not going to be given, and redress by requiring the refiling of the Motion would not be the most efficient use of resources as it is an exercise in futility. Accordingly, the ODC Parties request that the Court excuse the failure as a harmless oversight and accept their Reply to Plaintiff's Opposition.

Notwithstanding Plaintiff's self-described "little guy" description (ECF No. 31, pg. 4), he can hardly be described as "fighting city hall" so much as trying to disrupt the operations of "city hall." Hence, pomposity aside, the Opposition is lacking in a number of respects.

While accurate that proper venue is assumed in the Motion, it remains true that the crux of Section 1404(a) transfer is that it is a discretionary determination "made for the convenience of the parties and presupposes that the court has jurisdiction and that the case has been brought in the correct forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). However, venue should not be confused with the term "district" as understood in the Virgin Islands.

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Reply to Opposition to Joint Motion to
Transfer to Division of St. Croix

Pursuant to Virgin Islands law, civil cases should be brought in the judicial division where the defendant resides, or where the cause of action arose, or where the defendant may be served with process. 4 V.I.C. §78(a). This law recognizes that although the Territory is one venue, different districts of that venue have greater pull on the location in which a matter should be filed, and by definition, the District of St. Croix meets all of the alternatives. In the federal system, such a transfer is akin to a transfer between divisions.

"By its own terms, Section 1404(a) applies to transfers between districts as well as transfers between divisions within the same district." *Borghi v. Purple Grp., Inc.*, No. 2008-36, 2009 U.S. Dist. LEXIS 42101, at *4 (D.V.I. May 15, 2009). *See also, Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22 (1981). In both judicial systems, filing against a defendant in the place where it is most convenient for the defendant is preeminent.

In *Borghi*, discussing the appropriate district for an action in the Virgin Islands, the court held that pursuant to "28 U.S.C. § 1391(b), which governs venue in non-diversity jurisdiction cases, 'if venue is proper in one division of a district, then venue is proper in another division within that same district.' *Borghi*, 51 V.I. at 885-886 (finding that copyright

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Reply to Opposition to Joint Motion to
Transfer to Division of St. Croix

infringement action could have been brought (for purposes of 1404(a) analysis) in either St. Croix or St. Thomas)." *St. Croix Fed'n of Teachers v. Gov't of the V.I.*, No. 1:11-CV-72, 2011 U.S. Dist. LEXIS 82358, at *7 (D.V.I. July 25, 2011).  In the instant matter following the language of 28 U.S.C.S. § 1391(b)(1), stating that the action could be brought in "a judicial district in which any defendant resides," and following the use of the term district relative to the Virgin Islands law, this matter should have been brought in St. Croix.

The private interest factors referred to by Lynch include: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;"  (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses;" and (6) "the location of books and records (limited to the extent that the files could not be produced in the alternative forum)." *Id.* at 879 (internal citations omitted).  *Borghi* at *8, citing *Jumara*.

This transfer is requested because it would convenience the most parties and their counsel.  Attorney Bailey-Roka  is the only Defendant residing in the Territory, and she resides on St. Croix. Plaintiff is a resident of Florida, so where he practices law from

4

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Reply to Opposition to Joint Motion to
Transfer to Division of St. Croix

in the Territory is irrelevant as he is still required to travel by air when he needs to be here, and can just as easily fly to St. Croix as to St. Thomas. Neither the place of service of the Administrator of Courts, Ms. Regina Petersen, or the execution of Attorney Donnelly's contract is relevant as Ms. Petersen is not a party, and the contract is not part of the subject matter of this action, and the "Government of the Virgin Islands 'resides' in the entirety of the District of the Virgin Islands and thus in both of its divisions." *Borghi*, at 881-882. *St. Croix Fed'n of Teachers* at *7.

However, the main office of the ODC is in St. Croix, and hence, Attorney Donnelly's primary business address for her services provided to the Supreme Court is on the island of St. Croix. All clearly weighing in favor of the District of St. Croix as the best forum.

The public factors[1] are unavailing to this result; 1. As one venue enforcement of any judgment against Plaintiff would not be

---

[1] The public interest factors include: (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" (5) "the public policies of the fora;" (6) "the familiarity of the trial judge with the applicable state law in diversity cases;" and (7) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* at 879-80 *St. Croix Fed'n of Teachers*, at *8.

Case: 3:24-cv-00043-RAM-GAT   Document #: 33   Filed: 10/03/24   Page 6 of 9

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Reply to Opposition to Joint Motion to
Transfer to Division of St. Croix

an issue; 2. As a practical matter, the case will not be made either more difficult, or less expeditious in the St. Croix District but it would be less expensive for Attorney Bailey-Roka, and her counsel, if travel to St. Thomas could be avoided; 3. There are no concerns as to court congestion in the District of St. Croix; 4. Local interest is satisfied in either forum; 5. The public policies between districts are identical; 6. If assigned to Judge Kent Jordan, his familiarity with local law and the subject matter of this action is unassailable; and 7. St. Croix is not an unrelated forum, so this factor is not applicable.

As previously stated, whether a transfer of district is made or not, the assignment of this matter to Judge Jordan, if he is available, would be an efficient use of the Court's resources since he has recently dealt with the same *pro se* plaintiff in another matter, and is still considering a motion for attorneys' fees in that matter (Civ. No. 1:23-cv-00023-KAJ) which involved Attorney Bailey-Roka, and Lynch as well, and which raised claims and causes of action that are substantially similar, if not identical to those raised herein.

Assignment to Judge Jordan would not require a change of the Magistrate Judge, as any preliminary matters handled by the Magistrate; because this matter could more efficiently be handled

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Reply to Opposition to Joint Motion to
Transfer to Division of St. Croix

by Judge Jordan, the District Court has the discretion to assign it to him if he is willing to accept the assignment. *United States v. Gomez*, 189 F.3d 1239, 1243 (10th Cir. 1999) (rejecting challenge to informal rotating assignment system). The January 15, 2025 pending retirement of Judge Jordan notwithstanding, if he decides to take senior sitting status or determines that he can resolve this matter before his retirement date, he could at his own discretion agree to the assignment.  The Defendants do not assert this assignment as a right, as implied by Lynch, but rather as a reasonable option for the Court to consider and decide whether to exercise its discretion.

    Plaintiff, however, has "no right to any particular procedure for the selection of the judge," and "do[es] not enjoy the right to have the judge selected by a random draw."  See, *In re Atamian*, 247 F. App'x 373, 374 (3d Cir. 2007)(citations omitted).  "Congress has granted broad discretion to the federal district courts in the assignment of cases to particular judges." *United States v. Pearson*, 203 F.3d 1243, 1256 (10th Cir. 2000) cited in *Brik v. Brodie*, No. 23-cv-4330 (LJL), 2024 U.S. Dist. LEXIS 67441, at *17-18 (E.D.N.Y. Apr. 11, 2024).  *See*, *In re Atamian, supra.*

    There is no doubt here that the case has been brought in the correct forum.  There is also no doubt that the greater number and

7

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Reply to Opposition to Joint Motion to
Transfer to Division of St. Croix

weight of the private and public factors to be considered fall heavily in favor of the action being transferred to the District of St. Croix, regardless of the Judge assigned. Although the Virgin Islands is one venue, given the Territory's unique characteristics, it is not feasible to merely jump in a vehicle and drive from one district to the other; hence, it would convenience the Defendants tremendously if the case were transferred to St. Croix while only slightly inconveniencing the "little guy," Plaintiff, who resides in Florida (*Doc. No*. 1, para. 3) but flies back and forth to operate a law practice in the Virgin Islands.

Therefore, because Plaintiff resides in Florida, and the ODC Parties, and the retained counsel all maintain an office and/or a residence on the island of St. Croix, transfer to that division would be the most efficient, economical and reasonable option for the convenience of the most number of participants, without the necessity of changing the assigned Magistrate Judge, and if available, the assignment of this matter to Honorable Judge Kent Jordan, with his recent experience and familiarity dealing with this *pro se* litigant, and the issues raised herein, would likely

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Reply to Opposition to Joint Motion to
Transfer to Division of St. Croix

be the most economical and efficient use of the Court's judicial resources, regardless of the district designated.

**RESPECTFULLY SUBMITTED,**

Dated:   October 3, 2024         /s/Paul L. Gimenez
                                 Paul L. Gimenez, Esq., Bar #225
                                 General Counsel
                                 Judicial Branch of the V.I.
                                 P.O. Box 70
                                 St. Thomas, VI 00804
                                 Telephone: (340) 693-6420
                                 paul.gimenez@vicourts.org
                                 *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 3rd day of October 2024, I caused a true and exact copy of the foregoing to be served through the Court's electronic filing system, via email upon the registered parties.

/s/Paul L. Gimenez, Esq.