## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **PETER J. LYNCH,** | |
| **Plaintiff,** | Civil No. 3:24-cv-00043 |
| **v.** | |
| **KATHRYN ANNE DONNELLY, in her Official Capacity as Virgin Islands Special Designated Disciplinary Counsel, and in her Individual Capacity, and TANISHA BAILEY-ROKA, in her Official Capacity as Virgin Islands Chief Disciplinary Counsel, and in her Individual Capacity,** | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| **Defendants.** | |

## KATHRYN ANNE DONNELLY'S AND TANISHA BAILEY-ROKA'S JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED VERIFIED COMPLAINT

Paul L. Gimenez, Esq., Bar # 225
General Counsel
Judicial Branch of the V.I.
P.O. Box 70
St. Thomas, VI  00804
Telephone (340) 693-6420
paul.gimenez@vicourts.org
*Attorney for Defendants*

H. Marc Tepper, Esq., Bar #22629
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
T: (215) 665-3864
F: (215) 665-8760
marc.tepper@bipc.com
*Attorney for Defendants*

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

**COME NOW,** Kathryn Anne Donnelly, Esq., Special Designated Disciplinary Counsel and Tanisha Bailey-Roka, Chief Disciplinary Counsel for the Judiciary of the United States Virgin Islands ("the ODC Parties"), and hereby move to dismiss Plaintiff's First Amended Verified Complaint (AVC) and request judgment be granted in their favor on the basis of FRCP, 12(b)(1),(2), (4), (5) (6), or to strike or require a more definite statement per 12(e) and 12(f).

### Background and Discussion

Plaintiff,  (Lynch) is an attorney licensed to practice law in the Virgin Islands who is subject to the jurisdiction of the Supreme Court of the Virgin Islands' Office of Disciplinary Counsel (ODC).  Lynch has filed the instant action seeking the District Court's intervention in an ongoing disciplinary matter, (Confidential Case No. 2023-42) and asks the Court to enjoin the Supreme Court of the U.S. Virgin Islands (V.I.S.C.), acting through the ODC, to rewrite the Supreme Court's Rules (*ECF* No. 26, final para.), enjoin the ODC from pursuing the disciplinary action in 2023-0042, *Id.*, remove the employees of the ODC from their assigned tasks, *Id.*, require the staff of the V.I.S.C. to report to the District Court, *Id.*, and award Lynch costs, attorney's fees, unspecified damages and punitive damages. *Id.*

This matter was initiated *less than* one year ago, (*ECF* 26, para. 46).  Since its initiation Lynch has refused to cooperate in the ODC investigation, opting instead to file petitions and notices with the V.I.S.C., and the Board of Professional Responsibility.  *Id.* at paras. 47-66.  He ultimately withdrew his petition with the V.I.S.C. less than six (6) weeks after filing it, acknowledging that it was likely to be dismissed for "failure to exhaust administrative remedies, and that it is appealable only [to] the U.S. Supreme Court."  *Id.* at para 65.  However, he persisted in refusing to cooperate with the investigation.  *Id.* at 49, 51, 53, 57, 59 and 66.  Lynch's withdrawal follows a pattern of voluntary dismissals in actions on the eve of likely unfavorable decisions.  *See,* EDNY *1:23-cv-*

1

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

*08428-PKC-TAM* and DCVI, *1:23-cv-0023-KAJ*. This is a pattern of avoidance of final decisions that might end his serial filing of vexatious and harassing actions.   The filing of the instant action occurred within ten (10) months of his voluntary dismissal of the EDNY case, within three (3) months of his voluntary dismissal of the DCVI matter, and within one month of his voluntary withdrawal of SCT-Civ-2024-0032 (AVC, para. 65).

Over the past three (3) years, Lynch has filed multiple actions against the ODC and its employees in response to their inquiries into his professional conduct.  Based on the public record and Lynch's admissions in the First Amended Verified Complaint (AVC), he has filed almost a dozen petitions, writs, complaints and other actions against the ODC and/or its officers and employees.  The V.I.S.C. has characterized a past filing of this nature as one which "may have been filed in retaliation" for not dismissing the grievance filed against him.  (*See*, **Exhibit 1,** page 2, S. Ct. 2020-0011, (*Doc. No.* 130, DCVI 1:23-cv-00023-KAJ)).  Notwithstanding the observation in S. Ct. 2020-0011 and the pending motion seeking attorneys' fees for this abusive practice (*See*, **Exhibit 2**, pgs. 10-15),[1] Lynch persists in his retaliatory filings, shopping federal forums, including the SDFL, the EDNY and the DCVI to continue with his vexatious filings.  All of his actions contain identical elements and variations of the same causes of action and requests for relief. Lynch admits to certain filings in his AVC offering a limited waiver of confidentiality, (*ECF No.* 26, paras. 27, 34, 49, 53 and footnotes 3 and 7), so that *he* can discuss aspects of the other actions but doesn't provide a general waiver that would allow a full discussion.

The AVC is one of many filings by Lynch seeking mandamus, disqualification, injunctive or declaratory relief and damages.  It is an abuse of process.  Collectively, this filing and all previous filings are retaliatory and are filed solely for the purpose of intimidation, vexation and

---

[1] The Motion is relevant primarily for the description of the other actions filed by the Plaintiff.

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

harassment of the ODC staff.  This action is frivolous on its face as it lacks cohesion or identifiable elements of the alleged violations of law and  fails to state a cause of action upon which relief can be granted.  The AVC (*ECF* No. 26), makes two things exceedingly clear: (1).  Lynch is asking the Court to insert itself into an ongoing judicial matter and sit in the place of the V.I.S.C., which falls squarely in the scope of the *Younger Doctrine (Younger v. Harris*, 401 U.S. 37, (1971)); and (2). His request for injunctive relief and damages is prohibited by federal law, hence proving that his filing is frivolous and without merit.

**Rule 12(b)(1)  Lack of Subject-Matter Jurisdiction**

Rule 12(b)(1) addresses the court's subject matter jurisdiction to adjudicate a case and its power to hear Plaintiff's claim.  A 12(b)(1) motion affirmatively requires that the court ensures that its actions are within the scope of its authority.  *Herrera v. Nike, Inc.*, Civil Action No. 23-02947, 2024 U.S. Dist. LEXIS 111384, at *3 (D.N.J. June 25, 2024).    "' In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction.' *Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 119-20 (3d Cir. 2019)."  *Rogers v. New Jersey*, No. 2:23-cv-12561, 2024 U.S. Dist. LEXIS 114709, at *9 (D.N.J. June 28, 2024).  "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Ame.*, 511 U.S. 375, 377 (1994).  "It is presumed that a cause lies outside this limited jurisdiction[.]" *Id.*  If a court is unable to establish subject-matter jurisdiction, then the action must be dismissed.  *Steel Co. v. Citizens for a Better Env't.,* 523 U.S. 83, 94 (1998) (citations omitted). In this action, as in his prior actions, Plaintiff failed to establish the existence of a *prima facie* case to support the Court's jurisdiction.

> "The federal question must appear on 'the face of the complaint,' which means that 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'"  "[A] declaratory judgment complaint does not state a cause of action arising

3

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

under federal law when the federal issue is in the nature of a defense to a state law claim." (citations omitted).  The same holds true for Lynch's requested injunctive relief.

*Lynch v. Tiffany*, No. 3:21-cv-0013, 2022 U.S. Dist. LEXIS 21308, at *3-4 (D.V.I. Feb. 7, 2022).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). "The former challenges subject-matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (citation omitted). "Factual challenges attack the allegations underlying the complaint's assertion of jurisdiction. " *Id.* at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

The AVC filed herein is subject to dismissal under either standard.  Even assuming the AVC states pertinent facts, the ODC Parties are protected by absolute immunity and the Plaintiff has not made out a cause of action upon which the Court can grant relief nor has he met any of the elements required for him to succeed on any of his alleged causes of action, thus failing to meet the plausibility standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The frivolity of this Complaint is also obvious. Magistrate McCabe's report and recommendation, (**Exhibit 3**), thoroughly discredited the viability of his entire cause of action and totally rejected the applicability of Title 42 U.S.C. §§ 1983 and 1985 to the ODC Parties.

The lack of support and failure to plead the existence of the necessary elements of the alleged violations raised in the AVC also support dismissal.  "The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), *NG Invs., LLC. V. Atain Specialty Ins. Co.,* No. 21-2992, 2022 U.S. App. LEXIS 32981, (3d Cir. Nov. 29, 2022).  The only relevant fact here is that the ODC Parties were acting within the

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

scope of their employment as an arm of the V.I.S.C. Therefore, the ODC Parties have absolute immunity.

**Rule 12(b)(4) and (5) Insufficient Process and Service of Process**

The Court lacks personal jurisdiction as the result of insufficient service of process. Service of the Summons and Complaint is governed by Rule 4 FRCP and may be accomplished pursuant thereto or pursuant to Rule 4 Virgin Islands Rules of Civil Procedure (VIRCP), 4(e) and (j)(2) FRCP. Lynch has proceeded pursuant to 4 VIRCP, and based thereon, has failed to affect proper service on the ODC Parties. Lynch's service of process on the ODC Parties was not in accordance with either the provisions of Rule 4 FRCP or Rule 4 VIRCP, and as such is insufficient to provide the Court with personal jurisdiction over the Parties.

Service on a government official in their official and individual capacity pursuant to the VIRCP requires two separate services on the official and the Government. For official capacity service of a court employee or officer, service must be made on the Governor, the Attorney General, the Administrator of Courts and on the officer or employee named, 4(i)(1) and(i) (2)(A) and (i)(4) VIRCP. *Separately*, service in an individual capacity requires *an additional* service on the individual per Rule 4(e) (FRCP or VIRCP), along with service on the Government and the Administrator of Courts, 4(i)(4) VIRCP. Lynch has failed to comply with the separate services of process required by Rule 4 VIRCP. Redundant service must be done "whether or not the officer or employee is also sued in an official capacity" 4(i)(3) VIRCP. The Original Service of Process did not comply with these rules, (See, *ECF* #18), nor does the electronic filing of the AVC cure these failures. *Trzaska v. L'Oréal USA, Inc.*, No. 15-cv-02713-SDW-LDW, 2017 U.S. Dist. LEXIS 203991, at *7 (D.N.J. Dec. 12, 2017). The service of process does not meet the requirements of Rule 4 FRCP or VIRCP and is, therefore, insufficient process and insufficient service of process,

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

and fails to provide this Honorable Court with jurisdiction over the ODC Parties in any capacity. *See*, *Nat'l Gen. Ins. Co. v. Amaro*, No. 23-1300 (WJM), 2023 U.S. Dist. LEXIS 203410 (D.N.J. Nov. 14, 2023); *Gage v. Somerset Cty.*, Civil Action No. 19-9097 (MAS) (ZNQ), 2021 U.S. Dist. LEXIS 256220 (D.N.J. May 25, 2021).

Absent proper service "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). *Ayers v. Jacobs & Crumplar, P.A.* 99 F.3d 565, 568-70 (3d Cir. 1996). As a licensed attorney in this jurisdiction, Lynch is fully aware of the proper manner to effect service on the ODC Parties. His failure to do so does not provide good cause. *Felicetty-Stamm v. Secretary Dept. of Homeland Security*, 558 F. App'x 189 (3d Cir. 2014). *Pro Se* attorneys are not generally entitled to the same liberality of treatment as *pro se* laymen. *See*, *Delso v. Trs. for the Ret. Plan for the Hourly Emples. of Merck & Co.*, Civil Action No. 04-3009 (AET), 2007 U.S. Dist. LEXIS 16643, at \*42 (D.N.J. Mar. 5, 2007). Plaintiff's *pro se* status does not excuse him from affecting proper service in accordance with the Federal Rules. "[A]ctual notice is not a substitute for proper service." *In re City of Phila. Litig.*, 123 F.R.D. 515, 519 (E.D. Pa. 1988) (citations omitted). *Mannina v. Safeway Co.*, Civil Action No. 18-693-RGA, 2019 U.S. Dist. LEXIS 115001, at \*5-6 (D. Del. July 11, 2019).

**Rule 12(b)(6) Failure to State a Claim Upon Which Relief Can be Granted**

"A motion to dismiss under Rule 12(b)(6) tests 'the sufficiency of the allegations contained in the complaint.' *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted)." *Murphy v. Office of Disciplinary Counsel*, No. 17-1239, 2019 U.S. Dist. LEXIS 167650, at \*36 (E.D. Pa. Sep. 30, 2019). Under Rule 8(a)(2), FRCP a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require "detailed

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

factual allegations," but it demands more than an unadorned, "the defendant-unlawfully harmed me" accusation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), (citing *Papasan* v. *Allain,* 478 U.S. 265, 286 (1986)). Pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does it suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly* at 570. For facial plausibility, Lynch must plead factual content that allows the court to draw the reasonable inference that the ODC Parties are liable for the misconduct alleged. *See*, i*d.*, at 556. The plausibility standard is not a "probability requirement," but requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Facts pled that are "merely consistent with" a defendant's liability, "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action supported merely by conclusory statements, do not suffice. *Twombly* at 555. *See*, *Ashcroft* at 678. Where an alleged course of conduct are mere legal conclusions not entitled to the assumption of truth and more likely the result of lawful, independent behavior, then the complaint must fail. *Twombly* at 551, 555, 565-67; *Ashcroft at* 679-680.

A pleading that is excessively long, rambling, disjointed, incoherent, cumulative, and full of irrelevant and immaterial statements will patently fail Rule 8's standard as a "snowball." A complaint that contains an untidy assortment of claims that are not plainly and concisely stated, and meaningfully distinguished from each other, as well as from bold conclusions, sharp harangues

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

and personal comments, also fails. Lynch is required to ensure that he provides adequate notice as

to what each Defendant is allegedly liable for, and when such conduct occurred. *See,* FRCP 8(a)(2)

(requiring "a short and plain statement of the claim showing that the pleader is entitled to

relief"); *Sheeran v. Blyth Shipholding S.A.*, 14-cv-5482, 2015 U.S. Dist. LEXIS 168019, 2015 WL

9048979, at *3 (D.N.J. Dec. 16, 2015) (group pleading fails to satisfy FRCP 8). Rules 8(a) and

(d)(1) underscore how the "federal pleading rules" emphasize "clarity and brevity." *In re

Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996); *see also*, *Jiggetts v. District of Columbia,*

319 F.R.D. 408, 413 (D.D.C. 2017*) aff'd sub nom.; Copper v. District of Columbia*, No. 17-7021,

2017 WL 5664437 (D.C. Cir. Nov. 1, 2017).  The AVC suffers all of these maladies.  The reliance

on a series of attachments and the use of buzz words and vague allegations do not avoid

the pleading requirements, FRCP 9(f), 10(b) and (c) and 11(b).  *Adding particularized allegations*

to counts that incorporate all general allegations do not obviate Defendants' need to sort through

incorporated paragraphs in search of ones that apply.  The wholesale incorporation of an entire set

of allegations is the use of an "improper expedient" which disregards actual supportiveness or

relevance to the cause of action and "does not provide adequate notice for purposes of Rule 8."

*Fuhrman v. Mawyer*, No. 1:21-cv-02024, 2023 U.S. Dist. LEXIS 155820, at *41 (M.D. Pa. Sep.

1, 2023).

The vague or irrelevant, immaterial and impertinent allegations attributed individually or

collectively to the ODC Parties in the AVC, without specifically identifying the alleged actions

which give rise to liability, if any, along with the wholesale inclusion of all previously stated

matters in each Count, do not allow the ODC Parties to specifically and individually address the

unlawful act(s) alleged, or any actual specific rights that were allegedly violated. This makes it

impossible to fully and intelligently respond to the Complaint.  The Court may take judicial notice

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

that when faced with a similar complaint, the SDFL, *sua sponte,* found that Lynch's Verified Complaint filed therein was an impermissible "shotgun pleading" and dismissed it without prejudice. (*See*, Case 2:22-cv-14338-AMC, *Doc. No.* 6).  The AVC suffers the same defects.  For example, on page 20, Count I lists a number of alleged rights and violations under the constitution then generally "reasserted and realleged" all of the prior 86 paragraphs of the AVC, which consist of legal conclusions or conclusory, irrelevant, immaterial or impertinent ramblings, statements or harangues concerning unrelated matter or non-parties, without discussion or context on how they relate to Count I.  It attempts to lump the ODC Parties together and then tie them  to constitutional violations by citing prosecutorial actions taken in No. 2023-0042.  The three paragraphs that are specifically addressed do not establish any element needed to support a constitutional violation. They demonstrate no wrongdoing whatsoever and provide no basis to ignore the ODC Parties' absolute immunity.  Counts II and III suffer from the same defects, resulting in a total failure to establish a violation of law.  The array of speculation, legal conclusions and inuendo in support of the Counts renders the AVC a frivolous "snowball" of allegations.

**Plaintff's Claims are Frivolous**

The Supreme Court has repeatedly held that Federal Courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit."  *Hagans v. Lavine,* 415 U.S. 528, 536-37 (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561 (1904)).  It is Plaintiff's burden to demonstrate that subject matter jurisdiction exists in the Court.  *McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 182-3 (1936).  "Conspiracy theories" qualify as "patently insubstantial" allegations that present no federal question suitable for a decision.  *See*, *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Frivolous claims also fall in this category.  *Hagen*s, at 537, quoting *Hannis Distilling Co. v.*

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

*Baltimore*, 216 U.S. 285, 288 (1910). Lynch's claims fall into each of the disqualifying categories. They are attenuated and unsubstantial, consisting of mere conspiracy theories which have been conjured to retaliate against the ODC Parties for doing their duty. Lynch's broad assertions of personal animus are based on his own speculation and conclusions. These self-serving, fantastical and self-propagating allegations fail to mention or establish any essential element of the claims required by the federal statutes he cites, nor does he mention, or address the issue of immunity applicable to the ODC Parties. On that basis alone, dismissal is appropriate. Beyond this, frivolity is demonstrated by Lynch's filing in the face of the clear law known to him, or easily ascertained by him, which instructs that §1983 is not applicable to the ODC Parties, and that neither damages nor injunctive relief is available thereunder, or pursuant to 28 U.S.C. §1651.

**The ODC Parties are protected by Absolute Immunity**

Lynch has sued the ODC Parties in their official and individual capacities. However, they are cloaked by the insurmountable protection of sovereign immunity, quasi-judicial immunity and quasi-prosecutorial immunity, and alternately by qualified immunity. The AVC fails to address these immunities or how the alleged claims are otherwise applicable, tainting this filing with the aura of retaliation. The prior action in the SDFL raised identical constitutional issues. Magistrate McCabe recommended dismissal, finding in part that sovereign immunity, quasi-judicial immunity and quasi-prosecutorial immunity were all present, and required dismissal of all claims against Bailey-Roka and Donnelly's predecessor. (See, **Exhibit 3**). *See, Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009); cited in, *In re Burns*, 73 V.I. 600, 611 n.8 (2020). This Circuit has likewise found that all these immunities apply to the ODC Parties, protecting them in both their official and individual capacity. *See*, *Murphy supra, at* *79 , aff'd. *Murphy v. Office of Disciplinary Counsel*, 820 F. App'x 89 (3d Cir. 2020).

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

The 3d Circuit, citing the U.S. Supreme Court, has recognized that if a Plaintiff's claims against Defendants acting in a prosecutorial capacity "are brought against them in their individual capacities, the doctrine of prosecutorial immunity applies." *Frankel v. Disciplinary Bd. of the Supreme Court of Pa.*, No. 05-CV-01450, 2005 U.S. Dist. LEXIS 26961, at *8 (E.D. Pa. Nov. 8, 2005). Further, the doctrine of quasi-judicial immunity provides that those "who perform functions closely associated with the judicial process" are immune from damages suits in their individual capacities; *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). This immunity extends to disciplinary counsel; *Capogrosso* at 185. Quasi-prosecutorial immunity also protects the ODC Parties from damages or liability in this matter. *Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Prosecutorial immunity attaches itself to actions that are "intimately associated with the judicial phase of litigation," *Murphy* at *55 (citing *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008)). Therefore, the ODC Parties acting within the scope of their employment's obligatory functions (Su. Ct. Rule 209.4) is conclusive as to their immunity. Moreover, it is self-evident that in enforcing the rules applicable to Lynch, that at all relevant times, the ODC Parties were also acting in their official quasi-judicial capacity.

### Count I - Writ of Prohibition

Based on a litany of legal conclusions, impertinent and immaterial statements and half-truths, Lynch seeks a writ of prohibition against the ODC Parties, directing them not to do their sworn duty to investigate ODC Case No. 2023-42. Notwithstanding the obstacles presented by their immunity under 42 U.S.C. §1983 and 28 U.S.C. §165.1, *Lynch* brazenly asks the Court to take an action that is beyond its authority. As an arm of the V.I.S.C., *In Re Burns, supra*, the ODC and its officers and employees function as a part of the V.I.S.C., subject to its direction and control.

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

As such, a federal court simply does not have jurisdiction to issue a writ against the ODC. *See, In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (*per curiam*) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); *see also, White v. Ward*, 145 F.3d 1139, 1139 (10th Cir. 1998) (federal courts "lack[ ] jurisdiction to direct a state court to perform its duty"); *In re Wallace*, 405 F. App'x 580, 582 (3d Cir. 2011) (federal court lacks jurisdiction to issue a writ of mandamus to a state court).

This action, much like the prior actions in the DCVI (No. 3:21-mc-0047 and No. 1:23-cv-00023), is based on ongoing judicial action before the ODC. The Court may also take judicial notice that the Second Amended Verified Complaint in case No. 1:23-cv-00023 makes clear, as does the AVC herein, that Lynch is attempting to avoid the completion of the ODC matter and/or its possible consequences by this action, the clear intent being to obstruct the ODC process by repeated frivolous, harassing and vexatious filings.

### *Younger Abstention* **is Appropriate**

Based on the foregoing, the *Younger Doctrine* is also appropriately applied herein. The *Doctrine* named for the holding in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Gwynedd Properties, Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1200 (3d Cir. 1992) (internal quotation marks omitted). *Younger* is applicable to the Courts of the Virgin Islands; *Kendall v. Russell*, 572 F.3d 126 (3d Cir. 2009). The doctrine holds that a federal court should abstain when there are (1) ongoing state proceedings that are judicial, (2) the proceedings implicate important state interests, and (3) the proceedings afford an adequate opportunity to raise the federal claims. *See, Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

(citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 435 (1982)).

The AVC is filled with conclusory statements and legal conclusions that are irrelevant or non-germane and contain unsupported, innuendo and conspiracy theories. There is no basis to determine that this is one of those "extraordinary circumstances" in which "the danger of irreparable loss is both great and immediate." *Younger* at 45. Lynch provides no viable evidence that he is being targeted for unequal or unfair treatment or that the V.I.S.C. is incapable of addressing his concerns in an appropriate action or appeal. Contrarily, he has revealed that he has filed a number of petitions with the V.I.S.C., and that in S. Ct. Civ. No 2020-0105, the V.I.S.C. specifically held that he had an adequate remedy to any adverse action in the form of an appeal. Lynch's primary complaint is that the V.I.S.C. has not resolved his numerous, redundant petitions filed by him on his timetable. He asks this Court to act in the place of the V.I.S.C. by turning a blind eye to his actions to delay and obstruct the resolution of 2023-0042, and to this Court's lack of jurisdiction and authority, to grant the relief. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). It is also true that when a litigant brings his action to the V.I.S.C., review of its decisions falls within the realm of the U.S. Supreme Court. *See*, *Vooys v. Bentley*, 901 F.3d 172 (3d Cir. 2018). Lynch admits this, (*ECF No*. 26, para. 65), noting his withdrawal of his petition which can only be viewed as an attempt to circumvent the proper process by filing this action. The claims of excessive delay or the futility of filing with the V.I.S.C. ae unavailing. It is well established that a court's control of its docket is in its sound

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

discretion. *See*, *United States v. Washington*, 869 F.3d 193 (3d Cir. 2017). This Court lacks the authority to interfere with the V.I.S.C.'s or the ODC's handling of 2023-0042.

The application of federal jurisdiction can be overcome by *Younger* only in three "exceptional" classes of cases. Applicable here are (2)"civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communs., Inc. v. Jacobs*, 134 S. Ct. 584 (2013) (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans (NOPSI)*, 491 U.S. 350, 373 (1989)). Abstention is appropriate absent a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate[.]" *Middlesex* at 435. Lynch is not free to avoid the resolution of 2023-0042 by either relitigating it or invoking oversight of the process by this Court. His unsupported allegations are insufficient and lack the necessary elements to support the abandonment of the *Younger Doctrine*, or to avoid dismissal of his claims. *See*, *Cresci v. BCB Cmty. Bank*, 728 F. App'x 145, 148-49 (3d Cir. 2018); *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 277 (3d Cir. 2016).

## Count II  §§1983 and 1988

In Count II, Lynch again enumerates a litany of alleged claims, including deprivation of freedom of association and commercial free speech, freedom from unreasonable searches and seizures of his property without due process of law, violation of his right to remain silent and violation of procedural due process, then adding "as to Bailey-Roka and Donnelly in their Individual Capacities under 42 USC §§ 1983, 1988" (AVC, pg. 23). Lynch, however, makes no effort to explain the violations under §1983 or §1985, or the applicability of §1988. He states only that he is entitled to damages (AVC, paras. 129, 144 and 146), and to a writ of prohibition (AVC, pg. 29), without connected analysis or legal support, and not for any matter he prevailed in, but as

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

the result of ongoing judicial proceedings before the ODC and the V.I.S.C.  His justification for this demand is incomprehensible. It lacks any cohesive discussion on the propriety of the requested relief or on the references to the paragraphs that were "reasserted and realleged."  Both Counts fail to establish a *prima facie* case under §1983, §1985 or §1988, or to state a cause of action upon which jurisdiction may be based or relief granted.

**Sovereign Immunity**

Lynch has alleged jurisdiction in this Court pursuant to §1983 of Title 42 USC, but he is barred from any relief by the doctrine of sovereign immunity.  Neither the Government nor its employees, acting in their official capacity, are "persons" within the meaning of §1983, and are not amenable to suit for damages thereunder.  *Brow v. Farrelly*, 944 F. 2d 1027, 1037 (3d Cir. 1993) citing, *Ngirangas v. Sanchez,* 495 U.S. 182, 192 (1985).  *See also*, *McCauley v. UVI,* 618 F.3d 232, 240–41 (3d Cir. 2010).

A suit against a government officer acting in her official capacity is the same as a suit against the government.  *Ky. v. Graham*, 473 U.S. 159, 165-66 (1985) (quotation omitted).  Defendants in official capacity claims can assert sovereign immunity as a defense. *See, Id.* at 167.  *Perrong v. Bradford*, No. 2:23-cv-00510-JDW, 2024 U.S. Dist. LEXIS 85673, at *10-11 (E.D. Pa. May 13, 2024).  The doctrine of sovereign immunity prevents Plaintiff from sustaining a cause of action against the ODC Parties for damages or injunction or declaratory judgment.  The 1996 amendment to §1983 also bars claims for injunctive relief against state court [judicial parties].  *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006). The Declaratory Judgment Act, 28 U.S.C. §2201, enacted in 1948, was never intended to expand the federal court's jurisdiction. *Skelly Oil v. Phillips Petroleum*, 339 U.S. 667, 671 (1950), cited in *Evanston Ins. Co. v. Merin,* 598 F. Supp. 1290, 1301 (N.J. 1984).  Accordingly, a federal court only has jurisdiction

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

over claims arising under federal law, *Id.*, and §1983 cannot be used as a vehicle for declaratory

judgment solely to adjudicate past conduct. *Bryant v. United States*, No. 24-CV-0744, 2024 U.S.

Dist. LEXIS 89475, at *9 n.6 (E.D. Pa. May 17, 2024) citing *Corliss, supra*. *See also*, *Green v.*

*Mansour,* 474 U.S. 64, 69-73 (1985).

In *Ex parte Young,* the Supreme Court recognized only a narrow exception to sovereign

immunity for lawsuits that seek prospective declaratory or injunctive relief regarding ongoing

violations of federal law. 209 U.S. 123, 155-56 (1908).  The Magistrate in the SDFL seeing through

Lynch's tactics, rejected similar demands for retrospective relief, masquerading as prospective

relief (**Exhibit 3**).  The instant action fails in establishing the existence of an actual federal question

or other basis for the Court to exercise jurisdiction.  Hence, §1983 does not supply the necessary

jurisdiction to provide the relief requested by Lynch, and it fails to state a claim upon which relief

may be granted.  The AVC also remains subject to the application of the *Younger Doctrine,* and

abstention and/or dismissal of the AVC in its entirety is appropriate.

### Count III  §§1985 and 1988

Count III also lacks any legal basis that would support any relief.  Lynch's primary interest

is to recover monetary damages from his disciplinary action before the V.I.S.C., that according to

him, are associated with his defense of the disciplinary action.  This is not permitted by §1983 and

on that basis is barred by absolute immunity.  Count III is also replete with redundant and

conclusory statements, and ambiguous reference to previously alleged or stated matters and legal

conclusions.  Glaringly absent, however, is a legal basis for relief.

**The Conspiracy Theory**

The elements necessary to prove a conspiracy include "a combination of two or more

persons to do a criminal act, or to do a lawful act by unlawful means, or for an unlawful

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

purpose." *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974). Lynch alleges collusion and conspiracy but makes no specific factual allegations of combination, agreement, or understanding among or between any of the Defendants to plot, plan, or conspire to carry out the alleged chain of events. *Id*. Nor does he identify which subsection of §1985 has been violated. These sketchy, episodic, and uneven facts do not meet the requirements of §1985. Nor does jumping from one isolated event to another. Lynch is required to cite to the appropriate law and state how one event relates to another and how as a whole it proves conspiracy. The Court need not fill in the gaps. *See*, *Hammond v. Creative Fin. Planning Org.*, 800 F. Supp. 1244, 1249-50 (E.D. Pa. 1992). Moreover, that Bailey-Roka supervises Donnelly is not proof of a conspiracy as it is a normal supervisor-subordinate function.

Under §1985, a complaint must also allege that the conspiracy was motivated by racial or class-based discriminatory animus. *Andela*, 569 F. App'x at 84 ("To state a claim under §§ 1985 (2) or (3), a plaintiff must allege four things: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."); *Epshteyn v. Police Dep't of Upper Providence Twp.*, No. 14-6811, 2014 U.S. Dist. LEXIS 169917, at *9 n.3 (E.D. Pa. Dec. 8, 2014). A conspiracy theory that fails to so allege or which is "irrational and delusional may be dismissed as frivolous." *See, D'Amario v. Weiner*, Civ. A. No. 12-6098, 2013 U.S. Dist. LEXIS 22002, 2013 WL 622110, at *4 (D.N.J. Feb. 19, 2013), *Epshteyn* at *8-9.

The AVC is lacking in all of the foregoing. Lynch has failed to elevate his conspiracy theory from the realm of conjecture to plausibility. He fails to clearly state exactly which portion

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

of §1985 he feels has been violated or how. The failure to allege racial or other class-based animus

defeats any possible §1985 claims. *Rumanek v. Fallon*, No. 1:17-CV-123, 2018 U.S. Dist. LEXIS

157896, at *40 (D. Del. Sep. 17, 2018). It is also highly questionable whether

a government entity cannot conspire with itself or "with its agents if those agents are acting in their

official capacity." *See*, *Robison v. Canterbury Village, Inc.,* 848 F.2d 424, 431 (3d Cir. 1988); cited

in, *Fred's Modern Contracting, Inc. v. Horsham Twp.*, No. 02-cv-0918, 2004 U.S. Dist. LEXIS

5490, at *23 (E.D. Pa. Mar. 29, 2004). *See also*, *Ogontz Fire Co. v. Cheltenham Twp.*, No. 23-569,

2024 U.S. Dist. LEXIS 44944 (E.D. Pa. Mar. 14, 2024).

On that basis alone, Lynch cannot sustain his conspiracy theory against the ODC Parties

who, as agents of the ODC acting in their official capacity, are functionally the same entity as the

ODC. Lynch has failed to allege that invidious racial or otherwise class-based discriminatory

animus motivating the Defendants' actions, or to set forth facts from which a conspiratorial

agreement can be inferred. *See, Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-68

(1993). Conclusory allegations of a deprivation of constitutional rights are insufficient to state

a section 1985(3) claim. *Brookhart v. Rohr*, 385 F. App'x 67, 70 (3d Cir. 2010). At the pleading

stage, "allegations of a conspiracy must provide some factual basis to support the existence of the

elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of N.J.*,

588 F.3d 180, 185 (3d Cir. 2009) (citations omitted). Mere labels and conclusions are not sufficient

to state a civil conspiracy claim. (Internal citations omitted). *Gross-Quatrone v. Mizdol*, 811 F.

App'x 95, 100 (3d Cir. 2020). Facts and "circumstances [such as those described in paras. 54,

and 67] that are just as consistent with a lawful purpose as with an unlawful undertaking are

insufficient to establish a conspiracy.' *In re Asbestos Sch. Litig.*, 46 F.3d 1284, 1290 (3d Cir.

1994); (citation omitted)." *Mann v. A.O. Smith Corp. (In re Asbestos Prods. Liab. Litig.)*, No. 01-

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

875, 2021 U.S. Dist. LEXIS 111531, at *15 (E.D. Pa. June 15, 2021). *Prithvi Catalytic, Inc. v. Kyko Glob., Inc. (In re Prithvi Catalytic, Inc.)*, 571 B.R. 105, 135 (Bankr. W.D. Pa. 2017). The AVC fails in all these requirements.

### Due Process and Right to Remain Silent

In *Murphy, supra,* the court noted that it was unclear therein which type of claim was being raised under the Fifth Amendment stating that to the extent that it was an attempt to assert a due process claim, the Plaintiff was barred from doing so "against the defendants because none of them are federal employees or entities. *See, B&G Constr. Co., Inc. v. Director, Office of Workers' Compensation Prog.*, 662 F.3d 233, 246 n.14 (3d Cir. 2011) (explaining differences between due process claims under 5th and 14th Amendments and stating that 'the Fifth Amendment applies to actions of the federal government')." *Murphy* at *66. In *Casella,* an attorney's procedural due process claim was denied "...because he has failed to allege that he has been deprived of this interest for failing to allege that his license to practice law was lost was otherwise impaired." *Casella v. Pa. Interest on Lawyers Tr. Account Bd.*, 47 F. App'x 193 at 195-96 (3d Cir. 2002). Additionally, " to state a claim for failure to provide [procedural] due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000); *see Murphy* at *64. Lynch has pled an attenuated right to remain silent under the 5th Amendment for which no relief can be granted. Where no criminal wrongdoing is alleged, the right against self-incrimination is inapplicable. *Tucker v. Virginia State Bar*, 357 S.E.2d 525 (1987). A trier of fact may even draw adverse inferences from the invocation of the 5th Amendment in a civil proceeding. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (citing to *Baxter v. Palmigiano*, 425 U.S. 308, 318 [1976]). *See also, SEC v. Incendy*, 936 F. Supp. 952, 954 (S.D. Fla.

19

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

1996) (the Constitution is not violated by forcing an individual to risk "non-criminal disadvantage" by remaining silent in a civil proceeding.); *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) (it is not unconstitutional to force a litigant to choose between invoking the 5th Amendment in a civil case, while risking a loss there, or answering questions in the civil case). Accordingly, to the extent discernable, the AVC fails to state a claim upon which relief may be granted and clearly falls within the ambit of the *Younger Doctrine.*

**Immunity Pursuant to Rule 207.10 is Also Applicable**

Members of the ODC fulfill the role of investigator, prosecutor and sometimes judge in attorney disciplinary matters. *In re Burns*, 73 V.I. 600, 612-13 (2020). All attorneys admitted as a member of the V.I. Bar agreed to be governed by, abide by, and follow all rules of conduct applicable to them, including the disciplinary rules. Rule 207.10 provides immunity from civil suit against any member of the ODC, including the Special Disciplinary Counsel. This obligation constitutes as much a legal requirement as a contractual one on Attorney Lynch. As such, the Rule also provides absolute immunity against the claims raised by Attorney Lynch, and he is prohibited from pursuing a civil suit in this matter.

**CONCLUSION**

For the foregoing reasons, the Plaintiff's entire action should be dismissed with prejudice, for lack of subject matter and personal jurisdiction, insufficient process, insufficient service of process and failure to state a claim upon which relief can be granted. The action is frivolous and incapable of any non-futile amendment that would alter its character, and at minimum, a more definite statement is required pursuant to Rule 12(e) or pursuant to Rule 12(f), and the redundant, immaterial and impertinent provisions should be stricken.

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.,* Civil No. 3:24-cv-00043, Memorandum of Law

DATED:  October 8, 2024                **RESPECTFULLY SUBMITTED**,

By:  /s/ Paul L. Gimenez                     By:  /s/ H. Marc Tepper
Paul L. Gimenez, Esq., Bar # 225             H. Marc Tepper, Esq., Bar #22629
General Counsel                              Buchanan Ingersoll & Rooney PC
Judicial Branch of the V.I.                  Two Liberty Place
P.O. Box 70                                  50 S. 16th Street, Suite 3200
St. Thomas, VI  00804                        Philadelphia, PA 19102-2555
Telephone (340) 693-6420                     T: (215) 665-3864
paul.gimenez@vicourts.org                    F: (215) 665-8760
*Attorney for Defendants*                    marc.tepper@bipc.com
                                             *Attorney for Defendants*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of October 2024, I caused a true and exact copy of the foregoing to be served through the Court's electronic filing system, via email upon the registered parties.

/s/ Paul L. Gimenez, Esq.