EXHIBIT 2

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| ALISA MARIE LYNCH and PETER JAMES LYNCH,<br><br>Plaintiffs,<br><br>v.<br><br>TANISHA BAILEY-ROKA, in her Official Capacity as Virgin Islands Chief Disciplinary Counsel, and in her Individual Capacity, and MICHAEL DAVID HOLZKNECHT, in his Former, Official Capacity as Virgin Islands Special Designated Disciplinary Counsel, and in his Individual Capacity, and LEE JEANNETTE ROHN, and LEE J. ROHN & ASSOCIATES, LLC,<br><br>Defendants. | Civil No. 1:23-cv-00023<br><br>COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF<br><br>Jury Trial Demanded |

## **MEMORANDUM OF LAW FOR ATTORNEYS' FEES**

**COMES NOW** the undersigned Counsel for Defendants Tanisha Bailey-Roka and Michael Holzknecht, in their Official and Individual Capacities, and hereby petitions this Honorable Court for attorneys' fees pursuant to 42 USC §1988, 5 V.I.C. §541(b) and/or its inherent powers.

### INTRODUCTION

After pursuing this matter for a period of 20 months, the Plaintiffs have filed a Rule 41(a)(1)(A)(i) notice of voluntary dismissal without prejudice, a scant three (3) days prior to the date set by the Court for oral arguments on the motions to dismiss filed by the Defendants in this matter.

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

This action is but one of six known actions initiated by Peter Lynch against the Office of Disciplinary Counsel and/or its staff. In each action filed by Peter Lynch, he has accused the ODC and its staff of pursuing actions against him for personal, and/or malicious and/or unethical reasons, and in spite of previous rulings against him, including one that repudiated his claims of unethical conduct made therein, Plaintiff has persisted in his pursuit of these actions, and in this matter enlisted the aid of his wife.

This is Plaintiff's second voluntary dismissal of such an action taken on the eve of a potentially adverse ruling by the court involved. The Judicial Defendants are of the opinion that Plaintiff will refile the instant action and continue in his unfounded vexatious and malicious claims of personal animus, unethical conduct and malicious intent for the purpose of harassing the Judicial Defendants and the Office of Disciplinary Counsel in the hopes of avoiding scrutiny by that Office.

The Judicial Parties call upon the Court to utilize its inherent powers and such powers available to it pursuant to Rule 41 FRCP, 42 USC §1988 or 5 V.I.C. §541(b) to

1. Award attorneys' fees to the Judicial Parties in this action;
2. Order Peter Lynch to dismiss the action with prejudice and/or;
3. Require that Peter Lynch obtains permission from the Court before filing any further actions.

2

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

# DISCUSSION

## AWARDING ATTORNEYS' FEES IN THE LIGHT OF MARGINAL CIVIL RIGHTS ACTION AND A VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Generally, the awarding of attorneys' fees in the context of a civil rights action is tempered by competing interests in allowing for colorable, if not meritorious actions verses discouraging the frivolous and outright unmeritorious ones. In *Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1977)*, the Supreme Court articulated the criteria that govern the award of attorney's fees under 42 U.S.C. § 1988 to a prevailing defendant in a civil rights action. It held, in the context of Title VII, that a district court may in its discretion award attorney's fees to a prevailing defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Id*. at 421. *See* also, *Fox v. Vice*, 563 U.S. 826, 833 (2011)("District courts are entitled to award reasonable attorneys' fees to prevailing defendants in § 1983 matters 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.')(quotation omitted)"; *Arneault v. O'Toole*, 718 F. App'x 148, 152 (3d Cir. 2017).

Outside the context of Title VII, in *Barnes Foundation*, 242 F.3d 151 (3d Cir. 2001), the Third Circuit held that §1988 provided

3

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

a court, at its discretion, to award "reasonable attorney's fee." *Id*. at 157-58. *Barnes* also identified a number of factors relevant to determining whether an award of attorney's fees to a prevailing defendant is appropriate under §1988, including: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; (3) whether the case was dismissed prior to trial; (4) whether the case involved an issue of first impression requiring judicial resolution; (5) whether the controversy was based on a real threat of injury to the plaintiff; and (6) whether the trial court found the suit frivolous. *Id.,* 242 F.3d at 158. *Ullman v. DA of Schuylkill Cty.*, No. 13-CV-05505, 2014 U.S. Dist. LEXIS 54186, at *5-6 (E.D. Pa. Mar. 26, 2014). The presence of numerous factual allegations does not, without more, prohibit a finding of frivolousness. "The relevant inquiry is how the alleged facts contribute to the legal theories underpinning the plaintiffs' claims." *Arneault at* 152.

In *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001) the Court noted that "these factors 'are merely guidelines, not strict rules' and courts should make frivolousness determinations on a case-by-case basis." Cited in *Arneault, supra.*

The 3d Circuit has also noted that the awarding of fees in a civil rights action is "not routine" and are to only be "sparingly awarded" *Quiroga v. Hasbro, Inc.* 934 F.2d. 497, 503 (3d Cir. 1991).

4

Case 2:23-cv-00023-AGT Document #: 98-2 Filed 06/10/24 Page 5 of 19
Case 1:23-cv-00023-WAL-EAH Document #: 138-2 Filed 10/04/24 Page 5 of 19

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

However, in the instant matter, it is clear that the Plaintiffs' suit was frivolous and vexatious and only instituted for the purpose of harassment, thus qualifying for one of those "sparing awards". It is clear from the timing and the tenor of Attorney Lynch's filings that they are most likely "retaliatory." .

Analysis of the Plaintiffs' Second Amended Verified Complaint reveals that he did not establish a *prima facie* violation of Section 1983 and was voluntarily dismissed prior to trial. *See, Arneault, supra*. Nor does the case involve issues of first impression, nor is there any legal basis upon which the Plaintiffs could prevail.

This should have been evident to the Plaintiffs from the Magistrates Report and Recommendation where in addition to finding no personal jurisdiction and improper venue the Magistrate also found that sovereign immunity, quasi-judicial and quasi-prosecutorial immunity warranted dismissal of all official capacity and individual capacity counts of the Second Amended Verified Complaint pertaining to Bailey-Roka and Holzknecht. (See, *Doc. 67,* pgs. 15-18). This was in addition to the Magistrate also finding improper venue and a lack of personal jurisdiction which independently nullified the application of any of the common law torts alleged by the Plaintiffs. *Id*. In transferring the matter to the District of the Virgin Islands, the Florida District

5

Case 1:23-cv-00023-WAL-EAH Document #238-2 Filed 06/10/24 Page 6 of 19

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

Court relied on the narrow venue finding and despite not identifying any fault in them, declined to assess the remaining findings and recommendations of the Magistrate, leaving it to this Honorable Court to evaluate. (*Doc. 70*, pg. 4 n 2).

In spite of the Magistrate's well-reasoned analysis, Plaintiffs persisted in their pursuit of this action but at no time have they *meaningfully* addressed the issue of absolute immunity and have cited to no case law that would defeat it or support any finding of liability against the Judicial Defendants.

In fact, Plaintiffs have offered virtually no legal, support of a constitutional violation for the §§ 1983 and 1985 claims they have made. They have provided no evidence of an established constitutional right that was violated and no authority that would defeat the Defendants' immunity. Moreover, Plaintiffs failed to substantively respond to the Defendants' Joint Motion to Dismiss filed with this Court, essentially conceding the arguments contained therein.

Significantly, the Plaintiffs' 15 Count Second Amended Verified Complaint contains only three (3) Counts which could be viewed at implicating 42 USC §1983 or §1985 (See, *Doc. 67,* pg. 4). Overall, the vast majority of the action comprises of Florida common law torts which are clearly not applicable to actions occurring within the Virgin Islands and whose counterparts would

Case 1:23-cv-00023-AGT Document #: 38-2 Filed: 06/10/24 Page 7 of 19

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

also be subject to dismissal on the basis of immunity. This, at its core essence, is a failure to establish a *prima facie* case. The action, however, makes a concerted effort to paint the Judicial Defendants with a brush of unethical, malicious and disreputable intent, without a shred of evidence or factual support, which flies in the face of several rulings to the contrary, including that of the Virgin Islands District Court (3:21-mc-0047) and is clear and unequivocal proof of Lynch's retaliatory, malicious and harassing intent in bringing the action.

Taken together and given the Plaintiffs' minimal "Civil Rights" nexus, the meritless, harassing, malicious and frivolous nature of the action, the lack of a foundation establishing a *prima facie* case or a threat of actual harm, the non-unique nature of the action and the voluntary pre-status conference/pre-oral arguments dismissal of the action, all support a judicial determination of frivolity justifying an award of attorneys' fees to the Defendants. *See*, i.e. *Dorval v. Tinley*, No. 19-23, 2020 U.S. Dist. LEXIS 834446 at *5 (D.V.I. May 11, 2020).

It is acknowledged that the voluntary dismissal pursuant to 41 (a)(1)(A)(i) presents another wrinkle in the award of attorneys' fees but not an insurmountable one.

Like civil rights actions, the award of attorneys' fees under these circumstances is not automatic or maybe not even common in

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

the case of a 41(a)(1)(A)(i) voluntary dismissal without prejudice. However, the Supreme Court has authorized lower courts to use their "inherent power to police" themselves and "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, at 45-46 (1991). As such, "an award of fees and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 181 (3d Cir. 2002).

Further, although "the inherent right to sanction when rules of court or statutes also provide a vehicle for sanctioning misconduct" are retained, their use "is not preferred when other remedies are available." *Id.* at 189. Rather, it "should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Id.* (internal quotation marks and citation omitted). *Reputation.Com, Inc. v. Birdeye, Inc.*, Civil Action No. 21-129-CJB, 2024 U.S. Dist. LEXIS 90822, at *9 (D. Del. May 21, 2024). This action is one such case where the conduct of the Plaintiff Peter J. Lynch in filing this action, has been egregious and his filing was done in bad faith, with the knowledge that the Judicial Defendants had already been found not to have violated their

8

Case 2:24-cv-00023-KAJ... Document #238-2 Filed 06/10/24 Page 9 of 19

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

professional obligations thereby confirming the retaliatory, vexatious, harassing and oppressive intent behind his action.

## ABUSE OF PROCESS

Some courts have described a claim for abuse of process, also known as malicious prosecution or malicious use of process as one that bars the use of process invoked "to coerce a desired result that is not the legitimate object of the process." *McGee v. Feege*, 535 A.2d 1020, 1026 (1987) cited in *Schwartz v. OneWest Bank, FSB*, 614 F. App'x 80, 83 (3d Cir. 2015). "To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Lerner v. Lerner*, 2008 PA Super 183, 954 A.2d 1229, 1238 (Pa. Super. 1998) (quoting *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa. Super. 1998)). *Langman v. Keystone Nazareth Bank & Tr. Co.*, 502 F. App'x 220, 224 (3d Cir. 2012). Other courts have similarly described the elements of a malicious use of process claim as: "(1) the defendant instituted an action against the plaintiff; (2) the defendant was motivated by malice; (3) there was an absence of probable cause; (4) the action terminated favorably to the plaintiff; and (5) the plaintiff suffered a "special grievance caused by the institution of the underlying civil claim."" *LoBiondo v. Schwartz*, 199 N.J. 62, 970

9

Case 1:23-cv-00023-KAG-JAT Document #: 238-2 Filed 06/10/24 Page 10 of 19

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

A.2d 1007, 1022-23 (N.J. 2009). *Ali v. Jersey City Parking Auth.*, 594 F. App'x 730, 732 (3d Cir. 2014). See *McArdle v. Tronetti*, 961 F.2d 1083, 1088 (3d Cir. 1992) and *Halsey v. Pfeiffer*, 750 F.3d 273, 290 n.14 (3d Cir. 2014).

In this matter, and in all his other legal actions, Peter Lynch exudes a perception, imagined or conjured, of "personal animus " against him by the individuals who are performing their sworn duties. He harms the Judicial Parties by defamatory statement attributing, illegal and/or unethical and/or conspiratorial and/or malicious intent to their actions regarding the investigating of complaints and even sees collusion in the filing of pleadings in his legal actions which coincide with timeframes and/or agendas only known to him. His allegations and his false and fantastic claims of malicious intent, conspiracy, collusion and intentional deceit are pervasive throughout virtually all of his pleadings preceding this action and continue in this action including in his Second Amended Verified Complaint, *Doc. No*. 13.

These perceptions are clearly a driving force in his legal filings and are evidence of his on-going baseless allegations of malice and intent. (*See i.e., Doc. No*.107 pg. 2, where in describing his DV arrest initiated by his wife and the no contact order issued by a Florida judge, P. Lynch boldly proclaims,

Case 24-03-00043-GAT Document #: 38-2 Filed 06/10/24 Page 11 of 19
Case 1:23-cv-00023-AKA Document #: 129 Filed 10/04/24 Page 11 of 19

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

without any legitimate support; "it appears incontrovertible that the Defendant played an unlawful role which contributed to the present circumstances") and *Doc. No*. 126 filed herein, in which he also refers to the Court's inherent authority to regulate those who practice before it and impose sanctions, even after the underlying action is concluded. (*Id*. at pg.4)

As the result, it is transparently clear that the filing of motions, engaging in concurrent multi-court or multi-jurisdictional and redundant filings coupled with the 11th hour voluntary dismissals without prejudice, is part of a pattern and tactic, the goal of which seems to be intended to intentional prolong the malicious and vexatious harassing actions and for increasing the cost of litigation, without incurring any costs or fees for the dismissal. (see i.e., *Lynch v. Tiffany*, No. 3:21-cv-0013, 2022 U.S. Dist. LEXIS 169144 (D.V.I. Sep. 20, 2022)).

Lynch's conduct is an almost textbook example of abuse of the courts. However, it is an abuse that this Court does not have to and should not tolerate.

Here, in this action, at this moment, this Court has the inherent authority to put an end to the repeated frivolous and malicious filings and to secure the integrity of the system from Lynch's weaponization of the process. It is an opportunity the Court should act upon to prevent further meritless filings to

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

proliferate in the judicial system and to establish a boundary across which the Plaintiff may not thread.

### HISTORY OF FILINGS EVIDENCE OF VEXATIOUS, HARASSING AND MALICIOUS INTENT

Over the past three (3) years the Plaintiff has engaged in numerous filings which demonstrate a pattern of vexatious, malicious and harassing filings against the Defendants, and at this juncture, it would be prejudicial to the Defendants to allow Plaintiffs to dismiss without prejudice or other safeguards in place as it is likely that he will simply recast and refile the action in this or another forum. The safeguards present in Rule 41 include disallowing a Plaintiff to dismiss an action voluntarily without prejudice more than once and "by permitting the court in the subsequent action to order Plaintiff to pay all of Defendants' costs and fees in this dismissed action. Fed. R. Civ. P. 41(a)(1)(B), (d)." *Garza v. Citigroup Inc.*, 881 F.3d 277, 280 (3d Cir. 2018).

To date, Peter Lynch has filed or pursued or identified by publication actions against one or both of the Judicial Defendants in addition to Disciplinary Counsel Donnelly on not less than five (5) separate occasions, each related directly or indirectly to the substance of this action.

12

Case 24-2000-2020-AKA-AT Document #: 298-2 Filed 06/10/24 Page 13 of 19

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

On **October 6, 2020,** "Attorney Doe" filed a confidential Petition for Mandamus against the ODC and Chief Disciplinary Counsel Bailey-Roka and Designated Special Disciplinary Counsel Holzknecht seeking the summary dismissal of Grievance No. 2018-11, which is also the genesis of the instant action,[1] or the disqualification of the Judicial Parties. It was denied on **November 24, 2020.** (See Exhibits to Case Number 1:23-cv-08428-PKC-TAM EDNY pgs. 44-46**).**

On **October 31, 2020,** Peter Lynch issued a Subpoena to Special Designated Disciplinary Counsel Michael Holzknecht in *Lynch v. Tiffanny*, Superior Ct. Case No. ST-2018-CV-00065 seeking to discover the contents of confidential discussions between Designated Special Disciplinary Counsel Holzknecht and Rohn/Tiffany concerning the disciplinary matter which is also the genesis of the instant action. (*Lynch v. Tiffany*, Case No. ST-CV-00065, Superior Court of the V.I. STT/STJ Div.) (During the pendency of the *Tiffany* matter, Lynch also filed an action in the VIDC and a Rule 11 Motion against Attorney Rohn therein for her alleging that it was "a virtual duplicate" of the Superior Court Action. Lynch failed to reply to Tiffany's opposition and the Court found "that the observation was not objectively

---

[1] Both Judicial Parties have waived confidentiality for purposes of discussing the various actions against them contained herein and Attorney Lynch has placed the Decision on the Petition on the Public Record.

13

Case 2:23-cv-00023-WAL-GWC Document #: 98-2 Filed 06/10/24 Page 14 of 19

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

unreasonable." The Motion was denied. *Lynch v. Tiffany*, No. 2021-13, 2021 U.S. Dist. LEXIS 256448 (D.V.I. Aug. 17, 2021)).

On **August 20, 2021,** Peter Lynch filed Rule 83.2 action in this court against Special Disciplinary Counsel Holzknecht alleging ethical violations arising from his handling of the disciplinary matter that is the genesis of the instant matter, no ethical violations were found. (DCVI 3:21-mc-0047)[2].

On **September 26, 2022,** Peter Lynch filed a Verified Complaint, in the instant action in the Southern District of Florida against Chief Disciplinary Counsel Bailey-Roka and Designated Special Disciplinary Counsel Holzknecht which was dismissed without prejudice but followed by an amended verified complaint filed on **October 17, 2022,** and a second amended complaint on **October 18, 2022.** (Transferred to DCVI June 23, 2023, *Doc. No*. 70).

On **October 23, 2023,** Peter Lynch filed a Petition for Mandamus challenging the transfer of the instant action, with the Eleventh Circuit. It was denied. *In re Lynch*, No. 23-13494, 2024 U.S. App. LEXIS 452, at *1 (11th Cir. **Jan. 5, 2024**).

On **November 11,2023,** Peter Lynch filed a 66-page original action (including exhibits), in the District Court for Eastern District of New York against Special Designated Disciplinary

---

[2] The Defendants herein who were the targets of this action have waived confidentiality to permit this reference and to allow the Court to review the file.

14

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

Counsel Kathryn Anne Donnelly and Chief Disciplinary Counsel Tanisha Baily-Roka arising out of an investigation opened by the ODC. (See, Case Number 1:23-cv-08428-PKC-TAM, *Doc. 1*, pg.9 para.38, and (**Exhibit A**). On **November 30, 2023,** the Court issued an Order to Show Cause why the matter should not be dismissed or transferred for improper venue(**Exhibit A)** and on **December 28,2023,** Lynch filed Notice of Voluntary Dismissal. (**Exhibit B**).

    This list is not exhaustive.

    However, the voluntary dismissal of the EDNY action is perhaps the most significant factor to be considered for an award of fees herein because it constitutes Peter Lynch's *first* voluntary dismissal of a case involving Chief Disciplinary Counsel Tanisha Bailey-Roka which was initiated as the result of notification of a new ODC investigation being opened and because the tenor and character of the allegations and attacks against her and Special Designated Disciplinary Counsel Kathryn A. Donnelly are strikingly similar and in some instances the language used is identical to the allegations and attacks in this matter and demonstrate the same retaliatory, malicious and harassing intent as is evident herein.

> The Supreme Court of the United States has recognized that it "has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*,

15

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

> 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (internal brackets, quotation marks and citations omitted). Therefore, the Supreme Court has authorized lower courts to use their "inherent power to police" themselves and "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (internal quotation marks and citations omitted). For this reason, "an award of fees and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 181 (3d Cir. 2002). And although the Court "retains the inherent right to sanction when rules of court or statutes also provide a vehicle for sanctioning misconduct, resort to these inherent powers is not preferred when other remedies are available." *Id.* at 189. Consequently, the inherent power of the court "should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Id.* (internal quotation marks and citation omitted).

*Reputation.Com, Inc. v. Birdeye, Inc.*, Civil Action No. 21-129-CJB, 2024 U.S. Dist. LEXIS 90822, at *9 (D. Del. May 21, 2024).

Given the totality of the foregoing, Peter Lynch's willingness to initiate, pursue and sustain retaliatory actions to is apparent. The Judicial Defendants can conceive of no other basis which is likely to succeed, and which can prevent prejudice to them or discourage Plaintiffs either individually or jointly from re-filing the instant action or to continue filing similar actions in as many jurisdictions as they can, other than action taken by this Court here and now.

16

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

**REASONABLE ATTORNEYS' FEES**

In the light of the foregoing there appears to be substantial cause in the instant matter to either outright award attorneys' fees against Plaintiff Peter Lynch or to require a dismissal with prejudice.

The reasonableness of an attorney's hourly rates is generally assessed by reference to "prevailing market rates in the community," and based on the skill and experience of the attorneys and staff who worked on the matter. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). *Erby v. Allstate Fire & Cas. Ins. Co.*, No. 18-4944-KSM, 2022 U.S. Dist. LEXIS 192916, at *43 (E.D. Pa. Oct. 24, 2022). Based on inquiry, the prevailing market rate for attorneys in the Virgin Islands with 30 years or more of experience is between $350.00 per hour and $500.00 per hour.

**CONCLUSION**

The Judicial Parties have spent $76, 857.00[3] for attorneys' fees for outside legal counsel in this matter to date. (**Exhibit C**). The undersigned General Counsel, a practitioner licensed for over 35 years, has also expended well *in excess* of seventy-five (75) hours over the past 20 months reviewing, monitoring and discussing retained counsels' filings in the action in the Southern

---

[3] This is not a final amount.

17

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

District of Florida and acting as lead counsel in the Virgin Islands District Court, including researching and drafting legal memoranda, reviewing Plaintiffs' filings, revising drafts, and preparing for Court hearings and/or conferences in this matter. Accordingly, given the prevailing rate and the unjustified multiplication of costs caused by Plaintiffs' wayward filing in the Southern District of Florida, his frivolous appeal and his numerous motions and other pleadings with the voluminous exhibits, an award of attorneys' fees in the amount of Fifty Thousand Dollars ($50,000.00) against Peter Lynch personally for his second voluntary dismissal against Tanisha Bailey-Roka, in addition to an award of costs against both Plaintiffs is appropriate and reasonable in this matter.

Additionally, or Alternately, the Judicial Parties move that the Court Order the Plaintiffs to amend the voluntary dismissal of the instant action to a voluntary dismissal with prejudice and to seek the permission of the Court before filing any actions against the Judicial Defendants named herein or the Virgin Islands Office of the Disciplinary Counsel and any of its other officers, employees, independent contractors or support staff in the future.

18

*Alisa Marie Lynch, et al. v. Tanisha Bailey-Roka, et al.*
Civil No. 1:23-cv-00023
Memorandum in Support of Motion for Attorney Fees

**RESPECTFULLY SUBMITTED,**

Dated: June 10, 2024 　　　/s/Paul L. Gimenez
　　　　　　　　　　　　　Paul L. Gimenez, Esq., Bar #225
　　　　　　　　　　　　　General Counsel
　　　　　　　　　　　　　Judicial Branch of the V.I.
　　　　　　　　　　　　　P.O. Box 70
　　　　　　　　　　　　　St. Thomas, VI 00804
　　　　　　　　　　　　　Telephone: (340) 693-6420
　　　　　　　　　　　　　paul.gimenez@vicourts.org
　　　　　　　　　　　　　*Attorney for Defendants*
　　　　　　　　　　　　　*Tanisha Bailey-Roka and*
　　　　　　　　　　　　　*Michael David Holzknecht*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 10th day of June 2024, the foregoing has been filed electronically through the CM/ECF system, which caused the parties to be served by electronic means and by U.S. Mail, First Class, Postage Pre-Paid, for non-e-filers.

| | |
|---|---|
| Alisa Marie Lynch, *Pro Se* <br> 3715 McBroom Street <br> Sebastian, FL  32976 <br> 772-300-1287 <br> alisareich12@gmail.com | Lee J. Rohn, Esq. <br> Lee J. Rohn and Associates, LLC <br> 1108 King Street <br> Suite 3 (mailing) <br> 56 King Street <br> Third Floor (physical) <br> Christiansted, St. Croix <br> U.S. Virgin Islands  00820 <br> Telephone: 340-778-8855 <br> lee@rohnlaw.com |
| Peter James Lynch, Esq., *Pro Se* <br> 3715 McBroom Street <br> Sebastian, FL  32976 <br> 340-201-5955 <br> peterjameslynch@msn.com | |

　　　　　　　　　　　　　/s/ Paul L. Gimenez, Esq.

19