IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PETER J. LYNCH,<br><br>                           **Plaintiff,**<br><br>             v.<br><br>KATHRYN ANNE DONNELLY, in her Official Capacity as Virgin Islands Special Designated Disciplinary Counsel, and in her Individual Capacity, and TANISHA BAILEY-ROKA, in her Official Capacity as Virgin Islands Chief Disciplinary Counsel, and in her Individual Capacity,<br><br>                           **Defendants.** | Civil No. 3:24-cv-00043<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES |

**MEMORANDUM OF LAW IN SUPPORT OF
ATTORNEY KATHRYN ANNE DONNELLY'S AND ATTORNEY TANISHA BAILEY-ROKA'S JOINT MOTION TO STRIKE AND ALTERNATELY FOR A MORE DEFINITE STATEMENT AND TO QUASH SERVICE OF PROCESS**

**COME NOW**, Kathryn Anne Donnelly and Tanisha Bailey-Roka, in their official and individual capacities, and hereby jointly move to strike portions of the First Amended Verified Complaint (AVC) filed herein and for the Court to order the filing of a more definite statement and quash service of process.

**DISCUSSION**[1]

In addition to requesting "a writ of prohibition" against the ODC prohibiting it from performing its legal duties, the primary federal questions raised by Plaintiff are the application of Sections 1983 and 1985 of Title 42 USC. However, he has failed to identify the presence of the

---

[1] For a broader background of this matter, see the Joint Motion to Dismiss filed contemporaneously herewith.

Case: 3:24-cv-00043-MAK-GAT Document #: 40 Filed: 10/08/24 Page 2 of 19

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

elements required for the application of those sections or any legitimate basis for the exercise of this Court's Jurisdiction. Moreover, the AVC is replete with information that is immaterial, impertinent or scandalous and has insufficient factual content to give it the plausibility of success.

As previously stated, this Court lacks the authority to issue a writ of prohibition against officers of the Virgin Islands Supreme Court; it likewise lacks jurisdiction to grant the monetary and injunctive relief Plaintiff seeks in his Verified Complaint. (*See* contemporaneously filed Motions to Dismiss).

Section 1983 prescribes two elements as requisite for recovery: (1) the conduct complained of must have been done by some person acting under color of state law, and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges or immunities secured to him by the Constitution and laws of the United States. *Basista v. Weir*, 340 F.2d 74, 79 (3d Cir. 1965). *Meyer v. Curran*, 397 F. Supp. 512, 518 (E.D. Pa. 1975).

This second element requires that the Plaintiff shows that the Defendants acted "under color of state law" because private action cannot form the basis for relief under Section 1983. *Adickes v. S.H. Kress Company*, 398 U.S. 144, (1970). *Edwards v. Phila. Elec. Co.*, 371 F. Supp. 1313, 1314-15 (E.D. Pa. 1974).

In order to state a claim under § 1985(3), it must be alleged that two or more persons have conspired or have gone "in disguise on the highway or on the premises of another" for the "purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." In order to avoid the "constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law," the Supreme Court in *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), defined the word "purpose" as limiting the scope of suits permissible under this statute:

2

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

"The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." (Italics in original). *Meyer v. Curran*, 397 F. Supp. 512, 519-20 (E.D. Pa. 1975). The Plaintiff (Lynch) has made no such averments in his AVC.

In addition to the foregoing, the proposed amendment violates Rule 8, FRCP. Rule 8(a)(2) requires pleadings stating a claim for relief to include a "short and plain statement of the claim" showing the pleader's entitlement to relief. Their allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Together, Rules 8(a) and (d)(1) underscore how the "federal pleading rules" emphasize "clarity and brevity." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). Both the court and the opposing parties "must be able to understand whether a valid claim is alleged and if so what it is". *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (courts are "far less charitable when one or more amended pleadings already have been filed with no measurable increase in clarity" (internal quotation marks omitted)). The pleading standard in Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that tenders "naked assertion[s]" devoid of "further factual enhancement" is also insufficient. *Id.*, at 557, *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3

Case: 3:24-cv-00043-MAK-GAT   Document #: 40   Filed: 10/08/24   Page 4 of 19

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Pleading alleged facts that are "merely consistent with" a defendant's liability, "stops short of the line between possibility and plausibility of 'entitlement to relief." *Id.*, at 557 (brackets omitted). Two working principles underlie the decision in *Twombly;* (1) a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) threadbare recitals of the elements of a cause of action supported merely by conclusory statements, do not suffice. *Id.*, at 555. *See*, *Ashcroft* at 678. Whereas in the AVC, the alleged course of conduct is inapplicable, and unrelated irrelevant facts, combined with mere legal conclusions not entitled to the assumption of truth and more likely the result of lawful, independent behavior, then the complaint must fail. *Twombly* at 551, 555, 565-67; *Ashcroft at* 679-680.

### PLAINTIFF'S VERIFIED COMPLAINT CONTAINS NUMEROUS REDUNDANT, IMMATERIAL, IMPERTINENT OR SCANDALOUS PROVISIONS THAT SHOULD BE STRICKEN

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The standard for striking under Rule 12(f) is strict and . . . only allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken." *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chicago Title Ins. Co.*, No. Civ. A. 03-2292, 2004 U.S. Dist. LEXIS 1988, 2004 WL 228672, at *6 (E.D. Pa. Feb. 4, 2004)). *Moorehead v. Say It Once Dog Training, LLC*, Civil Action No. 23-2011, 2024 U.S. Dist. LEXIS 133098, at *3 (W.D. Pa. July 29, 2024).

This matter is clearly subject to dismissal on the grounds of absolute quasi-judicial, quasi-prosecutorial and sovereign immunity, which must be decided prior to any substantive actions

Peter J. Lynch v. Kathryn Anne Donnelly, et al.
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

being taken in the case. *See*, *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985), and *Perez v. Camden Mun. Court*, 714 F. App'x 134, 136 (3d Cir. 2017)( The denial of a "substantial claim of absolute immunity" can be appealed before final judgement)(non-precedential).

If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights. *See, Scheuer v. Rhodes,* 416 U.S. 232, 242 (1974) ("Implicit in the idea that officials have some immunity — absolute or qualified — for their acts, is a recognition that they may err. The concept of immunity assumes this and goes on to assume that it is better to risk some error and possible injury from such error than not to decide or act at all."). Even if it were somehow able to survive that hurdle, Lynch has failed to present factual support for either Section 1983 or 1985, instead filing his AVC with unrelated, immaterial or impertinent statements, conspiracy theories and legal conclusions which do not support either the application of the federal statutes or a legitimate cause of action.

By way of illustration:

Paragraphs 14 through 19 refer to annual reports, newspaper articles, unsupported theories masquerading as "facts," unsupported or inaccurate legal conclusions and pronouncements of imagined mandates (*Burns* did not mandate a 12-month maximum on resolving disciplinary matters) and open assumptions of the existence of preceding events, many of which are simply false.

Similarly, paragraph 20 refers to a prior, unrelated and irrelevant action taken by a non-party in a separate legal matter and contains an erroneous legal conclusion.

5

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

Paragraph 21 suffers from the identical deficiencies of paragraph 20, absent the legal conclusion but substitutes that factor for a statement of an alleged occurrence that is demonstratively false and totally irrelevant serving only to underline Lynch's paranoia.

Paragraphs 22 to 29 also refer to a prior, unrelated and irrelevant action taken by Lynch in a separate legal matter which contains conclusory statements and unsupported allegations, outright speculation and criticism of the V.I. Supreme Court's ruling against him demonstrating the accuracy of its findings and the availability of the judicial review, but not serving any legitimate purpose in support of the AVC.

Paragraphs 30 and 31 also refer to a different prior, unrelated and irrelevant legal action taken by Lynch in the Southern District of Florida, and contains a number of irrelevant, impertinent and immaterial statements and conclusions unrelated in any way to the instant action.

Paragraphs 32 to 40 are nothing more than a harangue of an individual attempting to justify a conjured and unsupported conspiracy theory.  They contain irrelevant, immaterial, impertinent and unrelated information about separate unrelated legal matters and ODC complaints. They are filled with speculation, conclusory and inaccurate statements. However, paragraph 40 is enlightening in that it fully displays Lynch's intent to bypass the review process put in place by the V.I. Supreme Court and have this Court as a "super tribunal"  to review the actions of the ODC. It fails, however, to lend any credibility to the AVC or to imbue the Court with jurisdiction or authority to act in such a capacity.

Paragraph 44 is premised on an inaccurate legal conclusion and speculation and contains inaccurate and scandalous innuendo.

6

Case: 3:24-cv-00043-MAK-GAT   Document #: 40   Filed: 10/08/24   Page 7 of 19

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

Paragraph 45 in its second sentence is also premised on an inaccurate legal conclusion and speculation and contains inaccurate and scandalous innuendo

Paragraphs 46 to 67 are more akin to actual relevant factual statements than the previous paragraphs, but are not probative of wrongdoing as they are fully consistent with lawful actions for a lawful purpose. However, the paragraphs are tainted by bias language and characterization of facts, inaccurate statements of law and legal conclusions and the mis-citing, and mis-characterizations of Supreme Court Rules that are not applicable or do not stand for the proposition stated. None of these are entitled to a presumption of truth, *Twombly* supra.

Paragraph 68 is premised on a legal conclusion and is also not entitled to the presumption of truth and contains conclusory, inaccurate, and impertinent information.

Paragraphs 69 to 71 are legal conclusions.

Paragraph 72 is wholly comprised of legal conclusions and speculation.

Paragraph 73 is immaterial and impertinent as it involves a separate action that has no supporting value for the claims contained in the AVC. The filing of SCT-CIV-2024-0051 as raised by Lynch will only become relevant if the relief requested is granted, but only in the defense of this action, not in support of it.

Paragraphs 74 to 77 are legal conclusions and mere speculation, and lend no support whatsoever to Lynch's claims of bad faith.

Paragraph 78 contains a statement of alleged fact concerning a non-party and contains a legal conclusion. The Court is also free to take judicial notice *via* the very same annual reports

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

Lynch provided that the ODC does not compile the list of attorneys for noncompliance. It is generated by the Office of Bar Admissions.

Paragraph 79 is premised on two legal conclusions.

Paragraphs 80 to 83 are also all premised on legal conclusions and reference separate, in some cases on-going legal actions which are irrelevant, immaterial and impertinent to the AVC.

Paragraphs 84 to 86 are also all premised on legal conclusions and reference separate, in the case of paragraph 86 an on-going legal action; all of which are irrelevant, immaterial and impertinent to the AVC but which clearly demonstrate Plaintiff's desire to have this Court improperly act as an appellate court and supervise and review the conduct of the Supreme Court of the Virgin Islands, and its officers. This function is outside of this Honorable Court's jurisdiction and authority.

Paragraph 87 is the start of a "snowball."

Paragraph 89 is a legal conclusion.

Paragraph 90 is speculation.

Paragraph 91 is a legal conclusion and speculation not grounded in reality.

Paragraph 92 is a legal conclusion.

Paragraph 93 is a legal conclusion and a misstatement of the law.

Paragraph 94 is speculation.

Paragraphs 95 to 99 are legal conclusions and mischaracterizations of the ODC Parties' actions which is specious, inflammatory and defamatory.

Case: 3:24-cv-00043-MAK-GAT   Document #: 40   Filed: 10/08/24   Page 9 of 19

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

Paragraphs 100 to 103 are legal conclusions.

Paragraph 104 is speculation and innuendo raised in support of a conspiracy theory which threads upon the grounds of a legal conclusion.

Paragraph 105 is a legal conclusion.

Paragraph 106 is not a facially inaccurate statement and cannot lend support to the AVC.

Paragraph 107 is a legal conclusion.

Paragraphs 108 and 109 are prayers for relief which the court cannot grant

Paragraph 110 is the middle of the "snowball."

Paragraph 112 is a legal conclusion and mischaracterizations of the ODC Parties' actions which is specious, inflammatory and defamatory.

Paragraph 113 is speculation and a conspiracy theory.

Paragraph 114 is a legal conclusion clothed in speculation.

Paragraph 115 is a legal conclusion.

Paragraph 116 is a legal conclusion.

Paragraph 117 is speculation and a conspiracy theory masquerading as fact.

Paragraph 118 is a legal conclusion and mischaracterizations of the ODC Parties' actions which is specious, inflammatory and defamatory.

Paragraph 119 is a legal conclusion and contains irrelevant, immaterial or impertinent allegations.

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

Paragraphs 120 to 126 are legal conclusions and mischaracterizations of the ODC Parties' actions which is specious, inflammatory and defamatory and delusional.

Paragraph 127 is a prayer for relief.

Paragraph 128 is a legal conclusion and mischaracterizations of the ODC Parties' actions and an unveiled insult and allegation of incompetence which is specious, inflammatory and defamatory.

Paragraph 129 is a prayer for relief.

Paragraph 130 is the completion of the "snowball."

Paragraphs 131 to 135 are speculation not grounded in fact and mischaracterizations of the ODC Parties' actions which are specious, inflammatory and defamatory.

Paragraphs 136 to 142 are legal conclusions.

Paragraph 143 is also a legal conclusion tied to a pending prayer for relief.

Paragraphs 144, 146 and the final unnumbered paragraph are all prayers for relief.

Paragraph 145 is a legal conclusion and an unveiled insult and allegation of incompetence which is specious, inflammatory and defamatory and delusional.

A motion to strike is different insofar as it does not necessarily assume validity but accesses materiality, scandal, redundancy or impertinence. Just applying the meaning of "impertinence" as "consist[ing] of any allegation not responsive nor relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties. *2A Moore's Federal Practice* P 12.21 at 2421-22 (2d. ed. 1975). (footnotes omitted)." *Yeamans* at 11-12, would

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

disqualify the vast majority of Lynch's random allegations from consideration. The fact is, however, that each of the above-enumerated paragraphs falls into one of the stated categories for disqualification in the analysis of the AVC and is not relevant to the cause of action raised in this matter. Many assert rights that simply do not exist; none address immunity; none address jurisdiction over the parties or the causes of action, and none address the required elements of those causes of action.

None of the foregoing paragraphs are actual facts entitled to the presumption of truth. Taken individually, or as a whole, these paragraphs are immaterial, impertinent, irrelevant and/or comingled conclusory statements and legal conclusions which provide no factual context that would support the Court's jurisdiction, or an actual violation of law that would provide Lynch with an entitlement to relief. At a minimum, factual and legal elements of a claim should be separated. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009); *Fowler v. UPMC Shadyside*, 578 F3d. 203, 210-211 (3d Cir. 2009) and to the extent Lynch is armed with nothing more than conclusions, he is not entitled to subject Defendants to the costs and burdens of litigation. *Iqbal*, *supra*. Further, both denial or the implied denial of an absolute immunity defense is immediately appealable under the collateral order doctrine. *See*, *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). *Bell Atl.-Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n*, 273 F.3d 337, 343 (3d Cir. 2001). For those reasons, each enumerated paragraph should be stricken.

Hence, the controlling question for dismissal is, discounting legal conclusions, conclusory statements of alleged facts and the unrelated, irrelevant, impertinent and immaterial statements, whether in the light most favorable to Lynch, does the complaint state a valid claim for relief. *Miller v. American Tel. & Tel. Co*., 507 F.2d 759, 761 (3d Cir. 1974), cited in, *Yeamans v.*

11

Case: 3:24-cv-00043-MAK-GAT  Document #: 40  Filed: 10/08/24  Page 12 of 19

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

*Snook*, No. 226-1977, 1979 U.S. Dist. LEXIS 7694, at 15 (D.V.I. Jan. 16, 1979) and does it survive the immunity defenses.

## PLAINTIFF'S FAILURE TO STATE A CLAIM UNDER SECTIONS 1983 OR 1985 REQUIRES THE STRIKING OF NUMEROUS PROVISIONS OF HIS VERIFIED COMPLAINT AND THE SUBMISSION OF A MORE DEFINITE STATEMENT

It is clear from the above-enumerated paragraphs that much of Plaintiff's AVC does not support the constitutional violations it alleges in Counts I - III. Further, the new alleged statements of fact in the AVC, as a collection of conclusory statements, legal conclusions and conspiracy theories, they add little or nothing to support the claims originally made in the Verified Complaint and almost all are subject to being stricken on that basis. Further, the incorporation of statements made in previous paragraphs in succeeding Counts of the AVC, without specified discussion of the exact application to each Defendant, renders the AVC nothing more than a "snowball" complaint, which is unclear as to exactly which allegations incorporated by reference Plaintiff intends to use to support the individually enumerated Counts, or which aspect of them in fact support which alleged violation of law claimed in the Counts. Rather, Plaintiff seeks to incorporate all of his prior paragraphs in each succeeding Count, including the prior Counts in Counts II and III. This shotgun approach does not allow ODC Parties to clearly understand the elements of the individual causes of action being alleged, if any, or to distinguish to whom what is being attributed. This renders the Verified Complaint vague and ambiguous and deprives the ODC Parties of the ability to intelligently respond to each and every allegation raised.

Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading … is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Presentation with an appropriate Rule 12(e) motion requires the

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

Court to grant the motion and requires more specific factual allegations from the Plaintiff concerning the conduct underlying the claims for relief. The Court may also require this *sua sponte*, to satisfy the Supreme Court's mandate requiring an early resolution of the … immunity[2] issue and conserve judicial resources. *See, Crawford-El v. Britton*, 523 U.S. 574 at 600-01 (1998) (recognizing the district court's broad discretion to utilize civil procedures in a manner that is useful and equitable to the parties); *see also,* Fed. R. Civ. P. 1 ("The [rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). *Thomas v. Indep. Twp.*, 463 F.3d 285, 301-02 (3d Cir. 2006).

Such a *sua sponte* order was in fact issued by the Court in the prior SDFL matter as the result of the Plaintiff filing a very similar "Snowball" Complaint. *See*, Case 2:22-cv-14338-AMC Doc. No. 6. Such an order would be appropriate herein as well if the Court does not first dismiss the action on the basis of absolute immunity.

### PLAINTIFF'S VERIFIED COMPLAINT DOES NOT COMPORT WITH 28 U.S.C. 1746 AND IS SUBJECT TO DISMISSAL ON THE BASIS OF INSUFFICIENT SERVICE OF PROCESS AND INSUFFICIENT PROCESS

The Third Circuit has noted that "a *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Leonard A. Feinberg, Inc. v. Cent. Asia Capital Corp.*, 936 F. Supp. 250, 255 n.4 (E.D. Pa. 1996). However, Lynch's First Amended Verified Complaint does not comport with the requirement of §1746 of Title 28 U.S.C. Section 1746 pertaining to "Unsworn declarations under penalty of perjury" requires that:

---

[2] *Crawford* dealt with qualified immunity, however, is equally applicable to other types of immunity.

Case: 3:24-cv-00043-MAK-GAT     Document #: 40     Filed: 10/08/24     Page 14 of 19

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

Title 28 U.S.C. §1746.

Lynch's First Amended Verified Complaint does not contain the averment that it is "true and correct" rather stating that "all the factual allegations and legal claims in the foregoing … are true and accurate to the best of my knowledge, recollection and studied legal opinion." This is a qualified statement which varies from the required language of the statute and is therefore insufficient to act as a verification. As such, the AVC should be given no weight as such.

In addition to the foregoing and as stated in the Motion to Dismiss, but more fully discussed herein, proper service of process is mandatory. Failing to comply with the Rule requires the quashing of the service of process and the dismissal of the action. "In a Rule 12(b)(5) [or a 12(b)(4)], motion, the party effecting service 'has the burden of demonstrating validity when an objection to the service is made.'" *Cruz v. Matthews*, No. 2007-40, 2011 U.S. Dist. LEXIS 19591, *4, [WL], at *1 (D.V.I. Feb. 28, 2011) (quoting *Suegart v. U.S. Customs Serv.*, 180 F.R.D. 276, 278 (E.D. Pa. 1998)); *see also*, *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

Lynch has chosen to proceed under Rule 4 of the V.I. Rules of Civil Procedure which contains a more detailed requirement for service of process on the Government of the Virgin Islands and its officers, and employees in both their official and personal capacities. Given the intricacies of service on the Territorial Government, and its officers, and employees, and the absence of parallel provisions in the federal rule, proceeding under Rule 4 VIRCP is appropriate and preferable. However, Lynch has failed to properly serve the ODC Parties in accordance with Rule 4 VIRCP.

Rules 4(e)(1) and 4(j)(2), FRCP and 4(i)(3)VIRCP provide specific instructions for the service of a government official sued in their official and/or individual capacity, which have not been met by Plaintiff. Rule 4(e) FRCP sets forth the procedure for the service of an individual but does not distinguish between the capacity the service is made. However, Rule 4(i) VIRCP does. Therefore, it is reasonable to apply the requirement to follow the provisions of 4 VIRCP as provided for by FRCP 4(e)(1) to ascertain the proper means for accomplishing said service.

Service on a government official in their official and individual capacity pursuant to the VIRCP requires two separate services on the official and the Government. Official capacity service of a court employee or officer, service must be made on the Governor, the Attorney General, the Administrator of Courts, and on the officer or employee named, 4(i)(1) and(i) (2)(A) and (i)(4) VIRCP. *Separately*, service in an individual capacity requires an additional service on the individual per Rule 4(e) (FRCP or VIRCP), along with service on the government and the Administrator of Courts, 4(i)(4), VIRCP, identifying it as service in the individual capacity, "whether or not the officer or employee is also sued in an official capacity." Rule 4 (i)(3). Lynch has failed to comply with the separate services of process required by Rule 4 VIRCP. Lynch is

15

Case: 3:24-cv-00043-MAK-GAT  Document #: 40  Filed: 10/08/24  Page 16 of 19

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

required to serve the ODC Parties personally, the Governor and the Administrator of Courts, but with two copies of the summons and complaint all directed to the ODC Parties *and informing them in what capacity they are being served*. *See*, Rule 4(a)(2), (e), (i)(2),(3),(4) VIRCP. This redundant service must be done "whether or not the officer or employee is also sued in an official capacity" 4(i)(3) VIRCP. The Original Service of Process did not comply with these rules, and in most cases did not have seals on the summonses. The deficiencies have not been cured. Lynch failed to provide summonses with the service on the Administrator, before the filing of the AVC or sealed summonses to the ODC Parties. Hence, the service of process does not meet the requirements of Rule 4 FRCP or VIRCP and is, therefore, insufficient process and insufficient service of process, and fails to provide this Honorable Court with jurisdiction over the ODC Parties in any capacity. See, *Nat'l Gen. Ins. Co. v. Amaro*, No. 23-1300 (WJM), 2023 U.S. Dist. LEXIS 203410 (D.N.J. Nov. 14, 2023); *Gage v. Somerset Cty.*, Civil Action No. 19-9097 (MAS) (ZNQ), 2021 U.S. Dist. LEXIS 256220 (D.N.J. May 25, 2021). Absent proper service, dismissal may be an appropriate exercise of discretion. *Ayers v. Jacobs & Crumplar, P.A*. 99 F.3d 565, 568-70 (3d Cir. 1996), *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).

The Third Circuit has acknowledged the necessity of adherence to Rule 4, FRCP. We adopt as our own the reasoning in *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984):

> When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effective service of process may not be ignored.

*Stranahan Gear Co. v. NL Indus.*, 800 F.2d 53, 56 (3d Cir. 1986). *See also, Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007). Hence, proceeding under Rule 4 VIRCP per 4(e)

16

Case: 3:24-cv-00043-MAK-GAT    Document #: 40    Filed: 10/08/24    Page 17 of 19

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

FRCP also requires proper service of process to acquire jurisdiction over the parties, and that includes properly directing the service to the Defendants. 4(a)(1)(B) FRCP and 4(a)(2) VIRCP.

Inexplicably, Lynch randomly served another summons with a copy of the original Complaint on the Administrator of Courts, directed to her as a non-party, on September 19, 2024, five (5) days before the AVC was filed. Notwithstanding that, Lynch has failed to properly serve either of the ODC Parties in this matter to date, or to otherwise cure the insufficient and defective service.

Accordingly, the electronic filing of the First Amended Verified Complaint did nothing to cure that defect and does not independently constitute proper service on the ODC Parties. *Trzaska v. L'Oréal USA, Inc.*, No. 15-cv-02713-SDW-LDW, 2017 U.S. Dist. LEXIS 203991, at *7 (D.N.J. Dec. 12, 2017).

**CONCLUSION**

Overall, Attorney Lynch's First Amended Verified Complaint is disjointed and riddled with conclusory statements, and legal conclusions, as well as immaterial, irrelevant and impertinent information. It alleges unethical and illegal behavior on the part of the ODC Parties in spite of a prior ruling to the contrary addressing the same or similar issues raised by him against Bailey-Roka and Donnelly's predecessor, issued by this Court in 3:21-mc-0047, and by the Magistrate in his findings and recommendations in the SDFL (*Doc. No.* 67), rejecting those claims and essentially finding that such allegations were baseless and unsupported. The repetition of these same unsupported claims of unethical conduct, bias, conspiracy and partiality is frivolous, and an abuse of the process. What Lynch calls "vigorously defending himself," the V.I. Supreme Court calls retaliatory filings. AVC para. No. 26. He alleges violations of rights which he does not

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

possess, and makes claims of failed systemic processes in the Judiciary when he has taken advantage of them, and at times either lost or voluntarily withdrew his actions before a final resolution.

Clearly, what Lynch seeks most is to avoid the consequences of his actions by not cooperating with the ODC and by seeking to have this Court exercise what amounts to appellate oversight of the Virgin Islands Supreme Court, while bemoaning the loss of such function. *See, Doc. No. 1,* pg. 15, para. No. 68 and footnote No. 5, which is notably absent from the AVC. *See also*, Paragraph 27, discussing the stay triggered by his failed Writ of Mandamus. It is a tactic which he has been employing for the past three (3) years to delay, harass and obstruct the ODC. He then uses these tactics to aid his claim of delay by the ODC, and to mask the true cause of the delays, which is him. It is a tactic which this Court should not condone and should no longer tolerate. The immaterial, irrelevant, impertinent and scandalous provisions of the AVC should be stricken; the entire AVC should be dismissed on the basis of absolute immunity or the frivolous, and unsupported Counts should be dismissed as the Plaintiff clearly cannot meet the required standard, and if anything survives thereafter, the Plaintiff should be required to file a more definite statement on what if anything remains so that Defendants can craft a more specific response. Alternately, the service of process should be quashed and the AVC dismissed.

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Memorandum of Law in Support of

In addition thereto, Lynch has failed to provide sufficient service of process in this matter, and the action is also subject to dismissal on that basis.

DATED:  October 8, 2024                                   **RESPECTFULLY SUBMITTED**,

| | |
|---|---|
| By:  /s/ Paul L. Gimenez | By:  /s/ H. Marc Tepper |
| Paul L. Gimenez, Esq., Bar # 225 | H. Marc Tepper, Esq., Bar #22629 |
| General Counsel | Buchanan Ingersoll & Rooney PC |
| Judicial Branch of the V.I. | Two Liberty Place |
| P.O. Box 70 | 50 S. 16th Street, Suite 3200 |
| St. Thomas, VI  00804 | Philadelphia, PA 19102-2555 |
| Telephone (340) 693-6420 | T: (215) 665-3864 |
| paul.gimenez@vicourts.org | F: (215) 665-8760 |
| *Attorney for Defendants* | marc.tepper@bipc.com |
| | *Attorney for Defendants* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of October 2024, I caused a true and exact copy of the foregoing to be served through the Court's electronic filing system, via email upon the registered parties.

/s/ Paul L. Gimenez, Esq