## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

*******

PETER J. LYNCH,                                   3:24-cv-00043
          Plaintiff,
     v.                                           Complaint for:
KATHRYN ANNE DONNELLY, in                         Injunctive Relief and
her official capacity as Virgin Islands           Damages
Special Designated Disciplinary
Counsel, and in her Individual
Capacity, and
TANISHA BAILEY-ROKA, in her
Official capacity as Virgin Islands
Chief Disciplinary Counsel, and in
her Individual Capacity,
          Defendants.                    /
_____

## APPENDIX TO PLAINTIFF'S OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS [ECF 37]


October 29, 2024                          Respectfully submitted,

                                          *s/ Peter J. Lynch*
                                          Peter J. Lynch, Esq., *pro se*
                                          c/o FLAG LAW VI
                                          PO Box 303300
                                          St. Thomas, VI 00803
                                          (340) 201-5955 c
                                          (340) 776-7801 o
                                          (888) 481-4960 f
                                          pete@flaglawvi.com

# TABLE OF CONTENTS

V.I.S.Ct. Judgment in S.Ct.Civ. 2020-0105 dtd November 24, 2020…………………..    1

V.I.S.Ct. Judgment in S.Ct.Civ. 2021-0006 dtd March 24, 2021………………………    4

V.I.S.Ct. Opinion, In Re: Burns, 2023 VI 7, S.Ct.Civ. 2023-0025 (VI, June 7, 2023)….    6

Lynch Emergency Motion to Board, Case No. 2023-42, dtd May 24, 2024…………….    11

VI Board on Professional Responsibility Order, Case No. 2023-42, dtd July 19, 2024…    16

Case View, *In Re: Lynch*, SCT-CIV-2024-0032…………………………………………    21

Docket Sheet, SCT-CIV-2024-0032…………………………………………………...    22

Lynch Petition for Disqualification, SCT-CIV-2024-32, dtd May 13, 2024…………….    23

V.I.S.Ct. Order in SCT-CIV-2024-0032, dtd June 12, 2024……………………………..    32

Donnelly Motion to Dismiss and for Sanctions, SCT-CIV-2024-0032,
dtd June 11, 2024…………………………………………………………………………    33

Lynch Opposition to Motion to Dismiss and for Sanctions, SCT-CIV-2024-0032,
dtd June 26, 2024 ………………………………………………………………………..    43

Donnelly Reply, SCT-CIV-2024-0032, dtd July 8, 2024………………………………    63

Lynch Notice of Withdrawal of Petition, SCT-CIV-2024-0032, dtd July 20, 2024……..    69

V.I.S.Ct. Order in SCT-CIV-2024-0032, dtd September 10, 2024………………………    71

THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

November 24, 2020
SCT-Civ-2020-0105
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**Not For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| IN RE: ) | **S. Ct. Civ. No. 2020-0105** |
| ) | |
| **ATTORNEY DOE,** ) | |
| Petitioner. ) | |
| _____ ) | |

On Petition for Writ of Mandamus

Considered and Filed: November 24, 2020

**BEFORE:** **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN,** Associate Justice.

## JUDGMENT

**PER CURIAM.**

   **THIS MATTER** comes before the Court pursuant to a petition for writ of mandamus filed by a respondent to a grievance filed with the Office of Disciplinary Counsel, proceeding under the pseudonym "Attorney Doe."  In the petition, Attorney Doe requests that this Court issue a writ of mandamus directing that the grievance be summarily dismissed or, in the alternative, that Tanisha Bailey-Roka, Esq., and Michael Holzknecht, Esq., be disqualified from further involvement with the grievance.

   Pursuant to title 4, section 32(b) of the Virgin Islands Code, this Court has jurisdiction over original proceedings for mandamus. However, a writ of mandamus is a drastic remedy which should be granted only in extraordinary circumstances. *In re Le Blanc*, 49 V.I. 508, 516 (V.I. 2008)). To obtain a writ of mandamus, a petitioner must establish that he has no other adequate means to attain the desired relief and that his right to the writ is clear and indisputable. *Id.* at 517. Furthermore, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v.*

A 1

*In re Doe*
S. Ct. Civ. No. 2020-0105
Judgment
Page 2 of 3

*U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004).

We conclude that Attorney Doe has not met this high burden. To the extent Attorney Doe asserts that his conduct does not violate any provision of the Virgin Islands Rules of Professional Conduct, he has an adequate alternate remedy in the form of appealing any sanctions imposed to this Court. *See* V.I.S.CT.R. 207.9(b). The same remedy is also available to Attorney Doe with respect to any claim that any attorneys employed by the ODC should be disqualified from participating in the proceeding. While Attorney Doe alleges that the grievance has not been referred by the ODC to the Preliminary Review Committee ("PRC"), it appears that the grievance is being actively investigated, with Attorney Doe acknowledging in his petition that the sole issue remaining with respect to the grievance is currently pending before the Superior Court, and that Attorney Doe, through his counsel, submitted a letter to the ODC on August 27, 2020, requesting that the ODC stay the grievance pending the outcome of the Superior Court proceeding. Thus, it appears that the failure of the ODC to refer the grievance to the PRC is not only justified, *see* V.I.S.CT.R. 207.15(g) (permitting disciplinary proceedings to be stayed during the pendency of related civil litigation), but consistent with the relief Attorney Doe has requested from the ODC. Accordingly, it is hereby

**ORDERED** that the petition for writ of mandamus is **DENIED.** It is further

**ORDERED** that copies of this order be directed to the appropriate parties.

**SO ORDERED** this 24th of November, 2020.

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: _____
    **Deputy Clerk**

Dated: __11/24/2020__

A 2

*In re Doe*
S. Ct. Civ. No. 2020-0105
Judgment
Page 3 of 3

**Copies to:**
Justices of the Supreme Court
Attorney Doe, *pro se*
Tanisha Bailey-Roka, Esq., Chief Disciplinary Counsel
Simone R.D. Francis, Esq., Chair, Board on Professional Responsibility
Veronica J. Handy, Esq., Clerk of the Supreme Court
Supreme Court Law Clerks
Supreme Court Secretaries
Order Book

THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**
March 24, 2021
SCT–Civ–2021–0006
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**Not For Publication**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| IN RE: | ) **S. Ct. Civ. No. 2021-0006** |
| | ) |
| **ATTORNEY DOE,** | ) |
| Petitioner. | ) |
| | ) |

On Petition for Writ of Mandamus

Considered and Filed: March 24, 2021

**BEFORE:**   **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN,** Associate Justice.

## JUDGMENT

**PER CURIAM.**

   **THIS MATTER** comes before the Court pursuant to a "Confidential Second Petition for Writ of Mandamus" filed by a respondent to a grievance filed with the Office of Disciplinary Counsel, proceeding under the pseudonym "Attorney Doe." This Court, in a November 24, 2020 order, had denied a prior petition filed by Attorney Doe on grounds that he has an adequate alternate remedy in the form of appealing any sanctions imposed in the disciplinary proceeding to this Court. *See* V.I.S.CT.R. 207.9(e). Because Attorney Doe has largely renewed the same arguments that were asserted in the petition yet has not addressed the reason this Court denied that petition, the instant petition effectively represents an improper attempt to seek rehearing of the November 24, 2020 order well after the time to do so has expired.[1] Accordingly, it is hereby,

---

[1] Attorney Doe raises a new claim in his second petition that the Office of Disciplinary Counsel and the Preliminary Review Committee purportedly intend to violate his due process rights by not permitting him to present a full defense at an upcoming hearing. However, this Court has previously held that the Preliminary Review Committee serves as the equivalent of a grand jury and not a hearing panel, *see In re Burns*, 2020 VI 16 ¶ 12, with Supreme Court Rule 207.9(b) permitting a respondent to submit written materials to the Preliminary Review Committee but

*In re Doe*
S. Ct. Civ. No. 2021-0006
Judgment
Page 2 of 2

**ORDERED** that the "Confidential Second Petition for Writ of Mandamus" is **DENIED.**

Attorney Doe is **ADVISED** that a petition for a writ of mandamus is not a substitute for an appeal

or a petition for rehearing, and that any future mandamus petitions may be summarily denied if

Attorney Doe continues to fail to demonstrate why a review by this Court pursuant to Supreme

Court Rule 207.9(e) does not represent an adequate alternate remedy to mandamus relief.  It is

further

**ORDERED** that copies of this order be directed to the appropriate parties.

**SO ORDERED** this 24th of March, 2021.

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
Clerk of the Court

By: _____

Deputy Clerk

Dated: 3/24/2021

**Copies to:**
Justices of the Supreme Court
Attorney Doe, *pro se*
Tanisha Bailey-Roka, Esq., Chief Disciplinary Counsel
Simone R.D. Francis, Esq., Chair, Board on Professional Responsibility
Veronica J. Handy, Esq., Clerk of the Supreme Court
Supreme Court Law Clerks
Supreme Court Secretaries
Order Book

---

expressly prohibiting the respondent from appearing at such a meeting.  Moreover, Attorney Doe
still does not address why any error by the Preliminary Review Committee, or the Office of
Disciplinary Counsel could not be adequately corrected by bringing the matter to the attention of
the Chair of the Board on Professional Responsibility pursuant to Rule 207.1(c) or this Court
pursuant to an appeal brought under Rule 207.9(e).

A 5

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

June 07, 2023 03:41 PM
SCT-Civ-2023-0025
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **IN RE: WARREN T. BURNS,**     ) | **S. Ct. Civ. No. 2023-0025** |
| Petitioner.      ) | |
| _____ ) | |

On Petition for Writ of Mandamus

Considered and Filed: June 7, 2023

Cite as: 2023 VI 7

**BEFORE:**     **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

**APPEARANCES:**

**Andrew L. Capdeville, Esq.**
Law Offices of Andrew L. Capdeville, P.C.
St. Thomas, U.S.V.I.
      *Attorney for Petitioner.*

## OPINION OF THE COURT

**PER CURIAM.**

¶ 1     This matter is before the Court on a petition for writ of mandamus filed by Petitioner Warren T. Burns, Esq. "To obtain a writ of mandamus, [the petitioner] must establish that his right to the writ is clear and indisputable and that he has no other adequate means to attain the desired relief." *In re Fleming*, 56 V.I. 460, 464 (V.I. 2012). But "even if the[se] prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Moorhead v. Mapp,* 62 V.I. 595, 600 (V.I. 2015) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004)).

¶ 2     In his petition, Burns requests that this Court issue a writ compelling the Office of Disciplinary Counsel ("ODC") and/or the Board on Professional Responsibility ("BPR") to

A 6

dismiss a grievance filed against him or, in the alternative, to order them to take action to move the underlying proceeding forward to a timely resolution, including constituting a proper panel, resolving disputed discovery issues, and establishing deadlines for the disposition of the matter.

¶ 3    We conclude that Burns has failed to establish an entitlement to mandamus relief on any of these grounds.  As we held in an opinion denying a prior mandamus petition filed by Burns in connection with the same grievance, "the ODC lacks the discretion to unilaterally dismiss a grievance that it has elected to refer" to the BPR, and that likewise "the ODC lacks the authority to issue a scheduling order for the [BPR] or to otherwise dictate the course of the proceedings" after it has made its referral.  *In re Burns*, 2022 VI 2U ¶ 2.  Consequently, all of Burns' claims against the ODC must fail because the ODC cannot provide him with any of the relief he seeks, since the ODC lacks the authority to unilaterally dismiss the grievance or to impose case-processing deadlines for the BPR.

¶ 4    Although the BPR could provide Burns with such relief, we likewise conclude that Burns has failed to establish an entitlement to mandamus relief against that respondent.  The gravamen of Burns' demand that the BPR dismiss the underlying grievance is a purported lack of evidence to support the charges.  Yet even if this is the case, Burns has failed to meet his burden of proving that "he has no other adequate means," other than a writ of mandamus, "to attain the desired relief." *Fleming*, 56 V.I. at 464.  Nor could he, since even if the BPR were to recommend imposition of discipline, Burns possesses the option to file an objection with this Court, which is empowered to reject the BPR's recommendation and order dismissal if it were to agree with Burns that the allegations against him are unsupported by the evidence.  *See* V.I.S.Ct.R. 207.9(d)(5), (e); *see also In re Elliot*, 54 V.I. 423, 428 (V.I. 2010) ("[A] petitioner cannot claim the lack of other means to relief, if an appeal taken in due course after entry of a final judgment would provide an adequate

alternative to review by mandamus.") (citing *In re LeBlanc*, 49 V.I. 508, 517 (V.I. 2008)).

¶ 5     We are similarly unpersuaded by Burns' claim that the BPR has not taken sufficient action to resolve the underlying grievance.  We have repeatedly instructed that "the manner in which a court disposes of cases on its docket is within its discretion," and thus "a trial court's delay in ruling on a motion will generally not warrant mandamus relief," *see Elliot*, 54 V.I. at 429, and we see no reason why that same principle should not extend to the BPR. And while "mandamus may be warranted when a trial court's undue delay is tantamount to a failure to exercise jurisdiction," *id.* (internal quotations marks and citations omitted), we cannot conclude that the delays in this case are attributable to a refusal of the BPR to exercise jurisdiction over the underlying grievance.  The exhibits Burns filed with this Court in support of his mandamus petition reveal that the BPR's Preliminary Review Committee approved the filing of the ODC's petition for discipline on November 25, 2020, and that the ODC filed its initial petition with the BPR on December 8, 2020, with Burns and his co-respondent filing answers on January 22, 2021.  While the next required step in the disciplinary process is the service of a notice of hearing by the BPR Chair which identifies the members of the hearing panel and sets the date of the hearing, *see* V.I.S.Ct.R. 207.9(d)(3), there is no court rule or other binding legal authority that sets a deadline by which the Chair must issue the notice of hearing.  While the failure to issue a notice of hearing nearly 17 months after the respondent has filed an answer is certainly concerning, a long delay—standing alone and without more—does not establish that the BPR has failed to exercise jurisdiction over the grievance.  *See Elliot*, 54 V.I. at 430 ("[T]he fact that his petition for writ of habeas corpus remains pending in the Superior Court eighteen months after it was filed does not, in and of itself, demonstrate that the Nominal Respondent has breached his duty.").  Rather, "each situation must be considered on its own facts, with this Court giving primary consideration to the reason for the

delay." *Id.* (internal quotation marks omitted).

¶ 6    Here, Burns' mandamus petition and the exhibits attached thereto reveal substantial cause for the delay in issuance of a notice of a hearing.  Burns admits in his petition that there are numerous "disputed discovery issues" between Burns, his co-respondent, and the ODC, including "numerous deposition objections" that "range[] the gamut of attorney-client privilege, attorney work-product, legal conclusion, irrelevance, etc.," as well as a dispute as to whether Burns and his co-respondent are entitled to receive certain materials deemed confidential or privileged.  (Pet. 12-13.)  Significantly, it appears that Burns, his co-respondent, and the ODC attempted to resolve these issues themselves for more than a year, and that the BPR's intervention on these issues was not requested until February 13, 2023, when Burns and his co-respondent filed a "Joint Motion to Dismiss (and Request for Oral Argument)" requesting dismissal or, in the alternative, rulings on all these disputed discovery issues.  Moreover, correspondence between Burns, his co-respondent, and the ODC attached as an exhibit to the petition reflect that the parties had been in active negotiations to settle the grievance by consent as late as May 2023.  Given these outstanding issues—all of which appear to have been initiated by Burns or his co-respondent and were only brought to the BPR's attention less than four months ago—as well as the possibility that the parties may reach a compromise, the decision of the BPR Chair to not issue a notice of hearing is certainly understandable.  We are confident, now that these issues have been brought before the BPR for resolution, that they will be resolved by the BPR in due course.  Accordingly, we deny the petition for writ of mandamus.[1]

---

[1] Because we deny the mandamus petition on the grounds that Burns possesses other adequate means to obtain the desired relief and that the BPR's failure to issue a notice of hearing is not tantamount to a failure to exercise jurisdiction over the underlying grievance, we express no

*In re Burns*                                    2023 VI 7
S. Ct. Civ. No. 2023-0025
Opinion of the Court
Page 5 of 5

**Dated this 7th day of June, 2023.**

**ATTEST:**

**VERONIA J. HANDY, ESQ.**
**Clerk of the Court**

**By: /s/ Yanella Culpepper-Callwood**
       **Deputy Clerk II**

**Dated: June 7, 2023**

---

opinion as to the merits of any of his claims, including his claim that he is entitled to dismissal of the grievance due to a lack of evidence.

BOARD ON PROFESSIONAL RESPONSIBILITY

IN RE:                                    Confidential Case No. 2023-42

PETER JAMES LYNCH,

_____ Respondent. _____/

## **EMERGENCY MOTION FOR PROTECTIVE ORDER**

COMES NOW the Respondent Peter J. Lynch, Esq., *pro se*, and hereby, pursuant to V.I.S.Ct.R. 207.13(b), emergently moves this Honorable Tribunal for a Protective Order to enjoin the Petitioner, Special Designated Disciplinary Counsel Kathryn Anne Donnelly, from unauthorized discovery demands, and says:

Attorney Donnelly sent a new demand letter on May 22, 2024.  **Exhibit A**. The demand letter states in pertinent part that "[t]o date you have failed to answer why you did not violate Rule 211.7.1," and "you failed to answer why you did not include the phrase "Advertising Material" in your electronic communications to the attorney," and then demands a response by May 31, 2024, threatening that a failure to respond would be "an ethical violation in its own right" per Rule 211.8.1.

Attorney Donnelly's letter dated October 11, 2023, initiating this attorney disciplinary matter, did not even make mention of Rule 211.7.1.  **Exhibit B**.  The vague complaint stated therein, as the undersigned wrote in his initial response,

A 11

*In re: Lynch*
Confidential Case No. 2023-42
Emergency Motion for Protective Order

Page 2 of 5

fails to state any ethical violation.  Attorney Donnelly provides no factual basis

for the statement in her current letter that "it appeared that you had not helped

any attorney who failed to file an Annual Registration Statement ("ARS"),

contradicting your written claim."   Indeed, other than the three attorneys

identified in the exhibits to her October 11, 2023, Attorney Donnelly would have

no idea what attorneys the undersigned has or has not helped.  The undersigned

has no duty to provide this information to Attorney Donnelly.

First, please note that attorney-client communications are confidential for

life, and also that not only the content of representation of clients, but even the

identity of clients, is subject to attorney-client privilege.  Please further note that,

because attorney disciplinary matters are quasi-criminal in nature, a respondent

may not be compelled to be a witness against himself.  U.S. CONST. AMEND.

V.  Astonishingly, Attorney Donnelly appears oblivious to these limits on her

ability to conduct discovery impinging on these prohibitions.

Attorney Donnelly's *modus operandi* seems to be to make vague,

unsupported accusations, and as she collects information through discovery, to

generate new charges.  This practice has been specifically condemned by the U.S.

Supreme Court, as violating procedural due process.   *In the Matter of John*

*Ruffalo, Jr., Petitioner*, 390 U.S. 544, 551-52 (1968).

A 12

*In re: Lynch*
Confidential Case No. 2023-42
Emergency Motion for Protective Order

Page 3 of 5

Attorney Donnelly's methods, apparent from her May 22, 2024 demand letter, require this Respondent to make admissions, to analyze and apply rules, and to state legal conclusions, or else. This sort of threatening, abusive and oppressive discovery is of the kind which this Board has a duty to rein in. *Breiner v. Sunderland*, 143 P.3d 1262 (Haw. 2006). This is particularly true here, where more than seven months into this simple matter, it is patently obvious that despite possessing no evidence which would raise a reasonable inference of misconduct, Special Designated Disciplinary Counsel Donnelly refuses to dismiss, in violation of V.I.S.Ct.R. 207.9(a)(ii). Despite having no chance of success, Attorney Donnelly presses on with her only purpose to threaten, harass, and oppress.

In light of all the foregoing, the undersigned seeks a Protective Order, relieving the undersigned of the need to respond to the Attorney Donnelly's May 22, 2024 demand letter, or other discovery demanding admissions or legal analysis to justify his actions, and prohibiting Attorney Donnelly from contacting the undersigned's clients, past or present, or attorneys to whom the undersigned sent courtesy emails, such as Justin King, Esq.

As Attorney Donnelly's reputation for truthfulness has recently called into question by the Virgin Islands Supreme Court, and as evidenced by her conduct herein, she appears to have learned nothing from it, this Tribunal might well

A 13

*In re: Lynch*
Confidential Case No. 2023-42
Emergency Motion for Protective Order

Page 4 of 5

consider informing the Virgin Islands Supreme Court of her unsuitability for the

role of Special Designated Disciplinary Counsel, but the undersigned stops short

of demanding it here, as that is beyond the scope of this motion.  *In re: Sealed*

*Respondent*, 2024 V.I. 19.

WHEREFORE the Respondent Peter J. Lynch, Esq. respectfully asks that

this Board Grant his Motion and issue a Protective Order as requested.

May 24, 2024                          Respectfully submitted,

                                      Fuller & Lynch Advocacy Group, PLLC
                                      */s/ Peter J. Lynch*
                                      Peter J. Lynch, Esq.
                                      VI Bar No. 1256
                                      FLAG LAW VI
                                      PO Box 303300
                                      St. Thomas, VI 00803
                                      (340) 201-5955 c
                                      (340) 776-7801 o
                                      (888) 481-4960 fax
                                      pete@flaglawvi.com

A 14

*In re: Lynch*
Confidential Case No. 2023-42
Emergency Motion for Protective Order

Page 5 of 5

## **Certificate of Service**

 

 

I hereby certify, under penalties of perjury, that on this 24th day of May, 2024, I caused to be served a copy of the foregoing on the below-listed counsel via email:

 

 

Kathryn Donnelly, Esq.

Simone Francis, Esq.

Diane Russell, Esq.

 

 

*/s/ Peter J. Lynch*

 

A 15

**BOARD ON PROFESSIONAL RESPONSIBILITY**
**of the**
**SUPREME COURT OF THE VIRGIN ISLANDS**


IN RE:                                              Confidential Case No. 2023-42

PETER JAMES LYNCH,

_____ Respondent. _____/


## ORDER ON EMERGENCY MOTION FOR PROTECTIVE ORDER

This matter comes before the undersigned on the Emergency Motion for Protective Order filed by Respondent on May 24, 2024.  The Office of Disciplinary Counsel ("Petitioner" or "ODC") filed an Opposition to the Motion on June 11, 2024.

## RELEVANT FACTUAL BACKGROUND

On October 11, 2023, the ODC issued a letter to Respondent requesting that he provide a written response to address an allegation that Respondent made a "fraudulent or deceptive statement" to at least one member of the Virgin Islands Bar in a solicitation to represent them in proceedings before the Supreme Court of the Virgin Islands relative to the Annual Registration Statement required of attorneys, and did not use the words "advertising material" in the communication to the prospective clients.

On November 13, 2023, Respondent furnished a response disputing that the statements evidenced fraud or deceit, asserting that the statements were protected as commercial speech by the First Amendment, and asserting that the ODC's letter and attachments did not raise a reasonable inference of misconduct or incapacity thereby mandating dismissal.  The Respondent

A 16

*In Re: Lynch*
Case Number: 2023-42
Page 2

did not directly address the assertion that the communication did not contain the words "attorney advertising".

On January 2, 2024, the ODC issues a letter to Respondent specifying that the ODC's investigation concerned potential violations of Rule 211.7.1 and 211.7.3(c), and requesting a response within 15 days.

On May 22, 20224, the ODC issued a third letter, again requesting that the Respondent respond to the Complaint. The third letter also advised Respondent that it was a violation of the rules to knowingly fail to respond to a lawful demand for information. The Respondent's Emergency Motion for Protective Order ensued.

## THE PARTIES' CONTENTIONS

The Respondent contends that a Protective Order is warranted "to enjoin the ODC "from unauthorized discovery demands." Specifically, it appears that Respondent objects to any demand to identify other attorneys who had failed to file Annual Registration Statements, noting that "the undersigned has no duty to provide this information to Attorney Donnelly", as even the identity of clients is subject to the attorney-client privilege. Respondent also argues that "because disciplinary matters are quasi-criminal in nature, a respondent may not be compelled to be a witness against himself."

Respondent concludes:

> In light of all the foregoing, the undersigned seeks a Protective Order, relieving the undersigned of the need to respond to Attorney Donnelly's May 22, 2024 demand letter, or other discovery demanding admissions or legal analysis to justify his actions, and prohibiting Attorney Donnelly from contacting the undersigned's clients, past or present, or attorneys to whom the undersigned sent courtesy emails, such as Justin King, Esq.

A 17

*In Re: Lynch*
Case Number: 2023-42
Page 3

        In Opposition, the ODC argues that because the ODC has not subpoenaed any records from

Respondent, the Motion must be denied.  The ODC further asserts that the "ODC is thwarted from

determining the next step because it has been unable to finish the screening and evaluation

procedures described in Rule 207.9(a).  It simply requested supplemental information i.e., an

answer to a complaint.  The ODC Also notes that it has not moved to compel any witness testimony

or the production of pertinent books, papers and documents for the purposes of evaluation or

investigation."  Further, the ODC notes that "there is nothing to protect or quash at this point, as

the ODC did not ask the Respondent to produce any protected material.


## **APPLICABLE RULES**

        Rule 207.12(g) of the Rules of the Virgin Islands Supreme Court provides, in pertinent

part:

> Disputes concerning the scope and other aspects of the limited discovery afforded
> under these Rules shall be heard and determined by the Chair or Vice Chair of the
> Board, unless a Hearing Panel has been assigned to the matter, in which case such
> disputes shall be heard and determined by the chair of the Hearing Panel.


        As of the date of Respondent's filing, the matter has not been assigned to a Hearing Panel.

As the ODC notes, in response to Respondent's letters dated December 30, 2023 and January 5,

2024 to the Co-Chairs of the Board of Professional Responsibility requesting that the Chairs to

direct the ODC to dismiss the matter, this matter was transmitted on April 7, 2024 to a Preliminary

Review Committee for action.  However, the PRC concluded that it would take no action because

the ODC had not yet completed its preliminary investigation and submitted a report and

recommendation.

*In Re:  Lynch*
Case Number: 2023-42
Page 4

## DISCUSSION

At this stage, issuance of a Protective Order is unwarranted as Respondent has not identified any discovery sought by the ODC.  While the ODC has requested a response to a letter concerning conduct that the ODC alleges may violate certain rules, Rule 207.12(g) applies only to discovery, and not to any action taken in furtherance of an investigation.  While Respondent cites no authority for the proposition that the identity of a client is confidential,[1] even if there was some support for that proposition in this instance, Respondent would not be prohibited from responding that he had assisted "Client A in December 2021, Client B in February 2022, and Client C in March 2022," and providing redacted engagement letters, redacted invoices, or other documentation to substantiate a response, to the extent the services were not reflected by court filings.  Additionally, even Respondent cannot be compelled to testify at a hearing, if this matter progresses beyond a Preliminary Review Committee to a Panel of the Board of Professional Responsibility, Respondent cites no authority to support a finding that a mere request for information from a disciplinary body implicates constitutional protections.

## CONCLUSION

The rules of the Supreme Court entrust to the ODC in the first instance to either dismiss a matter or refer it to a Preliminary Review Committee.  In turn, the Preliminary Review Committee is entrusted to determine whether a matter presented to the Committee should be dismissed, with or without conditions (per  S. Ct. R. 207.9(b)(2)(A)) or whether action pursuant to 207.9(b)(2)(B-F) is warranted because there is probable cause to believe the Respondent has engaged in

---

[1] At least some courts have reached the opposition conclusion. *See, e.g., United States v. Ponder*, 475 F.2d 37, 39 (5th Cir. 1973) (stating that "[t]he identity of a client is a matter not normally within the [attorney client] privilege); *see also In re Grand Jury Proceedings*, 689 F.2d 1351, 1352 (11th Cir. 1982) (citing *Ponder*).

*In Re: Lynch*
Case Number: 2023-42
Page 5

professional misconduct.  In response to an inquiry from the ODC, the Respondent can come

forward with such information as supports a conclusion that dismissal is warranted.  However,

insofar as no discovery requests have been issued, the Motion for a Protective Order is DENIED.[2]

DATED: July 19, 2024                    /s/ *Simone R. D. Francis*

                                        SIMONE R. D. FRANCIS
                                        CO-CHAIR,   BOARD   ON   PROFESSIONAL
                                        RESPONSIBILITY

DATED: July 19, 2024                    /s/ *Diane Russell*

                                        DIANE RUSSELL
                                        CO-CHAIR, BOARD ON PROFESSIONAL
                                        RESPONSIBILITY

---

[2] On May 13, 2024, Respondent filed a Petition for Disqualification of Special Disciplinary Counsel from further consideration.  That matter has been docketed by the Supreme Court, as reflected by a June 12, 2024 Order.

A 20



**DOCKET SHEET**

| Submitted Date | Filed Date | Document Description |
|---|---|---|
| 09-10-2024 | 09-10-2024 | Notice - Notice of Entry of Judgment/Order |
| 09-10-2024 | 09-10-2024 | Order - Order |
| 07-20-2024 | 07-20-2024 | Notice - Notice to the Court |
| 07-08-2024 | 07-09-2024 | Response - Other |
| 06-26-2024 | 06-26-2024 | Notice - Exhibit |
| 06-26-2024 | 06-26-2024 | Response - Reply Motion |
| 06-12-2024 | 06-12-2024 | Notice - Notice of Entry of Judgment/Order |
| 06-12-2024 | 06-12-2024 | Order - Order |
| 06-11-2024 | 06-12-2024 | Notice - Proposed Order |
| 06-11-2024 | 06-12-2024 | Motion - Motion to Dismiss |
| 05-23-2024 | 05-23-2024 | Notice - Exhibit |
| 05-23-2024 | 05-23-2024 | Notice - Notice to the Court |
| 05-14-2024 | 05-14-2024 | Notice - Proposed Order |
| 05-14-2024 | 05-14-2024 | Notice - Exhibit |
| 05-14-2024 | 05-14-2024 | Initiating Document - Other |

1 to 15 of 15 records

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

May 14, 2024 08:01 AM
SCT-Civ-2024-0032
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

## SUPREME COURT OF THE VIRGIN ISLANDS

**\*\*\*\*\*\*\***

PETER JAMES LYNCH,                           SCT-CIV-2024-_____
        Petitioner,
   v.
KATHRYN ANNE DONNELLY,
Special Designated Disciplinary
Counsel,
_____Respondent._____/

### PETITION FOR DISQUALIFICATION

COMES NOW the Petitioner, Peter James Lynch, Esq., *pro se*, and

Petitions for the Disqualification of Kathryn Anne Donnelly, Esq. from the

Confidential Matter 2023-42, and says:

1. Petitioner holds Virgin Islands Bar license No. 1256, and since July 9, 2013,
   has been continuously a regularly admitted attorney member of the Virgin
   Islands Bar in good standing. **Exhibit 1**.

2. Respondent is Virgin Islands Special Designated Disciplinary Counsel.

3. This Court may exercise jurisdiction over the instant action under
   V.I.R.App.P. 13(c).

4. On October 13, 2023, Petitioner received certified mail, return receipt
   correspondence from the Respondent dated October 11, 2023 referencing
   "Confidential Case 2023-42." **Exhibit 2**, exhibit A thereto.

5. Of note, Respondent used Virgin Islands Supreme Court letterhead to send her
   correspondence to Petitioner, implicitly admitting that she was employed by
   this Court, and well knew so. **Exhibit 2**, exhibit A thereto.

## A 23

*Lynch v. Donnelly*
SCT-CIV-2024-_____
Petition for Disqualification

Page 2 of 8

6.  Petitioner timely filed his response by emailing it to the Respondent on November 13, 2023. **Exhibit 2**, exhibit B thereto.

7.  Respondent failed to acknowledge or respond to Petitioner's response, and also failed to forward the matter to the Board on Professional Responsibility (the "Board") or to a Preliminary Review Committee ("PRC") with a recommendation for further disposition, or to dismiss the matter.

8.  Petitioner complained to the Board by letter dated December 30, 2023. **Exhibit 2**.

9.  Respondent filed a response to Petitioner's letter to the Board on January 2, 2024. **Exhibit 3**.

10. Petitioner responded to the Board on January 5, 2024. **Exhibit 4**.

11. Despite the passage of more than four months, there has been no ruling or other response from the Board.

12. Petitioner has exhausted every potential avenue for relief prior to seeking relief in this Court. This Court, as the final authority on attorney discipline and the regulation of practice of law in the Virgin Islands, is Petitioner's last resort.

13. Petitioner seeks the disqualification of Attorney Donnelly for the following reasons:

A 24

*Lynch v. Donnelly*
SCT-CIV-2024-_____
Petition for Disqualification

Page 3 of 8

i. **Incompetence**. Failing to screen and evaluate the information brought to her attention, Respondent has taken the position that Petitioner "potentially" made false representations to members of the bar, while providing no evidence of the falsity of any representation made by the Respondent. Respondent can make no reasonable inference of misconduct by Petitioner, yet refuses to dismiss the matter as V.I.S.Ct.R. 207.9(a)(ii)(A) requires;

ii. **Incompetence**. Respondent insists that Petitioner must mark his communications soliciting business from other attorneys as "Advertising Material." Respondent is profoundly unfamiliar with the Virgin Islands Rules of Professional Conduct, which, at V.I.S.Ct.R. 211.7.3, expressly permit attorneys to solicit professional employment from other attorneys, without marking the solicitation as advertising material;

iii. **Conflict of Interest**. Attorney Donnelly has a nonwaivable conflict of interest. Since 2022, her supervising attorney Tanisha Bailey-Roka has been a defendant in a civil action in which Petitioner is a plaintiff. Members of ODC serve in a quasi-judicial role, and must conduct themselves in conformity with the canons of judicial conduct. The Virgin Islands Model Code of Judicial Conduct stress that the judiciary be impartial. Petitioner and Bailey-Roka's adversarial roles in civil litigation

*Lynch v. Donnelly*
SCT-CIV-2024-_____
Petition for Disqualification

Page 4 of 8

preclude Bailey-Roka's impartiality.  Virgin Islands Model Code of
Judicial Conduct Rule 2.11(A)(1) (requiring a judge to disqualify herself
in any proceeding where the judge's impartiality might reasonably be
questioned, including but not limited to … [when] the "judge has a personal
bias or prejudice concerning a party").  Since Bailey-Roka directly
supervises and directs Respondent, including *sua sponte* generating
Confidential Case No. 2023-42 and assigning it to Respondent[1], this
conflict is imputed to Respondent;

iv.   **Bias**.  The Court may take judicial notice of the fact that in recently closed
Confidential Case No. SCT-CIV-2024-0012, Respondent was unable to
contain her written emotional outbursts, repeatedly asserting without
evidence that Petitioner had violated numerous rules of professional
conduct, and was unfit to practice law.  Respondent is not impartial, has a
clear bias against the Petitioner, and the Code of Judicial Conduct requires
her recusal or disqualification;

v.    **Bad faith**.  Every attorney has a duty to bring only meritorious suits,
having a legitimate basis in fact and existing law or an extension of existing

---

[1] Please note the referenced **Confidential Case No. 2023-42,** *Sua Sponte* **Investigation,** as well as Sentence 2, Paragraph 2, in which Attorney Donnelly wrote "**I am the attorney assigned to this matter.**" **Exhibit 2**.

*Lynch v. Donnelly*
SCT-CIV-2024-_____
Petition for Disqualification

<u>Page 5 of 8</u>

law.  V.I.R.App.P. 15(g)(2).  Matters brought with no merit and without any conceivable hope of success, whose only purpose is to oppress, harass, or intimidate a respondent, constitute vindictive litigation.  Respondent brought Confidential Case No. 2023-42 in bad faith, intending only to harass, oppress, and intimidate Petitioner.  Respondent should be disqualified, and an independent evaluator assigned.

14. The Respondent has failed to dispose or advance Confidential Case No. 2023-42, a simple matter, in the six months since Petitioner filed his response to it on November 13, 2023.

15. The foregoing represents the Virgin Islands ODC's unfortunate continuing pattern of singling out certain attorneys to target them for discipline, and refusing to properly evaluate and screen, and dismiss or advance attorney disciplinary matters.  This, and not any shortage of manpower, is the true reason for the unacceptable, extraordinary backlog of attorney disciplinary matters in the Virgin Islands, which cases number in the hundreds.

16. Disciplinary matters are quasi-criminal.  As such, the Constitution, as adopted by the Revised Organic Act, prohibits double jeopardy.  Yet, Respondent and her supervising attorney seek to maintain Petitioner, and many other Virgin Islands law licensees, in <u>perpetual limbo jeopardy</u> with forever unresolved disciplinary matters.

*Lynch v. Donnelly*
SCT-CIV-2024-_____
Petition for Disqualification

Page 6 of 8

17. A law license, once earned, is property which requires due process prior to seizure. The Respondent's and ODC's practice of failing to dismiss even the simplest attorney disciplinary complaint or advance it to the Board with a recommendation for disposition, for six months or more, as here, impermissibly burdens Petitioner's law license, and violates procedural due process guaranteed by the Fourteenth Amendment.

18. Left unchecked, Respondent will continue to violate Petitioner's First Amendment rights of free speech and association with other members of the Virgin Islands Bar, by seeking to punish Petitioner for exercising them.

19. <u>Awaiting a final adverse disposition and appealing it to this Court would be futile</u>. The final adverse disposition never occurs, because Respondent and her supervising attorney rarely advance cases to the Board, instead choosing to retaliate against their least favorite bar members (mainly those who defend themselves) by simply refusing to dismiss, and failing to advance their cases. Aside from the undersigned, few attorneys raise these issues with the Board, apparently out of fear of this retaliation.

20. The general recognition by the local bar membership of this unfortunate state of affairs has given rise to a new exploitative subculture within the Virgin Islands legal community, in which the attorney disciplinary system has become weaponized. Attorneys feel free to threaten, file, or convince others

A 28

*Lynch v. Donnelly*
SCT-CIV-2024-_____
Petition for Disqualification

Page 7 of 8

to file ethics complaints as litigation tools, to disadvantage or even incapacitate their opposing counsel, knowing that disciplinary actions seldom get resolved in any semblance of timely fashion.  Even though their complaints may be groundless, these attorneys invoke V.I.S.Ct.R. 207.10 to claim immunity, thereby escaping any consequence for their bad faith weaponization of the disciplinary apparatus.

21. Respondent must be disqualified for her incompetence, nonwaivable conflict, bias, and bad faith.  No lesser sanction will serve the interests of justice.

WHEREFORE the Petitioner Peter James Lynch, Esq. respectfully requests that this Honorable Court Grant his Motion, disqualify Attorney Donnelly, and assign a truly independent investigator to Case No. 2023-42.

May 13, 2024                    Respectfully,

*/s/ Peter J. Lynch*
Peter J. Lynch, Esq., *pro se*
c/o FLAG LAW VI
PO Box 303300
St. Thomas, VI 00803
(340) 201-5955 c
(340) 776-7801 o
(888) 481-4960 f
pete@flaglawvi.com

A 29

*Lynch v. Donnelly*
SCT-CIV-2024-_____
Petition for Disqualification

<u>Page 8 of 8</u>

<u>**Certificate of Service**</u>

I hereby certify that on this 13th day of May, 2024, I served a copy of the foregoing on the below-listed parties and counsel, as further described below:

By USPS Priority Express Mail to:

Kathryn Donnelly, Esq.
Virgin Islands Special Designated Disciplinary Counsel
PO Box 590
St. Thomas, VI 00804-0590

By email to:

Veronica Handy, Esq.
Clerk of the Supreme Court of the Virgin Islands
veronica.handy@vicourts.org

Simone Francis, Esq.
Co-Chair, Board on Professional Responsibility
simone.francis@ogletree.com

Diane Russell, Esq.
russell.diane1@gmail.com

*/s/ Peter J. Lynch*

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

June 12, 2024 04:08 PM
SCT-Civ-2024-0032
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

## 2IN THE SUPREME COURT OF THE VIRGIN ISLANDS

IN RE:                                        )    S. Ct. Civ. No. 2024-0032
                                              )
**PETER J. LYNCH,**                           )
Petitioner.                                   )
_____        )

On Petition for Writ of Prohibition

# ORDER

**THIS MATTER** comes before the Court pursuant to a "Petition for Disqualification" filed by Peter J. Lynch, Esq., which requests that this Court disqualify Kathryn Anne Donnelly, Esq. from representing the Office of Disciplinary Counsel in a disciplinary proceeding initiated against him. Because the relief Attorney Lynch seeks from this Court would be "to prohibit action," we construe his filing as a petition for writ of prohibition.  Although Attorney Lynch captioned this case as "Peter James Lynch v. Kathryn Anne Donnelly," this Court will recaption this matter as "In re Peter J. Lynch" to comply with Rule 13(a) of the Virgin Islands Rules of Appellate Procedure, which directs that a petition initiating an original proceeding with this Court "shall be titled 'In re [name of petitioner].'"

**ORDERED** that, in accordance with Rule 13(a) of the Virgin Islands Rules of Appellate Procedure, the caption of this case **SHALL BE AMENDED** to read "In re Peter James Lynch." It is further

**ORDERED** that, **on or before June 26, 2024**, Petitioner Peter James Lynch, Esq. **SHALL FILE** a response to the "Motion to Dismiss and For Sanctions" filed by Respondent Kathryn Anne Donnelly, Esq.  It is further

**ORDERED** that copies of this Order shall be served on the appropriate parties.

**SO ORDERED** this 12th day of June, 2024.

A 31

*In re: Lynch*
S. Ct. Civ. No. 2024-0032
Order
Page 2 of 2

/s/ Rhys S. Hodge_____
**RHYS S. HODGE**
**Chief Justice**

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** /s/ Jahkyda Coakley_____
    **Deputy Clerk**

**Dated**: June 12, 2024_____

**Copies to:**
Justices of the Supreme Court
Peter J. Lynch, Esq.
Kathryn Donnelly, Esq., Special Designated Disciplinary Counsel
Tanisha Bailey-Roka, Esq., Chief Disciplinary Counsel
Simone R.D. Francis, Esq., Chair, Board on Professional Responsibility
Veronica J. Handy, Esq., Clerk of the Supreme Court
Supreme Court Law Clerks
Supreme Court Secretaries
Order Book

A 32

# SUPREME COURT OF THE VIRGIN ISLANDS

PETER JAMES LYNCH
         Petitioner,

v.

KATHRYN ANNE DONNELLY,
Special Designated Disciplinary
Counsel,
         Attorney Lynch

SCT-CIV-2024-0032

## **MOTION TO DISMISS AND FOR SANCTIONS**

**COMES NOW,** KATHRYN ANNE DONNELLY, Special Designated Disciplinary Counsel of the Office of Disciplinary Counsel and hereby submits this Motion to Dismiss and Request for Sanctions in response to the May 23, 2024 filing of petitioner Peter Lynch ("petitioner"), who is the subject of a pending disciplinary complaint.

## **FACTS**

The Undersigned, on behalf of the Office of Disciplinary Counsel ("ODC"), sent a complaint to Attorney Lynch, dated October 11, 2023, by First Class and Certified Mail, Return Receipt Requested, seeking information pursuant to Rule 207 of the Supreme Court of the Virgin Islands Rules of Professional Conduct. (*See* V.I.S.Ct.R 207.9(a)(ii)(B)). In a letter dated November 13, 2023, Attorney Lynch demanded the dismissal of the complaint without having to answer it. He

A 33

*ODC Motion for Sanctions and to Dismiss Petition for Disqualification*
June 11, 2024
*P a g e* | **2**

claimed that the complaint did not contain an ethical violation or a reasonable

inference of misconduct or incapacity; and that the investigation is "tainted with

conflict" because Attorney Lynch previously commenced litigation against the

Chief Counsel Tanisha Bailey-Roka, who supervises the Undersigned. (Exhibit A).

The ODC did not dismiss the complaint. Attorney Lynch then petitioned the

Board on Professional Responsibility ("BPR") for relief. On December 30, 2023,

Attorney Lynch sent a letter to the co-Chairs of the BPR, Attorneys Simone Francis

and Diane Russell, seeking their intervention to "direct the ODC to dismiss clearly

frivolous Confidential Case No. 2023-42." (Exhibit B).

While his letter request was pending at the BPR, the ODC issued a second

letter to Attorney Lynch, dated January 2, 2024, explaining to him, in the simplest

terms, what Rules were implicated by his conduct. (Exhibit C). The ODC also

extended Attorney Lynch's time to answer the complaint by fifteen days. However,

Attorney Lynch failed to provide an answer. On January 5, 2024, Attorney Lynch

sent a <u>second letter</u> to the co-Chairs of the BRP, imploring them again to "direct

the ODC to dismiss clearly frivolous Confidential case No. 2023-42." (Exhibit D).

On April 7, 2024, one of the co-Chairs of the BPR transmitted the matter by

email to a Preliminary Review Committee pursuant to Rule 207.9(b). The co-Chair

explained to the Committee members that the Rules do not confer any authority on

*ODC Motion for Sanctions and to Dismiss Petition for Disqualification*
June 11, 2024
*Page | 3*

the co-Chairs to direct the ODC to dismiss a matter. Thus, Attorney Lynch's letter

request for outright dismissal of the complaint by the co-Chairs was denied. The

co-Chair asked the PRC to exercise its authority to determine the appropriate next

step to address Attorney Lynch's claims.

On May 21, 2024, the Panel Chair of the PRC sent an email informing the

ODC that the Committee came to the *unanimous* conclusion that Attorney Lynch's

outreach to the BPR, in effect bypassing the ODC, was improper. The Panel Chair

also found that engagement of the PRC panel was premature because the ODC had

not yet completed its preliminary investigation or submitted its Report and

Recommendation to the PRC.

Thereafter, on May 22, 2024, the ODC issued a letter directing Attorney

Lynch to answer the complaint on or before May 31, 2024. In that letter, the ODC

advised Attorney Lynch that his continued failure to respond to the complaint

would be deemed an ethical violation in its own right. (*See* V.I.S.Ct.R. 211.8.1(b)

("a lawyer in connection with a disciplinary matter, shall not … knowingly fail to

respond to a lawful demand for information from an admissions or disciplinary

authority…"). Attorney Lynch failed to provide an answer to the ODC by the new

deadline. Given Attorney Lynch's arbitrary and calculated refusal to answer the

complaint, he has slowed the ODC's ability to complete its investigation.

A 35

*ODC Motion for Sanctions and to Dismiss Petition for Disqualification*
June 11, 2024
*P a g e* | **4**

In a new attempt to evade the disciplinary process, Attorney Lynch filed the instant frivolous proceeding with the Court and, on May 24, 2024, he re-filed a request for BPR intervention. Attorney Lynch's latest frenzy of filings appears to be nothing more than an exercise otherwise known as, "throwing everything against the wall to see what sticks." His recent filing with the BPR carries the new label of a request for "Emergency Request for Protective Order" against "unauthorized discovery demands." (Exhibit E). What the Petitioner really wants is to be exempt from the rules and regulations applicable to attorneys licensed to practice law in the Territory.

### **THE BPR ALREADY DECIDED AGAINST ATTORNEY LYNCH**

A request for supplemental information to a complaint information to a complaint is not considered a discovery request in accordance with V.I.S.Ct.R. 207.12. The ODC has not subpoenaed any records from Attorney Lynch, it simply requested a response to the complaint. (*See* V.I.S.Ct.R. 207.9 (a)(ii)(B) ("[i]f the information regarding the lawyer, on its face, is sufficient to raise a reasonable inference of misconduct or incapacity, the ODC shall gather supplemental information.") The ODC has not moved to compel any witness's testimony or the production of pertinent books, papers, and documents for the purposes of

*ODC Motion for Sanctions and to Dismiss Petition for Disqualification*
June 11, 2024
*P a g e* | **5**

evaluation or investigation, as may occur once a formal investigation has commenced. (*See* V.I.S.Ct.R. 207.12(a))

The petitioner is premature in seeking a protective order. The petitioner's new request is nothing more than a rehashing of his unsuccessful original requests. Petitioner failed to explain why the BPR's first ruling, that it did not have the authority to dismiss a complaint, was in error. Attorney Lynch is obligated to respond to lawful demands for information by the ODC and nothing in the Rules shall be deemed to limit that obligation. (*See* V.I.S.Ct.R 207.12 (i)). Thus even if the petitioner believed that part of his answer was privileged or protected under some theory he has yet to proffer, it is inappropriate to assume the grant of a protective order merely as a result of filing a motion therefore. (*See Sheen v. Cont'l Ins. Co.*, 18 V.I. 164, 165 (1982) ("[t]he entire process of filing the motion for a protective order flies in the face of good faith effort to comply with the Rules of Civil Procedure.") Petitioner's dilatory and frivolous tactics must end now.

## ARGUMENT

Petitioner's proceeding before this Honorable Court must be dismissed. First, the Undersigned is not a viable defendant, as she is immune from civil suit. A Special Disciplinary Counsel for the ODC "shall be immune from civil suit for any conduct in the discharge of their official duties." (V.I.S.Ct.R. 207.10). It was during

*ODC Motion for Sanctions and to Dismiss Petition for Disqualification*
June 11, 2024
*P a g e | 6*

the course of the Undersigned's official duties when she sent the complaint to

Attorney Lynch. Secondly, this Honorable Court should decline jurisdiction to

entertain petitioner's frivolous claims, as they were addressed both at the BPR and

PRC levels. Petitioner lost, and is therefore desperate in his final bid to overturn

their decisions by this Honorable Court, who remains the ultimate authority over

attorney regulation. Petitioner filed, in the guise of a motion to disqualify the

prosecuting attorney, what is essentially an appeal of the BPR and PRC decisions.

All orders by the Chair or Vice-Chair of the Board or the chair of a Hearing

Panel "are interlocutory and may not be appealed prior to the Board's submission

to the Court of its final report." (V.I.S.Ct.R. 207.12(g)). This Honorable Court

should accede to the administrative process that occurred before the members of

the disciplinary agencies appointed by this very Court to review disciplinary and

discovery disputes. Generally, the Court's role is to review and adjudicate the final

report and recommendations of the BPR after the disciplinary proceeding is

concluded. (*See* V.I.S.Ct.R. 207.9 (e)). Petitioner has leapfrogged over the entire

process to land before this Honorable Court in the hopes that it might absolve him

of having to answer a grievance complaint. What petitioner is suggesting is to

disregard and ignore the decisions made at the administrative level of the

disciplinary process. The rules, structure, and scope of disciplinary enforcement do

*ODC Motion for Sanctions and to Dismiss Petition for Disqualification*
June 11, 2024
*P a g e* | *7*

not condone petitioner's aberration in the well-defined process that exists within the Rules.

In his petition for disqualification, in paragraph 6, petitioner described his letter of November 13, 2023, as a timely filing. However, his letter failed to respond to the allegations in the complaint. Any submission of incomplete responses is not "meaningful cooperation" – a requirement of V.I.S.Ct.R. 211.8.1(b). (*See In re the Suspension of Maynard*, 68 V.I. 632, 644 (2018)) Petitioner's barrage of meaningless and vituperative rantings against the Undersigned in filings to the BPR, and now this Court, over the last seven months does not equate to meaningful cooperation.

In its May 22, 2024 letter, the ODC reminded Attorney Lynch of his requirement to cooperate with the ODC and extended his time to answer the complaint until May 31, 2024. However, Attorney Lynch persisted in not cooperating. Instead, he filed a frivolous motion with this Court seeking disqualification of counsel without any basis in law or fact. He sought a protective order from the BPR, even though it previously decided against him by allowing the investigation to proceed.    Petitioner's frivolous and repetitive game of lawsuit musical chairs makes a mockery of the disciplinary enforcement system.

*ODC Motion for Sanctions and to Dismiss Petition for Disqualification*
June 11, 2024
*P a g e* | *8*

Petitioner argues that the Undersigned has a conflict of interest, which compels disqualification. The basis for his claim smacks of a legal ploy, which this Honorable Court should not entertain. Petitioner has filed multiple lawsuits against the Undersigned, former Special Disciplinary Counsel, and the Chief Disciplinary Counsel of the ODC in multiple jurisdictions, including District Courts and Circuit Courts of Appeals. None of the courts in which he filed has found in his favor. Petitioner cannot bootstrap to his motion to disqualify counsel his conflict of interest claim by inserting himself in a lawsuit against the Undersigned or the Chief Disciplinary Counsel. (*See* Adams v. City of N.Y. 2010 NY Slip Op 31528(U), ¶8 (Sup.Ct.))

Genuine impermissible conflicts of interest for prosecutors include their relationship to a prior or related proceeding, government misconduct or based on their actual, alleged, or potential status as a witness. (*United States v. Cox*, No. 11-99 (JLL), 2012 U.S. Dist. LEXIS 78731, at *19 (D.N.J. May 31, 2012) Disqualification of a prosecutor is only warranted where prosecutorial misconduct is proven by clear and convincing evidence, resulting in some prejudice and "cannot be justified by mere inference from the filing of a civil suit." (*Smith v. United States*, No. 3:03CR122-GHD, 2007 U.S. Dist. LEXIS 82920, at *8 (N.D. Miss. Nov. 8, 2007). Petitioner has alleged no prosecutorial misconduct or any

A 40

*ODC Motion for Sanctions and to Dismiss Petition for Disqualification*
June 11, 2024
*P a g e* | **9**

other serious charges which would warrant a remedy as drastic as the

disqualification of a prosecutor.

## **SANCTIONS ARE WARRANTED**

Courts have "inherent power to impose sanctions on litigants and attorneys

appearing before it for bad-faith conduct." (*Withey v. Bermudez*, No. SX-12-CS-37,

2014 V.I. LEXIS 108, at*4 (Super. Ct. Dec. 16, 2014) (*quoting Samuel v. United*

*Corporation*, 2013 V.I. LEXIS 62, [WL] *2 (V.I. Super. 2013)). "[S]anctions are

not merely levied for the sole purpose of compensating for actual monetary loss,

but are also punitive and corrective." (*Id*. at *6) Failure to comply with procedural

rules may result in sanctions. (*See Maynard v. Gov't of the V.I.*, No. SX-2018-MC-

00066, 2023 V.I. LEXIS 30, at *11 (Super. Ct. July 7, 2023) (one day before a

scheduled hearing, petitioner's counsel filed an Emergency Motion to Continue,

resulting in monetary sanctions)). In a bid to continue avoiding answering the

ODC's complaint, Attorney Lynch has engaged in more protracted legal wrangling.

Attorney Lynch acts as if he is above the rules, un-accountable, challenging the

ODC's legal authority at every turn without any basis.

## **CONCLUSION**

Attorney Lynch's petition for disqualification fails to state a cause upon

which relief may be granted. Moreover, there is no jurisdiction naming the

*ODC Motion for Sanctions and to Dismiss Petition for Disqualification*
June 11, 2024
*P a g e* | *10*

Undersigned as a defendant in an action. Petitioner's action in bringing more frivolous litigation to avoid answering a complaint is nothing more than an intentional flouting of this Court's rules and procedures. In response to this behavior, this Honorable Court should impose sanctions and grant the ODC's motion to dismiss.

Respectfully submitted,


Dated: June 11, 2024          /s/ Kathryn Donnelly
                              Kathryn Donnelly
                              Special Designated Disciplinary Counsel
                              Supreme Court of the Virgin Islands
                              P.O. Box 336
                              Frederiksted, VI  00841
                              Tel.: 340-693-4127
                              Fax: 340-772-0004


## CERTIFICATE OF SERVICE

It is hereby certified that on this 11th day of June, 2024 a copy of the foregoing was e-filed via the VIJEFS constituting service on registered filing users of the document, pursuant to Rule 7 of the Virgin Islands Electronic Filing Rules on Peter Lynch.

                              /s/ Kathryn Donnelly
                              Kathryn Donnelly


A 42

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

June 26, 2024 02:49 PM
SCT-Civ-2024-0032
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

**\*\*\*\*\*\*\***

In Re:                                            SCT-CIV-2024-0032

PETER J. LYNCH,

_____Petitioner._____/

## OPPOSITION TO MOTION TO DISMISS AND FOR SANCTIONS

COMES NOW the Petitioner, Peter J. Lynch, Esq., and files his Opposition to Special Designated Disciplinary Counsel Kathryn Donnelly's June 11, 2024, "Motion to Dismiss and for Sanctions" (the "Motion"), and says:

### Background

The Court elected to construe the instant May 11, 2024, petition for disqualification as a request for a writ. However, Attorney Donnelly's actions since the instant petition was filed make a writ before this Court inappropriate at this time, because the Board now is considering an emergency motion filed by petitioner in response to an unlawful demand letter by Attorney Donnelly.

Attorney Donnelly's May 22, 2024, improper demand letter to petitioner, setting a deadline for petitioner to respond to questions or face disciplinary charges of failure to cooperate, precipitated petitioner's filing of a May 24, 2024, emergency motion for a protective order with the Board on Professional Responsibility (the "Board"). **Exhibit A**.[1] Although, due to technical difficulties,

---

[1] Petitioner hereby waives confidentiality in writing for Case No. 2023-42.

A 43

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

<u>Page 2 of 20</u>

it took nearly a month for that emergency motion to reach the hands of the Board

co-Chairs, it is there now for the Board's review and consideration.

In light of the foregoing, rather than a writ, the Court should construe the

instant petition as a disciplinary complaint against Attorney Donnelly, pursuant

to V.I.S.Ct.R. 207.15(j), and should assign an independent special counsel as that

rule requires.

As for Attorney Donnelly's pending Motion to Dismiss and for Sanctions,

the following should be stated:

1. Attorney Donnelly made some serious accusations against this petitioner

    in her Motion, including that:

    i. "In a letter dated November 13, 2023, Attorney Lynch demanded the

       dismissal of the complaint without having to answer it,"[2] implying

       that this petitioner failed to respond to Confidential Case No. 2023-

       42;

    ii. That "Attorney Lynch's letter request for outright dismissal of the

        complaint by the co-Chairs [of the Board on Professional

        Responsibility] was denied,"[3] and

_____

[2] Motion, page 1.
[3] *Id.* at page 3.

A 44

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 3 of 20

    iii.   That a PRC had been convened, which "came to the *unanimous* conclusion that Attorney Lynch's outreach to the BPR [the "Board on Professional Responsibility"] in effect bypassing the ODC, was improper."[4]  This implied that petitioner had communicated *ex parte* with the Board.

    iv.   That at the time petitioner filed the instant action in this Court, "the BPR already decided against Attorney Lynch."[5]

    v.   Implied that petitioner had "engaged in bad faith conduct."[6]

    vi.   That "petitioner is suggesting to disregard the decisions made at the administrative level of the disciplinary process,"[7] knowing that a Preliminary Review Committee ("PRC") and the Board on Professional Responsibility had "ruled against him,"

2.   The undersigned looked into Attorney Donnelly's foregoing representations in her Motion, by emailing the Board co-Chairs., with cc to Attorney Donnelly.  **Exhibit B**.

3.   The St. Thomas Board co-Chair responded by email on June 20, 2024, stating, in pertinent part, "As of the date of this email, the Board Chairs

---

[4] *Ibid.*
[5] *Id.* at four.
[6] *Id.* at page nine.
[7] *Id.* at page 6.

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

<u>Page 4 of 20</u>

have issued no decisions or rulings with respect to the Emergency Motion
or any of the other matters referred to below," and "Further, while I
received a May 24, 2024 email from you forwarding cases are referenced
in the undersigned's Emergency Motion, just submitted, and are provided
for reference, I can find no record of having received the Emergency
Motion that is referred to in that email communication.  Kindly provide a
duplicate copy of the May 24, 2024 transmission with the Emergency
Motion (and its attachments)." **Exhibit C**.

4.  Petitioner did send the requested Emergency Motion and Attachments by
    alternative electronic means, and the St. Thomas co-Chair successfully
    received it on Friday, June 21, 2024.  **Exhibit D**.

5.  The representations of fact by Attorney Donnelly in her Motion do not
    square with the account of the St. Thomas Board co-Chair.  For example,
    Attorney Donnelly's statement that "the BPR already decided against
    Attorney Lynch" is directly contradicted by the St. Thomas Board co-
    Chair's statement that "[a]s of the date of this email [June 20, 2024], the
    Board Chairs have issued no decisions or rulings with respect to the
    Emergency Motion or any of the other matters referred to below."

6.  Attorney Donnelly's representation, also problematic for her, that a PRC
    had been convened, pursuant to V.I.S.Ct.R. 207.9(b), which "came to the

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

<u>Page 5 of 20</u>

unanimous conclusion that Attorney Lynch's outreach to the BPR [the

"Board on Professional Responsibility"] in effect bypassing the ODC, was

improper." V.I.S.Ct.R. 207.9(b)(1) requires:

> If the matter is to be presented to the PRC, the ODC shall
> notify the respondent in a timely manner prior to the
> scheduled meeting of the PRC, and shall inform the
> respondent that the respondent may submit to the ODC any
> further written information for consideration by the PRC at
> such meeting.

7.  Attorney Donnelly never informed this petitioner, the respondent in 2023-

42, of any upcoming PRC meeting, or provided an opportunity for this

petitioner to submit any additional, written evidence to the PRC before it

convened. **Exhibit E** Affirmation, ¶¶ 1-4.

8.  Attorney Donnelly never informed this petitioner, until filing her Motion

in this Court, that the PRC and the Board had ruled against him, nor has

she ever provided a copy of any such decision.

9.  For Attorney Donnelly, this conduct is simply a continuation of her

business-as-usual rule violations. Despite Petitioner's pointing out in his

November 13, 2023 response to 2023-42 that her failure to dismiss upon

initial screening was itself a rule violation, she has made no effort to

explain why she refuses to dismiss. "Respondent has taken the position

that Petitioner "potentially" made false representations to members of the

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 6 of 20

bar, while providing no evidence of the falsity of any representation made by the Respondent.  Respondent can make no reasonable inference of misconduct by petitioner, yet refuses to dismiss the matter as V.I.S.Ct.R. 207.9(a)(ii)(A) requires." Petition, page 3.  A reasonable, impartial special designated disciplinary counsel would have compared the emails and notices of appearance to the "suggestion" in the complaint that the petitioner had defrauded or deceived any recipient, and would have found no good faith basis to conclude that any misrepresentation whatsoever had occurred.

10. The matter at bar involves no such reasonable, impartial person.  The complaint in 2023-42 was *Sua Sponte*, generated by Chief Disciplinary Counsel Tanisha Bailey-Roka, Esq., and then assigned by her to Attorney Donnelly.  As beneficiaries of a portion any Annual Registration Statement fines, late fees, or reinstatement fees generated by their ARS suspension program, Attorneys Bailey-Roka and Donnelly hold a pecuniary interest in the outcome.  They have a vendetta against petitioner for interfering with their easy money.  This demonstrates bad faith.  Attorney Donnelly's conduct toward petitioner constitutes vindictive prosecution, i.e. the knowing pursuit of a claim for improper reasons.   "A defendant may establish vindictive prosecution (1) 'by producing direct evidence of the

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 7 of 20

prosecutor's punitive motivation[,]' or (2) by showing that the circumstances establish a 'reasonable likelihood of vindictiveness,' thus giving rise to a presumption that the Government must in turn rebut[.]" *United States v. Kent*, 649 F.3d 906, 912-13 (9th Cir. 2011).

*United States v. Cox*, 22-10143, *2 (9th Cir. Apr 08, 2024).

Other factors considered in determining whether a prosecution is "bad faith" or vindictive include (1) whether it was frivolous or undertaken with no reasonably objective hope of success, (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights, or (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion. *Phelps v. Hamilton*, 59 F.3d. 1058, 1065 (10th Cir. 1995). Petitioner in this case was engaged in lawful, commercial free speech protected by the First Amendment. With 2023-42, Attorneys Bailey-Roka and Donnelly sought to squelch that free speech. 'Bad faith' in this context generally also means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction. *Perez v. Ledesma*, 401 U.S. 82 at 85, 91 (1971). Case 2023-42 has no reasonable expectation of success.

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 8 of 20

## Analysis

Attorney Donnelly has a track record of making inconsistent statements to this Court. *In re: Sealed Respondent*, 24 VI 19. It appears that she has done so again in this case. Attorney Donnelly's accusations of wrongdoing by this petitioner are unsupported:

i.  Attorney Donnelly's representation that this petitioner failed to answer the complaint is completely false, as proven by the November 13, 2023, Response to Confidential Case No. 2023-42.

ii.  Attorney Donnelly's assertion that the Board denied this petitioner's request to dismiss the complaint is negated by the St. Thomas Board co-Chair's statement that the Board had made no decisions on the matter.

iii.  Attorney Donnelly's claim that a PRC had been convened, "which *unanimously* concluded it was improper to bypass the ODC and reach out to the Board," if true, contains an admission of her rule violation - she failed to notify this petitioner and provide him an opportunity to put additional written evidence before the PRC, as V.I.S.Ct.R. 207.9(b)(1) requires.

iv.  Attorney Donnelly's accusation that this petitioner filed the instant matter despite an adverse PRC decision, is problematic for her. She has not provided this petitioner a copy of the PRC decision which she claims exists,

A 50

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 9 of 20

although she could easily have done so.   Instead, she clandestinely held it, choosing to make a surprise attack on petitioner before this Court Since this petitioner had no knowledge of an adverse PRC decision, he cannot possibly be guilty of wrongdoing by filing the instant petition.

v.   Without identifying specific acts by petitioner to support it, Attorney Donnelly accuses this petitioner of "bad faith" for bringing the instant action, and attempting to "leapfrog" the ODC's process, in order to be "absolved" from responding to its grievance complaint.  This Petitioner has at all times operated in good faith toward the ODC, and timely responded to the complaint on November 13, 2023.   ODC simply doesn't like the answer.

vi.   Attorney Donnelly's accusation that this petitioner knowingly filed the instant matter, after having been ruled against by the Board and the PRC, fails, because this petitioner had no knowledge of any rulings at the time of filing the instant petition.  Had there been a ruling, it would have been Attorney Donnelly's duty to provide a copy.   Indeed, based on the statement of the St. Thomas Board co-Chair, it appears clear that, contrary to Attorney Donnelly's representations, no rulings existed.  **Exhibit C**. Even if Attorney Donnelly obtained rulings, they were tainted both by her

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

<u>Page 10 of 20</u>

failure to inform this petitioner in advance, as V.I.S.Ct.R. 207.9(b)(i) requires, and her failure to notify this petitioner after the fact.

By her Motion, it seems Attorney Donnelly simply seeks tactically to avoid answering the hard questions posed to her by the instant petition, namely, questions regarding her competence, conflict of interest, bias, and bad faith. We can now add "deception" to the list, based upon the evidence provided herewith that Attorney Donnelly has not shown candor to this tribunal – stating that rulings existed when they did not, urging this Court to find that this petitioner "leapfrogged" the system to file in this Court, knowing of prior rulings against him, when in reality Attorney Donnelly deliberately concealed the existence of any rulings from petitioner.

Deception equals dishonesty. It should go without saying that this is an unacceptable quality for a member of the ODC, but sadly it appears that saying it, again and again, in the case of Attorney Donnelly, has become necessary. She is destined to become a huge liability for this Court. The Court needs to act, not just because petitioner has asked, but for its own sake, because during her brief tenure, Attorney Donnelly has already done plenty behind the scenes that will leave a long-term tarnish on the Court's reputation.

Attorney Donnelly harbors a deep-seated animus against petitioner. It is inconceivable that this Court, which presided over *In Re: Sealed Respondent*,

In Re: Lynch
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 11 of 20

2024 VI 19 (V.I., 2024), could draw any other conclusion, where Attorney

Donnelly, seeking petitioner's interim suspension, went to extraordinary lengths

in filings to describe petitioner as a criminal, and even persisted after petitioner

proved her claims wrong by certified records.  Attorney Donnelly clearly despises

the petitioner, and harbors a deep-seated bias against him.  Such circumstances

rob disciplinary proceedings of impartiality and sacrifice the constitutional

protection of procedural due process.  Yet here, no one sees a problem with

having such an attorney continuing to serve as the "impartial investigator" in

2023-42.  In rather similar circumstances, where formal charges had not yet been

filed, an overzealous Hawaii special ODC made multiple demands that a

respondent provide responses to questions connected to elements the ODC would

need to prove to convict.  Ultimately, the Hawaii Supreme Court said this:

> In fact, Sunderland's questions require Breiner to <u>make
> admissions, to analyze and apply rules, and to state legal
> conclusions</u>. Cf. *In re Koryl*, 481 N.E.2d 393, 394 (Ind. 1985)
> (stating the "duty to cooperate does not, needless to say,
> require an admission of violation, nor does it preclude the
> advocacy of a theory of defense which is contradictory to the
> allegations of misconduct"; although "Respondent's duty to
> cooperate does require compliance with professional
> standards[,]" the "<u>Disciplinary Commission cannot use its
> authority to charge misconduct as a substitute for normal
> channels of discovery or to force a response which is
> otherwise permissive</u>").
> Sunderland's letter questions are interrogatories of the worst
> sort inasmuch as they are onerous and, in a number of
> instances, improper. <u>Many questions ask Breiner to opine on</u>

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 12 of 20

> matters that the ODC appears to be trying to establish and for
> which it bears the burden of proof by clear and convincing
> evidence.

*Breiner v. Sunderland*, 143 P.3d 1262, 1269 (Haw. 2006)
(underlined emphasis added).

Like Sunderland in Hawaii, Attorney Donnelly has demonstrated her bias
by demanding responses to improper, abusive, oppressive questions, and
threatening to seek discipline under V.I.S.Ct.R. for failure to cooperate if no
response is provided.    In her May 22, 2024, correspondence to petitioner,
Attorney Donnelly demanded that petitioner explain "how his actions did not
violate Rule 211.7.1, and closed by stating that failure to respond would be
grounds for discipline under Rule 211.8.1.  **Exhibit A**.  Attorney Donnelly is
attempting to bully admissions from petitioner, for elements for which she bears
the burden of proof by clear and convincing evidence.  Petitioner has a Fifth
Amendment right not to testify against himself which trumps any duty to respond
to Attorney Donnelly, particularly in light of the fact that Attorney Donnelly is
engaged in her trademark, unlawful, "expand the charges" mode, as she extracts
discovery (even though she claims it isn't discovery).

While Attorney Donnelly's October 11, 2023, original complaint vaguely
stated "The Office of Disciplinary Counsel is attaching documents that suggest
you made fraudulent or deceptive statements to at least one member of the Virgin

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 13 of 20

Islands Bar Association in your solicitation to represent them in proceedings before the Supreme Court of the Virgin Islands relative to the Annual Registration Statement … ,” there was no explanation included on how the documents suggested fraud or deceit, and no mention of a rule that petitioner was accused of violating.  By May 22, 2024, this changed.  After seven months, Attorney Donnelly identified a rule V.I.S.Ct.R. 211.7.1, and demanded that petitioner explain how he did not violate it.  This is exactly on point with *Breiner v. Sutherland*, where the Hawaii Supreme Court disqualified Sunderland.  Attorney Donnelly is engaging in identical oppressive and abusive methods in efforts to extract admissions from petitioner, under the false pretense that she has the authority to do so.

**Sanctions Against Petitioner are Completely Inappropriate**

This petitioner is clearly undeserving of sanctions, as he has operated at all times in good faith, consistent with the rules and the facts as he understood them to be.

As petitioner stated in his November 13, 2023 response, Attorney Donnelly’s October 11, 2023, disciplinary complaint failed to state any ethical violations.  **Exhibit F**.  Attorneys soliciting other attorneys are not required to mark their correspondence as “Advertising Material.”  V.I.S.Ct.R. 211.7.3(a)(1), (c).  Also, as Attorney Donnelly put it in her October 11, 2023 letter, she was

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

<u>Page 14 of 20</u>

attaching documents which "suggest you made fraudulent or deceptive statements." However, the documents provided suggest no such thing to the petitioner, and even if they did, a "suggestion" falls far short of what is necessary to establish a reasonable inference of misconduct. A reasonable inference of misconduct is established where impartial, reasonable persons examining the evidence would reach the conclusion that the respondent is likely to have committed the violation alleged. A mere "suggestion," as Attorney Donnelly's October 11, 2023, complaint described, is insufficient, first, because it only suggests the possibility of commission of the violation, and second, because in this case the violation was not even identified. This underscores the importance of having an impartial ODC. As petitioner has previously complained, Attorney Donnelly and her supervising attorney are anything but impartial when it comes to the petitioner. They do not seek justice. They seek to discipline the petitioner. It is only through their biased, jaundiced eyes that, on the facts and evidence presented, a conclusion of "reasonable inference of misconduct" could be reached. All of the foregoing would mandate Attorney Donnelly's disqualification, just as the Hawaii Supreme Court disqualified Sunderland. However, in the interest of a more permanent solution that will benefit more than one case, and serve the regulation of the profession, please read on.

**The Instant Action Should Not be Dismissed, but Instead**

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 15 of 20

### Converted to a Disciplinary Complaint Against Attorney Donnelly

A respondent has a Fifth Amendment procedural due process right to know the charges against him from the outset.  As the Third Circuit instructed the Virgin Islands many years ago,

> The common weakness of all of these grounds [for discipline] is that respondent was not given proper notice that these charges would form the basis of the court's decision to disbar him. This failure constituted a violation of respondent's right to due process guaranteed by the fifth amendment.

*Committee on Professional Ethics and Grievances of Virgin Islands Bar Association v. B Johnson*, 447 F.2d 169, at *10 (Third Cir., 1971).

The answer cannot be different today.  Yet, completely opposite to the Third Circuit's guidance in *Johnson*, Attorney Donnelly demands responses from petitioner before specific charges are known.  Anyone who falls for such a ploy will find their inadvertent admissions used against them in an ever-expanding grievance complaint.  The U.S. Supreme Court has held:

> These are adversary proceedings of a quasi-criminal nature. Cf. *In re Gault*, 387 U.S. 1, 33, 87S.Ct. 1428, 1446, 18 L.Ed.2d 527. The charge must be known before the proceedings commence.  They become a trap when, after they are underway, the charges are amended on the basis of testimony of the accused. He can then be given no opportunity to expunge the earlier statements and start afresh.

*In the Matter of John Ruffalo, Jr., Petitioner*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968).

A 57

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 16 of 20

Petitioner has done his best for over eight months to familiarize Attorney Donnelly with the requirements of the law when bringing disciplinary charges, to educate her on Rule 211, to inform her that a respondent who chooses not to answer her questions is not necessarily failing to cooperate (not all of her demands are "lawful"), but is exercising his Fifth Amendment right to remain silent, and to provide her with the case law which underpins these doctrines. Attorney Donnelly will have none of it.  Like a dog on a bone, she will not let go of this petitioner long enough to read the rules, let alone to read even one case. For that reason she represents a threat, not an asset, to the regulation of legal practice in the Virgin Islands.

For this petitioner to be put in the position of tutoring the unteachable Attorney Donnelly, whose very job it is to know the case law and the rules, so she can apply and enforce them, is absolutely unfair.  After eight months of this petitioner telling her that Rule 211.7.3 specifically exempts solicitation of attorneys from the requirement that correspondence be marked "Advertising Material," Attorney Donnelly blindly continues to demand to know why this petitioner did not mark his correspondence to attorneys as "Advertising Material."  This petitioner ran this question by the firm's law student legal extern, and she immediately recognized that the rule exempts marking correspondence to attorneys.  In eight months, Attorney couldn't be bothered to read the ten lines

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 17 of 20

of Rule 211.7.3(a)(1), (c) which state that.  To get her to read the *Breiner* or

*Ruffalo* cases, which might help her understand the numerous respondent rights

she is routinely trampling, would be a lost cause.  She does not care.  To her, the

end justifies the means.  It is clear that Donnelly has no regard for the rules or the

law.  She is simply locked on to this petitioner with retaliatory animus and

vindictive intent.

Attorney Donnelly's conduct in this matter and in SCT-CIV-2024-0012,

all in this Court's plain view, demonstrates an extraordinary degree of emotional

involvement and vitriol that rivals that of Sunderland in the *Breiner* case.

Attorney Donnelly must receive the same fate - replacement by an impartial

investigator assigned by this Court.  It is the only way petitioner will receive a

chance at justice.

The undersigned picked this particular case, 2023-42, to stand up, because

it is so very simple, and a law student could have disposed of it in minutes.  Yet

Attorney Donnelly is eight months in, and appears no closer to resolving it than

on day one.  When special designated disciplinary counsel cannot decide to

dismiss even the most frivolous of complaints in eight months, it becomes clear

why the ODC cannot seem to put a dent in its unacceptably high unresolved case

count, presently in the vicinity of 150.  Attorney Donnelly and her supervisor, the

ODC, are motivated and driven to abuse their positions to "get" certain

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

Page 18 of 20

individuals, of which petitioner is one.  This is their priority - not to reduce the backlog.

Petitioner is encouraged that the Board co-Chairs finally have petitioner's emergency motion in hand one month after its filing.  This petitioner is certainly willing to give the Board an opportunity to provide guidance to the ODC in its handling of 2023-42.

To that end, rather than dismiss the instant action, as Attorney Donnelly requests, or construe it as a petition for a writ (which the Court has done, but petitioner never asked for), the petitioner suggests, as a third alternative, that the petition move forward as an ethics complaint against Attorney Donnelly, pursuant to V.I.S.Ct.R. 207.15(j), which petitioner, by his instant petition and this response, has "submitted directly to the Court for the assignment by the Court of a special disciplinary counsel."

WHEREFORE the petitioner Peter J. Lynch respectfully requests that this Honorable Court deny the respondent's motion to dismiss and for sanctions, convert the petition to a disciplinary complaint against Attorney Donnelly, with assignment of an independent special counsel, and any other relief as this Court deems just.

June 26, 2024                          Respectfully submitted,

*/s/ Peter J. Lynch*

A 60

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

<u>Page 19 of 20</u>

Peter J. Lynch, Esq., *Pro Se*
VI Bar No 1256
c/o FLAG LAW VI
PO Box 303300
St. Thomas, VI 00803
(340) 201-5955 c
(888) 481-4960 f
pete@flaglawvi.com

*In Re: Lynch*
SCT-CIV-2024-0032
Opposition to Motion to Dismiss and for Sanctions

<u>Page 20 of 20</u>

## **<u>Certificate of Service</u>**

      I hereby certify, under penalties of perjury, that on this 26th day of June, 2024, I served a copy of the foregoing on the below-listed counsel via C-Track:

Kathryn Donnelly, Esq.
Special Designated Disciplinary Counsel

Simone Francis, Esq.
Co-Chair, Board on Professional Responsibility
St. Thomas

Diane Russell, Esq.
Co-Chair, Board on Professional Responsibility
St. Croix

                                  */s/ Peter J. Lynch*

A 62

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

July 08, 2024 11:19 PM
SCT-Civ-2024-0032
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

# SUPREME COURT OF THE VIRGIN ISLANDS

In Re:
PETER J. LYNCH                                    SCT-CIV-2024-0032
              Petitioner.

## REPLY TO OPPOSITION TO DISMISS AND FOR SANCTIONS

**COMES NOW,** KATHRYN ANNE DONNELLY, Special Designated Disciplinary

Counsel, on behalf of the Office of Disciplinary Counsel, and hereby submits this Reply in

response to the Opposition to Motion to Dismiss and For Sanctions ("Opposition") filed by Peter

Lynch ("Petitioner") on June 26, 2024.

### I.    FACTS

Petitioner seeks court intervention to enjoin the Office of Disciplinary Counsel ("ODC")

from pursuing its investigation, commenced on October 11, 2023, into Petitioner's possible

ethical misconduct. Petitioner initially tried to halt the investigation by sending letters to the

Board on Professional Responsibility ("BPR") on December 30, 2023 and January 5, 2024. Both

letters of Petitioner implored the Board to dismiss outright the ODC's complaint against

Petitioner. When the Board declined to do so, on May 14, 2024, Petitioner filed a Petition for

Disqualification with this Court to remove the Undersigned as the ODC's assigned prosecutor.

Then on May 24, 2024, for the third time, Petitioner sought relief from the Board by filing an

Emergency Motion for Protective Order requesting, *inter alia*, to be relieved of having to

respond to the ODC.

On June 11, 2024, in response to Petitioner's judicial filing, the Undersigned filed a

Motion to Dismiss and For Sanctions.  This Honorable Court issued an Order, dated June 12,

A 63

*ODC Reply to Opposition to Motion to Dismiss and for Sanctions*
July 8, 2024
*P a g e | 2*

2024, amending Petitioner's caption to comply with Rule 13(a) of the Virgin Islands Rules of Appellate Procedure and recharacterizing Petitioner's Petition for Disqualification as a writ of prohibition. Furthermore, the Court ordered Petitioner to reply to the ODC's motion to dismiss on or before June 26, 2024.

On June 26, 2024, Petitioner filed his Opposition reply, claiming that the writ of prohibition is "inappropriate at this time, because the Board now is considering an emergency motion filed by petitioner in response to an unlawful demand letter by Attorney Donnelly." The Board, however, had already considered Petitioner's request to dismiss the complaint and declined to act. It is highly presumptuous on Petitioner's part to assume that filing near identical requests in succession to the Board will somehow alter the outcome. To date, it has not.

## II.   <u>ARGUMENTS</u>

The Supreme Court of the Virgin Islands has jurisdiction over matters involving petitions or writs of prohibition. "The Supreme Court shall have all inherent powers, including the power to issue all writs necessary to the complete exercise of its duties and jurisdiction under the laws of the Virgin Islands, including those orders necessary for the supervision of the judicial branch of the Virgin Islands." <u>4 VIC 32(b).</u>

In addition, Rule 13 of the Virgin Islands Supreme Court Rules governs the substance and form for petitions for writs of prohibition before this Honorable Court. <u>VISCTR 13</u>. Finally, the Office of Disciplinary Counsel and the Board on Professional Responsibilities are created pursuant to the Court's inherent authority to regulate the practice of law in the Virgin Islands, pursuant to Rules 203 and 207. <u>VISCTR 203 & 207.</u>

*ODC Reply to Opposition to Motion to Dismiss and for Sanctions*
July 8, 2024
*P a g e | 3*

First, Rule 13 of the Rules of the Supreme Court of the Virgin Islands that governs

petitions for writs of prohibition provides, *inter alia*:

> The Petition shall contain a statement of the facts necessary to understand the
> issues presented by the application; a statement of the issues presented and of
> the relief sought; a statement of the reasons why the writ should issue; and
> copies of any order or opinion or parts of the record *which may be essential to
> understand the matters set forth in the petition*. VISCTR 13. (emphasis added.)

As such, the Petitioner's submission is in violation of this basic format requirement. The

complete record relative to this disciplinary matter was not submitted. Petitioner's filing

contained merely a few cherry-picked documents and a written concession to waive his right to

confidentiality in this matter.

Second, given the extreme remedial nature of a writ, it is generally disfavored and seldom

granted. *In Re Leblanc*, 59 V.I. 508 (V.I. 2008). To determine if issuance of a writ of

prohibition is appropriate, this Court applies the same three-part test it does to determine whether

a party is entitled to a writ of mandamus.  1.) The party seeking a writ must demonstrate that they

have no other adequate means to attain the relief desired. *Id.* at 517. 2.) The Petitioner must

satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. *Id*. at

517. And 3.) The final prong requires that even if the first two requirements have been met, this

Court, in the exercise of its discretion, must be satisfied that the writ is appropriate. *Id.* at 517.

Initially, a "petitioner must establish that it has no other adequate means to attain the

desired relief and that its right to the writ is clear and indisputable." *Id.* at 222 quoting *In re

People of the V.I.*, 51 V.I. 374, 382 (V.I. 2009) (citing *In re Le Blanc*, 49 VI 508, 516 (V.I. 2008).

Attorney Lynch has failed to meet this high burden. He *has* adequate means of attaining the same

relief, in that he must allow the investigation to run its natural course. If there is ultimately an

*ODC Reply to Opposition to Motion to Dismiss and for Sanctions*
July 8, 2024
*Page | 4*

adverse decision, he may always appeal. To date, there is nothing to appeal because neither the

BPR, PRC nor ODC has issued a decision. The PRC, to whom the matter was referred by the

BPR, correctly found Petitioner's administrative challenge was premature.

    Petitioner's continued failure to respond to the complaint is an ethical violation in its

own right. *See* VISCTR 211.8.1(b) ("a lawyer in connection with a disciplinary matter, shall not

… knowingly fail to respond to a lawful demand for information from an admissions or

disciplinary authority…"). Petitioner disagrees he is required to comply with the process outlined

by the Court's Rules for Attorney Disciplinary Enforcement. He attempts to draw the Court

down a path having no relation to his failure to cooperate with a disciplinary proceeding properly

commenced by the ODC.

    The Petitioner's failure to meet even these basic thresholds makes further analysis

unnecessary, as he has failed to meet even the lowest burdens required of one seeking this

extraordinary remedy. These failures support the ODC's argument that this frivolous matter

should be dismissed.

    Moreover, Petitioner casts personal aspersions throughout his filing against the

Undersigned. His tone is abusive. This conduct has no place in argument unless it is strictly

pertinent to a legal issue, such as the imposition of Rule 11 sanctions or claims of judicial or

prosecutorial misconduct. *See Howard v. Sec'y of Health & Hum. Servs*., 932 F.2d 505, 509 n.2

(6th Cir. 1991). Petitioner has no evidence that the Undersigned or ODC were engaged in

anything but fulfilling the mandate of the Court Rules for Attorney Disciplinary Enforcement.

Alleging that the Undersigned has any personal animus towards Petitioner is inappropriate and

contrived.

*ODC Reply to Opposition to Motion to Dismiss and for Sanctions*
July 8, 2024
*P a g e* | **5**

Finally, Petitioner's new theory that Attorney Bailey-Roka and the Undersigned have a financial interest in generating complaints is patently ludicrous. The ODC's employees and independent contractors are salaried and limited to the four corners of the agreed upon contract. There are no additional funds given to either category of employment based upon the number of cases generated. Proposing such theories is a waste of this Court's time and resources. Courts in the Virgin Islands do not tolerate unsupported defamatory allegations of deceit and misrepresentations by one party against the other. *See In re Hendricks*, 38 V.I. 127, 136 (1998).

### III.    <u>CONCLUSION</u>

Petitioner's action in bringing frivolous litigation to avoid answering a complaint is nothing more than an intentional and continued pattern of flouting this Honorable Court's rules and procedures. In response to this alleged misconduct, this Honorable Court should impose sanctions and grant the ODC's motion to dismiss.

Respectfully submitted,

Dated: July 8, 2024                      <u>*/s/ Kathryn Donnelly*</u>
                                         Kathryn Donnelly
                                         Special Designated Disciplinary Counsel
                                         Supreme Court of the Virgin Islands
                                         P.O. Box 336
                                         Frederiksted, VI  00841
                                         Tel.: 340-693-4127
                                         Fax: 340-772-0004

A 67

*ODC Reply to Opposition to Motion to Dismiss and for Sanctions*
July 8, 2024
*P a g e* | *6*

### CERTIFICATE OF SERVICE

It is hereby certified that on this 8th day of July 2024 a copy of the foregoing was e-filed via the

VIJEFS constituting service on registered filing users of the document, pursuant to Rule 7 of the

Virgin Islands Electronic Filing Rules.

/s/ Kathryn Donnelly
Kathryn Donnelly

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS
**FILED**
July 20, 2024 07:27 PM
SCT-Civ-2024-0032
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

**\*\*\*\*\*\*\***

IN RE:                                    **S. Ct. Civ. No. 2024-0032**

**PETER J. LYNCH,**
_____**Petitioner.**___/

## <u>NOTICE OF WITHDRAWAL OF PETITION</u>

    The Petitioner, Peter J. Lynch, Esq., *pro se*, hereby Gives this Honorable

Court Notice of Withdrawal of the Petition in the instant action.


                              Respectfully submitted,

Dated:        July 20, 2024          By: *s/ Peter J. Lynch*
                                         Peter J. Lynch, Esq., *pro se*
                                         VI Bar No. 1256
                                       FLAG LAW VI
                                       PO Box 303300
                                       St. Thomas, VI, 00803
                                     (340) 201-5955 c
                                     (340) 776-7801 o
                                     (888) 481-4960 fax
                                     pete@flaglawvi.com

Page 2 of 2

## <u>Certificate of Service</u>

 I hereby certify, under penalties of perjury, that on this 20th day of July, 2024, I served a copy of the foregoing on the below-listed counsel of record, via the C-Track Electronic Filing System, or, if not available, via email:


Kathryn A. Donnelly, Esq.

Special Designated Disciplinary Counsel

<em>/s/ Peter J. Lynch</em>

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

September 10, 2024 02:33 PM
SCT-Civ-2024-0032
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

|                          |     |                                |
|--------------------------|-----|--------------------------------|
| **IN RE:**               | )   | **S. Ct. Civ. No. 2024-0032**  |
|                          | )   |                                |
| **PETER J. LYNCH,**      | )   |                                |
| Petitioner.              | )   |                                |
|                          | )   |                                |

On Petition for Writ of Prohibition

## ORDER

**THIS MATTER** comes before the Court pursuant to a July 20, 2024 notice filed by Petitioner Peter J. Lynch, Esq., advising that he wishes to withdraw the instant petition. Accordingly, it is hereby

**ORDERED** that the notice of withdrawal of petition, construed as a motion for voluntary dismissal, is **GRANTED** and that the instant matter is **DISMISSED**. It is further

**ORDERED** that copies of this Order shall be served on the appropriate parties.

**SO ORDERED** this 10th day of September, 2024.

/s/ Rhys S. Hodge_____
**RHYS S. HODGE**
**Chief Justice**

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** /s/ Jahkyda Coakley_____
     **Deputy Clerk II**

**Dated**: September 10, 2024_____

A 71

*In re: Lynch*
S. Ct. Civ. No. 2024-0032
Order
Page 2 of 2

**Copies to:**
Justices of the Supreme Court
Peter J. Lynch, Esq.
Kathryn Donnelly, Esq., Special Designated Disciplinary Counsel
Tanisha Bailey-Roka, Esq., Chief Disciplinary Counsel
Simone R.D. Francis, Esq., Chair, Board on Professional Responsibility
Veronica J. Handy, Esq., Clerk of the Supreme Court
Supreme Court Law Clerks
Supreme Court Secretaries
Order Book

A 72