IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

*******

| | |
|---|---|
| PETER J. LYNCH,<br>　　　　Plaintiff,<br>　　v.<br>KATHRYN ANNE DONNELLY, in her official capacity as Virgin Islands Special Designated Disciplinary Counsel, and in her Individual Capacity, and<br>TANISHA BAILEY-ROKA, in her Official capacity as Virgin Islands Chief Disciplinary Counsel, and in her Individual Capacity,<br>　　　　Defendants.　　　　/ | 3:24-cv-00043<br><br>Complaint for:<br>Injunctive Relief and Damages |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE THE FIRST AMENDED VERIFIED COMPLAINT**

COMES NOW the Plaintiff, Peter James Lynch, Esq., *pro se*, and files his Memorandum in Support of his Opposition to the Defendants' Joint Motion to Strike the First Amended Verified Complaint [ECF 39] (the "joint motion"), and says:

**Federal Rule of Civil Procedure 12(f) Governs**

Fed.R.Civ.P. 12(f) provides, in pertinent part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

At the outset, Defendants make a statement in the very first clause of their Discussion section to the effect that Plaintiff requested a writ of prohibition against the ODC to prohibit ODC from performing its legal duties. Nothing could be further from the truth. Plaintiff seeks to terminate the Defendants' continuing violations of constitutional rights of himself, and hopefully of other Virgin Islands attorneys. As Plaintiff alleged in his First Amended Verified Complaint [ECF 26], the Chief Justice of the Virgin Islands Supreme Court recognized years ago that the state of affairs with regard to attorney disciplinary matters in the Virgin Islands

*Lynch v. Donnelly et al.*, 3:24-cv-43, Plaintiff's Memorandum in Support of his Opposition to Defendants' Joint Motion to Strike

Page 2 of 4

going unresolved for years as unacceptable and unconscionable. [ECF 26, ¶¶ 14-15]. Since then, the numbers of active disciplinary matters have not reduced. [ECF 26, ¶¶ 16-17]. For those unfortunate attorneys who, like Plaintiff, are forced to endure unresolved disciplinary actions not dismissed or advanced, for years, this is indeed a due process violation under the Fifth and Fourteenth Amendments, and a continuing crisis of the highest order. Members of the Virgin Islands Bar, including Plaintiff, would welcome the ODC to perform its actual legal duties.

While Rule 12(f) allows courts to strike redundant, immaterial, impertinent, or scandalous matter from pleadings, a Motion to Strike is a drastic remedy. Motions to strike are generally disfavored and rarely granted." *U.S. Bank Nat'l Ass'n v. Gerber*, 380 F.Supp.3d 429, 438 (M.D. Pa. 2018) (Conner, C.J.) (citing *Mifflinburg Tel., Inc. v. Criswell*, 80 F.Supp.3d 566, 572 (M.D. Pa. 2015)). *Bell v. Boone*, Civil Action 1:22-CV-1383, *9 (M.D. Pa. Feb 23, 2024). In general, such a motion will be denied unless the allegations are severely prejudicial to one of the parties and unrelated to the plaintiff's claims; see also 5C Charles Alan Wright et al., Federal Practice & Procedure § 1382 (3d ed. 2016). A party is prejudiced when the challenged pleading "confuses the issues" or places an undue burden on the responding party. *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015). *Id.*

Since the undersigned is a plaintiff, having recently filed his First Amended Verified Complaint [ECF 26], an "insufficient defense" under Rule 12(f) would not apply in this case. Defendants thus appear to contend that the allegations contained in Plaintiff's First Amended Verified Complaint [ECF 26] are somehow redundant, immaterial, impertinent, or scandalous.

However, Defendants' Memorandum of Law in Support of their Motion to Strike [ECF-40] identifies a purported lack of elements of causes of action plead or bases for the Court's jurisdiction. [ECF 40, pp. 2-3, 12-13]. As Rule 12(f) states, these concerns are not appropriate

*Lynch v. Donnelly et al.*, 3:24-cv-43, Plaintiff's Memorandum in Support of his Opposition to Defendants' Joint Motion to Strike

Page 3 of 4

for consideration in a motion to strike. It appears that the Defendants are trying to add on to arguments already made in their Memorandum of Law in Support of their Motion to Dismiss [ECF 37, 38]. Any argument regarding insufficiency of the pleadings should have been made in these filings, and any that were not have been waived. Plaintiff has already responded to these issues in his Opposition to the Defendants' Joint Motion to Dismiss and his Memorandum in Support [ECF 41, 41-1], and will not repeat his counter-arguments here.

Defendants assert that Plaintiff's Complaint contains numerous redundant, immaterial, impertinent or scandalous provisions, but is less than specific in identifying what those are. [ECF 40, p. 4]. Defendants slip in vague arguments regarding immunity, which, like the sufficiency of pleadings, needed to be brought in their Joint Motion to Dismiss. [ECF 40, pp. 4-5].

Defendants identify numerous allegations by paragraph number, and assert, without support of any kind, which of them are legal conclusions, prayers for relief, or speculation, among other things. [ECF 40, pp. 5-10]. Nowhere do Defendants identify any prejudice.

Fed.R.Civ.P. 8 is instructive here. Rule 8 requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Thus, dismissal for violating Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Wynder v. McMahon*, 360 F.3d 73, 80 (3d Cir. 2004), (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). *Peay v. Sager*, No. 19-1131, *5 (3rd Cir. Jan 22, 2020). Defendants have not averred anywhere that they cannot understand the First Amended Verified Complaint [ECF 26].

*Lynch v. Donnelly et al.*, 3:24-cv-43, Plaintiff's Memorandum in Support of his Opposition to Defendants' Joint Motion to Strike

Page 4 of 4

  Defendants take issue with the form of Plaintiff's verification of his FAC, but make no mention of any prejudice caused by it, the touchstone for granting a Rule 12(f) motion. [ECF 40, pp. 13-14].

  Defendants revisit the issue of purported defective service of process, another topic they already had an opportunity to argue in their Motion to Dismiss. [ECF 40, pp. 15-17]. Defendants waived any argument on defective service of process they did not already make in their initial motion in response. Plaintiff responded to this issue in his Opposition to the Defendants' Joint Motion to Dismiss, and will not repeat. [ECF 41].

  WHEREFORE Plaintiff Peter J. Lynch, Esq., *pro se*, respectfully requests that this Honorable Court Deny the Defendants' Joint Motion to Strike.

October 29, 2024              Respectfully,

                    *s/ Peter J. Lynch*
                    Peter J. Lynch, Esq., *pro se*
                    c/o FLAG LAW VI
                    PO Box 303300
                    St. Thomas, VI 00803
                    (340) 201-5955 c
                    (340) 776-7801 o
                    (888) 481-4960 f
                    pete@flaglawvi.com

## Certificate of Service

  I hereby certify, under penalties of perjury, that on this 29th day of October, 2024, I filed the foregoing via the District Court of the Virgin Islands' DC/ECF electronic filing system, which serves a copy electronically on the below-listed counsel of record:

Paul Gimenez, Esq.
Marc Tepper, Esq.
Andrew Simpson, Esq.

                    *s/ Peter J. Lynch*