IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

\*\*\*\*\*\*\*

| | |
|---|---|
| PETER J. LYNCH,<br>      Plaintiff,<br>v.<br>KATHRYN ANNE DONNELLY, in her official capacity as Virgin Islands Special Designated Disciplinary Counsel, and in her Individual Capacity, and<br>TANISHA BAILEY-ROKA, in her Official capacity as Virgin Islands Chief Disciplinary Counsel, and in her Individual Capacity,<br>      Defendants.     / | 3:24-cv-00043<br><br>Complaint for:<br>Injunctive Relief and Damages |

## **ORDER**

BEFORE THE COURT is the Defendants' Joint Motion to Dismiss [ECF 37] the Plaintiff's First Amended Complaint [ECF 26], pursuant to Fed.R.Civ.P. 12(b)(1),(2),(4),(5),(6), 12(e),(f), and Plaintiff's Opposition thereto [ECF 42], and, the premises considered, the Court finds:

1. This Court possesses both federal question and diversity jurisdiction over Plaintiff's well-plead federal civil rights claims for injunctive relief against Defendants in their official capacities, and for damages against Defendants in their individual capacities, under 42 U.S.C. § 1983, with the amount in dispute in excess of $75,000.00;

2. Because affidavits of service show that Plaintiff has caused (i) each of the Defendants to be personally served with a copy of a summons and the

*Lynch v. Donnelly et al.*
3:24-cv-00043
Order

Page 2 of 5

> Plaintiff's Verified Complaint, including exhibits, and (ii) the Governor of the Virgin Islands, the Attorney General of the Virgin Islands, and the Virgin Islands Administrator of Courts each to be served an original summons and a copy of Plaintiff's Verified Complaint, including exhibits, service is proper and effective under both Fed.R.Civ.P. 4 and V.I.R.Civ.P. 4. [ECF 6, 9, 27-1, 28-1, 29-1]. Because the Defendants are members of the Virgin Islands Office of Disciplinary Counsel, and belong to an arm of the Virgin Islands Supreme Court, responsible for regulation of legal practice throughout the Virgin Islands, their contacts in both divisions of the Virgin Islands are systematic and continuous, and it does not offend notions of fair play and substantial justice to subject them to the general personal jurisdiction and venue of this Court;

3. Abstention is inappropriate at this stage, because Plaintiff has advanced sufficient factual matter to support his contention that constitutional concerns have not been addressed, and are unlikely to be adequately addressed, in the territorial proceedings, and further because Plaintiff has advanced facts which tend to show extraordinary evidence of incompetence, bad faith and bias within the Virgin Islands disciplinary apparatus, adversely impacting both procedural and substantive due process, and irreparable harm to the Plaintiff is imminent;

*Lynch v. Donnelly et al.*
3:24-cv-00043
Order

4. In particular, Defendants have failed to address the contention that is central to Plaintiff's First Amended Verified Complaint, namely that their disciplinary action 2023-42 against Plaintiff is frivolous, that it does not state an ethical violation, that it is highly unlikely to achieve a valid conviction on the merits. Defendants' failure to counter these contentions as this action progresses may well lead to the conclusion, as Plaintiff asserts, that the disciplinary action was filed in bad faith, with its purpose to harass and oppress him;

5. At this early stage, it appears that the Defendants lack absolute, or qualified, immunity, because the nature of their actions complained of are neither prosecutorial nor judicial in character, and Plaintiff's uncontroverted factual allegations support the conclusion that, acting under color of territorial law, they violated Plaintiff's clearly established rights, to truthful, non-misleading commercial free speech for a lawful purpose under the First Amendment, and to not have his license and livelihood threatened for failure to waive his right to remain silent and to not give testimony against himself under the Fifth Amendment, of which a reasonable disciplinary officer would have known. Additionally, Defendants lack sovereign, Eleventh Amendment, or V.I.S.Ct.R. 207.10 immunity, because the Virgin Islands is not a separate sovereign, Congress

has not made the Eleventh Amendment effective in the territory, and the Virgin Islands Supreme Court lacks the authority to immunize persons whom the United States Congress and United States Supreme Court have denied immunity;

6. According the Plaintiff's well-plead factual allegations the presumption of truth, and making all inferences in Plaintiff's favor as the non-moving party, Plaintiff has alleged uncontroverted facts sufficient to support the elements of all three counts of Plaintiff's First Amended Verified Complaint: I – Coercive and Prohibitive Writ against Defendants in their Official Capacities; II – Violation of 42 U.S.C. § 1983, seeking damages against Defendants in their Individual Capacities for violating constitutional rights; and III – Violation of 42 U.S.C. § 1985, seeking damages against Defendants in their individual capacities for conspiring together to violate constitutional rights.

7. The foregoing considerations suggest Plaintiff's First Amended Complaint [ECF 26] should survive the Defendants' joint motion to dismiss [ECF 37]. Therefore, Defendants' motion [ECF 37] is Denied.

So Ordered this ___ day of November, 2024.

_____
Hon. Mark A. Kearney

*Lynch v. Donnelly et al.*
3:24-cv-00043
Order

<u>Page 5 of 5</u>

                                                                                                 Judge
                                                                                                 District Court of the Virgin Islands

ATTEST:
Glenda L. Lake, Esq.
Clerk of Court

By: _____
      Court Clerk Supervisor