IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PETER J. LYNCH,<br><br>                   **Plaintiff,**<br><br>      v.<br><br>**KATHRYN ANNE DONNELLY**, in her Official Capacity as Virgin Islands Special Designated Disciplinary Counsel, and in her Individual Capacity, and **TANISHA BAILEY-ROKA**, in her Official Capacity as Virgin Islands Chief Disciplinary Counsel, and in her Individual Capacity,<br><br>                   **Defendants.** | Civil No. 3:24-cv-00043<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

**ATTORNEY KATHRYN ANNE DONNELLY'S AND ATTORNEY TANISHA BAILEY-ROKA'S JOINT REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO STRIKE**

On October 8, 2024, Attorneys Donnelly and Bailey-Roka filed a Joint Motion to Strike and Alternately for a More Definite Statement and to Quash Service of Process. On October 29, 2024, the Plaintiff filed an opposition only to the Joint Motion wherein he failed to substantively address either the Motion for a more Definite Statement or the Motion to Quash Service of Process, opting instead to state only that the arguments should have been brought up in the Judicial Parties' Motion to Dismiss, without any citation to legal authority supporting his statement, and therefore were waived. Thus, effectively conceding the arguments.

In his Opposition (ECF# 43-1), pg. 1, Plaintiff also attempts to position himself as the champion of himself and "other Virgin Islands attorneys" and proports to speak for the entire Bar regarding his claims of due process violation. However, he cannot show: 1. the deprivation of a

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

protected interest, and 2. for which no due process is provided for either himself or other Virgin Islands attorneys. See, *Richardson v. United States*, No. 23-3089, 2024 U.S. Dist. LEXIS 138962, at *5 (E.D. Pa. Aug. 5, 2024), citing *Winter v. Pennsylvania State University*, 172 F.Supp.3d 756, 765 (M.D. Pa. 2016) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)). To meet the first requirement, "'the threshold question is whether a plaintiff has identified a protected property [or liberty] interest' within the Fourteenth Amendment's protection. *Dunmore School Dist. v. Pennsylvania Interscholastic Athletic Association,* 505 F.Supp.3d 447, 460 (M.D. Pa 2020)." *Richardson* at *5. As stated by the Supreme Court, "a mere unilateral expectation . . . is not a property interest entitled to protection." *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, (1972), cited in *Richardson* at *6. Moreover, unless the first element is met, the second cannot be reached. *Id.* at *8.

Hence, Plaintiff's attempt to cast himself as the voice of some unknow group of attorneys suffering vague harm to an ambiguous, undefined right, does not mitigate his failure to provide substantive responses to the Motions.

### PLAINTIFF HAS CONCEDED DEFENDANTS' MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT

In *Gillham v. Virgin Islands Supreme Court, et al*., the Court noted that "[i]t is well settled that failure to meet an opponent's arguments operates as a concession," Civ. No. 1:22-cv-00044-KAJ, Doc. No. 160 pgs. 7-8 (July 28, 2023), citing *Bestwall LLC v. Armstrong World Indus.,* 47 F.4th 233, 244 (3d Cir. 2022)(internal citations omitted) and *Beazer E. Inc. v. Mead Corp.*, 412 F.3d 429, 437 (3d Cir. 2005) (explaining that failure to respond to an opponent's arguments "waives, as a practical matter anyway, any objection not obvious to the court, to specific points urged by the [opponent]").

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

The result being that a failure to meaningfully respond, or to respond at all, to the Judicial Parties' arguments for a more definite statement or to quash service of process, justifies dismissal of the Plaintiff's action against them. *Gillham*, *supra.*, citing to *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants reasoning.").

Rather than offering substantive arguments opposing the Judicial Parties' arguments, Plaintiff has instead mischaracterized Rule 12(f) and has included inaccurate statements in his Response.

For example, on page 3 of Doc #43-1, Plaintiff states that the Judicial Parties "have not averred anywhere that they cannot understand the First Amended Verified Complaint." However, on page 9 of the Judicial Parties' Memorandum in Support of the Motion to Dismiss (*ECF # 38*), they specifically address the effect of vague, irrelevant, immaterial and impertinent allegations and Plaintiff's failure to adequately and individually distinguish between applicable allegations and parties, as making his First Amended Verified Complaint a shotgun pleading, to which it is "impossible to fully and intelligently" respond, and on page 15 in their response to Count II, to underscore the point, the Judicial Parties specifically state that Plaintiff's justification for the argument is "incomprehensible." It could not be more clearly stated that the Judicial Parties are having difficulty understanding the scope of the Plaintiff's First Amended Verified Complaint (AVC) and are responding to its allegations as perceived by them, mindful that the Plaintiff is the only one who might know what he is actually trying to allege.

3

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

**THERE IS NO WAIVER OF ARGUMENTS PRESERVED BY THE RULE 12(b) FILING**

The Plaintiff also misstates the meaning of Rule 12(f) FRCP by claiming that the arguments used to support the Motion to Quash that were not raised in the Rule 12(b) Motion to Dismiss (*ECF #37-38*) were waived. This, however, is not the case. Rule 12(b) FRCP only requires that a motion asserting the defense be made prior to a responsive pleading to avoid waiver. This was done in this matter, and dismissal was requested. Rule 12(b) does not require that all arguments or details of arguments in support of the Motion be included when the defense is raised, nor could such exhaustive arguments be made, given the page limitations placed on memorandums filed under 12(b), when multiple defenses are raised, and the Plaintiff's failings are myriad. The instant Motion to Quash was filed as a part of the Rule 12(f) Motion to Strike. While motions to quash are frequently filed pursuant to Rule 12(b)(5), there is no specific requirement in the Rule that provides for it. Motions to quash have been filed under Rule 12(b)(5), *Freeman v. Moore*, No. 23-2655, 2024 U.S. Dist. LEXIS 87313 (E.D. Pa. May 15, 2024); Rule 45, FRCP, which has specific language regarding the quashing of a subpoena, *Diodato v. Wells Fargo Ins. Servs. USA*, No. 1:12-CV-02454, 2013 U.S. Dist. LEXIS 162907 (M.D. Pa. Nov. 15, 2013) and Rule 60, FRCP, *N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.*, Civil Action No. 10-148 (SRC), 2011 U.S. Dist. LEXIS 55404 (D.N.J. May 24, 2011).

However, in *Freeman, supra., at *1,* Judge Sanchez framed the 12(b)(5) motion as one *"to strike service of the original process,"* then indicated that he would grant the motion and quash service because Rule 4 was not followed. *Id*. at *7. In the instant matter, the Motion to Quash, as in *Freeman,* goes not just to the First Amended Verified Complaint, but also to the original process

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

in this matter upon which Plaintiff relies and this Court apparently bases its jurisdiction over the Parties.

It is well settled that issues affecting jurisdiction can be raised at any time and that personal jurisdiction defenses are not waived if timely asserted, Rule 12(h) FRCP. The discussion of the failure of the service is consistent, albeit more detailed, with the Judicial Parties' prior Motion to Dismiss. However, it does not just address service of the First Amended Complaint, but highlights Plaintiff's failure to *ever comply* with Rule 4 VIRCP. Joining it with the Rule 12(f) Motion, as a practical matter, does not affect the validity of the filing as it has already been preserved, and has not been waived by virtue of its previous filing, Rule 12(b)(No defense or objection is waived by joining it with one or more defenses or objections is a responsive pleading or motion.). Therefore, it is appropriate to consider the Motion to Quash, concurrent to determining the Motion to Strike as well as the Motion to Dismiss, filed moments earlier.

In that regard, in the instant matter, the Plaintiff has indicated his clear intent to effect service of process pursuant to Virgin Islands Rules of Civil Procedure, Rule 4; as such, he has obligated himself to comply with the local Rule, *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Because the "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process," *Id.,* and the Plaintiff still has some time remaining to try and effect proper service; hence, a motion to quash as a corollary to the motion to dismiss is not inappropriate. *Id*. 30-31, referencing, *Richardson v. Ingram Corp.*, 374 F.2d 502, 503 (3d Cir.), cert. denied, 389 U.S. 866 (1967); *Novak v. World Bank*, 703 F.2d 1305, 1310 [*31] (D.C. Cir. 1983); and 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 at 288-92 (1990).

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

However, regardless of the procedural method used to file the Motion to Quash, the Plaintiff is still required to provide a substantive response. Having failed to do so, he has effectively conceded the Motion. *See*, *Bestwall, supra.* and *Beazer, supra.*

## PLAINTIFF HAS CONCEDED THE MOTION TO STRIKE

The Judicial Parties' arguments in their Motion to Strike have also been conceded by the Plaintiff. Rather than counter the Judicial Parties' arguments that many sections of his First Amended Verified Complaint are redundant, immaterial, impertinent or scandalous, the Plaintiff chose to ignore the enumerated paragraphs in favor of a broad assertion that the numerous errant sections are not prejudicial to the Judicial Parties because they have not used the word, "prejudicial." This assertion is erroneous as it ignores the numerous statements in the Motion to Dismiss in which the Judicial Parties have described the First Amended Verified Complaint as a "shotgun pleading" or as "failing to comply with the requirements of Rule 8 FRCP," or as being "incomprehensible," or as being "unclear," or as containing "sketchy, episodic and uneven facts," or the Judicial Parties' observation that the Plaintiff's convoluted and shotgun-style filings, with its wholesale inclusion of all previously stated matters in each Count, did not allow them to specifically and individually address the allegedly unlawful act(s) alleged, or any actual specific rights that were allegedly violated, making it impossible to fully and intelligently respond to the Complaint. Each of these concepts embodies the concept of prejudice at their core.

Further, the Plaintiff's reliance on *Karpov v. Karpov*, 307 F.R.D. 345 (D. Del. 2015), for the proposition that prejudice is a requirement of striking elements of the AVC, is misplaced as *Karpov* dealt with the striking of *answers* to a Complaint and not to striking redundant, immaterial, impertinent, or scandalous matter from a pleading, such as the First Amended Verified Complaint.

Peter J. Lynch v. Kathryn Anne Donnelly, et al.
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

      In *Karpov*, at 349, the court recognized its "considerable discretion" in disposing of a 12(f) motion to strike and explained that it was to be used sparely "because of the difficulty of deciding a case without a factual record." Citing, *Dann v. Lincoln Nat'l Corp*., 274 F.R.D. 139, 142 (E.D. Pa. 2011). *Karpov* did not, however, discuss the striking of non-factual provisions nor did it define prejudice as when the "challenged pleading confuses the issue or places an undue burden on the responding party," as stated by Plaintiff. ECF # 43-1, pg. 2. Rather, the Court in *Karpov* listed these in the alternative "[A] court will generally not grant such a motion unless the material to be stricken bears 'no possible relationship to the controversy and may cause prejudice to one of the parties, *or* if the allegations confuse the issues.' (emphasis added), *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009) (citations omitted)." *Karpov*, 307 F.R.D. at 349. *Karpov* also did not address the very cogent factor existing in this matter; the challenged paragraphs of the AVC are not factually related to the central allegations of the AVC, and it suffers nothing from their deletion as that would only serve to streamline and clarify the Complaint. Hence, *Karpov*, does not provide that the Court cannot find that the First Amended Verified Complaint's numerous non-factual or immaterial allegations confuses the real issues in this matter and strike them accordingly.

      Further, bearing in mind the requirements of Rule 8 and the purpose of Rule 12(f) being to "'clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters.' *United States v. Educ. Mgmt. Corp*., 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted)." *Karpov* at 348, it is clear that the provisions of the First Amended Verified Complaint identified as conclusions of law, irrelevant or immaterial non-related statements, or simply harangues and insults of no relevance to the underlying claims, are appropriately subject to being stricken. The fact that the Plaintiff failed to substantively address the paragraph-by-paragraph identification of the

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

those statements results in a concession of the truth of the characterizations made by the Judicial Parties and concedes the Motion to Strike those paragraphs.

It is also important in this context to juxtapose the Rule 12(f) Motion with the requirement that if allegations in a complaint, even if true, do not raise a claim that is entitled to relief, the "'deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' 5 Wright & Miller § 1216, at 233-234 (quoting *Daves* v. *Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (Haw. 1953)); *see* also, *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336 at 346, (2005)" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, (2007) along with the Supreme Court's holding that it is "not bound to accept as true a legal conclusion couched as a factual allegation" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and with the import of Rule 12(e).

The primary concern when faced with a Rule 12(e) motion "is whether the Complaint gives a defendant the notice required by Federal Rule of Civil Procedure 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 590 n.9, (2007) (Stevens, J., dissenting) ('The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement.')." *Legette v. Tex. Roadhouse, Inc.*, No. 23-22622 (RBK/AMD), 2024 U.S. Dist. LEXIS 2577, at *2-3 (D.N.J. Jan. 5, 2024). District courts in the Third Circuit generally grant 12(e) motions "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]. *Clark v. McDonald's Corp.,* 213 F.R.D. 198, 232-33(D.N.J. 2003) (internal quotation marks and citation omitted)." *Id*.

The standard is met where:

(1) a complaint's allegations are not specific enough to enable a defendant to determine whether to interpose a waivable defense in his or her answer;
[(2)] the defendant lacks certain information peculiarly within the

8

Case: 3:24-cv-00043-MAK-GAT   Document #: 50   Filed: 11/13/24   Page 9 of 11

Peter J. Lynch v. Kathryn Anne Donnelly, et al.
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

> knowledge of the plaintiff, without which the defendant cannot answer the complaint with a good faith, general denial; and (3) the court finds it desirable to pare down "shotgun" pleadings to make the litigation more manageable through more controlled discovery. *Lasky v. Evesham Owner LLC*, 2014 U.S. Dist. LEXIS 81957, 2014 WL 2710969, at *2 (D.N.J. June 16, 2014).

*Legette* at *2-3.

Accordingly, "[w]hen presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief. Even when a defendant has not formally expressed the need for a definite statement, the district court has the discretion to order a more definite statement, in observance of the Supreme Court's mandate to facilitate an early resolution of the qualified immunity issue and in order to avoid a waste of judicial resources." *Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) (citation omitted). Given Plaintiff's concession of the arguments in the Judicial Parties' Motions, the paring down of the First Amended Verified Complaint to its bare essentials necessary to determine the Motion to Dismiss is appropriate.

## CONCLUSION

Considering the foregoing, along with the clear immunity existing in this matter, in the interest of judicial economy, if the matter is not dismissed outright pursuant to Rule 12(b), the Court may exercise its discretion and strike the legal conclusions, redundant, immaterial, impertinent or scandalous allegations in the First Amended Verified Complaint to pare down the Plaintiff's shotgun complaint and/or require a more definite statement, absent the legal conclusions and other non-germane allegations and statements.

The Plaintiff's concession of the Motion to Strike by failing to substantively respond to the majority of its arguments renders its approval appropriate. Plaintiff's attempt to limit the reach of

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

Rule 12(f) to only allegations that cause severe prejudice to the Judicial Parties ignores the other factors to be considered. He also effectively concedes the Motion to Quash by not responding to it at all, instead dismissing the arguments on the mere pronouncement of waiver without a shred of substantive legal support, while simultaneously ignoring its preservation in the Judicial Parties' Motion to Dismiss. He similarly addresses the argument on his improper "verification," characterizing it only as not being prejudicial, without citation to any legal authority, thereby conceding the effect of the defective verification.

In fact, the Plaintiff has conceded each substantive argument raised by the Judicial Parties by either failing to address them at all or dismissively addressing them without legal support, or with questionable case law and analysis.

Accordingly, the Motion to Strike the identified paragraphs from the First Amended Complaint should be granted; the Motion to Quash Service of Process should be granted; the Motion for a More Definite Statement should be considered if the First Amended Verified Complaint survives the Judicial Parties' Motion to Dismiss, and if the Motion to Strike is not granted, and the First Amended Verified Complaint should be given no weight beyond that of an ordinary unverified complaint.

DATED: November 13, 2024　　　　　　　**RESPECTFULLY SUBMITTED**,

By: /s/ Paul L. Gimenez　　　　　　　　By: /s/ H. Marc Tepper
Paul L. Gimenez, Esq., Bar # 225　　　　H. Marc Tepper, Esq., Bar #22629
General Counsel　　　　　　　　　　　Buchanan Ingersoll & Rooney PC
Judicial Branch of the V.I.　　　　　　　Two Liberty Place
P.O. Box 70　　　　　　　　　　　　　50 S. 16th Street, Suite 3200
St. Thomas, VI  00804　　　　　　　　Philadelphia, PA 19102-2555
Telephone (340) 693-6420　　　　　　　T: (215) 665-3864; F: (215) 665-8760
paul.gimenez@vicourts.org　　　　　　　marc.tepper@bipc.com
*Counsel for Defendants*　　　　　　　　*Co-Counsel for Defendants*

*Peter J. Lynch v. Kathryn Anne Donnelly, et al.*
Civil No. 3:24-cv-00043
Joint Reply to Opposition to Motion to Strike

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of November 2024, I caused a true and exact copy of the foregoing to be served through the Court's electronic filing system, via email upon the registered parties.

/s/ Paul L. Gimenez