IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **PETER J. LYNCH,**<br><br>     **Plaintiff,**<br><br>  v.<br><br>**KATHRYN ANNE DONNELLY,** in her Official Capacity as Virgin Islands Special Designated Disciplinary Counsel, and in her Individual Capacity, and **TANISHA BAILEY-ROKA,** in her Official Capacity as Virgin Islands Chief Disciplinary Counsel, and in her Individual Capacity,<br><br>     **Defendants.** | Civil No. 3:24-cv-00043 |

**REPLY OF DEFENDANTS KATHRYN ANNE DONNELLY AND
TANISHA BAILEY-ROKA IN SUPPORT OF DEFENDANTS' JOINT
MOTION TO DISMISS THE FIRST AMENDED VERIFIED COMPLAINT**

Come now, Kathryn Anne Donnelly ("Donnelly"), in her official capacity as Virgin Islands Special Designated Disciplinary Counsel, and in her individual capacity, and Tanisha Bailey-Roka ("Bailey-Roka"), in her official capacity as Chief Disciplinary Counsel for the Judiciary, and her individual capacity (the "Disciplinary Counsel Defendants") who respectfully submit this Reply in Support of their Motion to Dismiss Plaintiff's First Amended Verified Complaint.

I. **ANALYSIS**

  A. **Abstention is appropriate**

Plaintiff's response to the motion to dismiss seemingly recognizes that this matter is controlled by the Supreme Court's decision in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (applying abstention pursuant to *Younger*).

*Younger* abstention and holding federal courts should and abstain from interfering with the ongoing attorney disciplinary proceedings within the jurisdiction of the highest state court).

**Opportunity to raise issues in disciplinary proceedings**

Plaintiff argues that abstention is not required under *Middlesex* because Plaintiff lacks an adequate opportunity to raise constitutional claims in the disciplinary proceeding. To avoid abstention on this ground, a plaintiff must show that state procedural law, or territorial procedural law in this case, bars presentment of the claims.[1] *Wattie-Bey v. Att'y Gen.*, 424 F. App'x 95 (3d Cir. 2011). The Plaintiff cannot make this showing because there is no procedural bar to the Plaintiff raising the constitutional issues and the disciplinary process includes ample opportunity for the Plaintiff to raise them.

The disciplinary process is not solely left to the ODC. There is a Board of Professional Responsibility which is comprised of attorneys in good standing.[2] The duties of the Board of Professional Responsibility include, but are not limited to, considering matters and conduct hearings in cases filed within the Board's jurisdiction and making findings of fact and conclusions of law in disciplinary actions.[3] The Board's findings, conclusions and recommended dispositions are filed with the Supreme Court.[4] The Board also includes a Preliminary Review Committee which is a panel of three members of the Board who review the recommendations of the ODC following its initial investigation.[5] There is no allegation that the Board members are biased against the Plaintiff.

Ultimately, the report and recommendations of the Board are submitted to the Virgin Islands Supreme Court for review and a respondent has the right to file objections to the report and recommendations.[6] The Virgin Islands Supreme Court recognizes attorney disciplinary matters are

---

[1] This is known as the third prong of the *Younger* abstention test.
[2] V.I. Supreme Court, Rule 207.2
[3] V.I. Supreme Court, Rule 207.2
[4] V.I. Supreme Court, Rule 207.2
[5] V.I. Supreme Court, Rule 207.3
[6] V.I. Supreme Court, Rule 207.9(e)

"quasi-criminal proceedings to which the constitutional right to due process applies." *In re Burns*, 73 V.I. 600, 610 (2020). Certainly, the Virgin Islands Supreme Court can, and does, consider objections based on constitutional grounds. See example, *Matter of Moorhead*, 77 V.I. 459, 463 (2022). There is no allegation that the members of the Virgin Islands Supreme Court are biased toward the Plaintiff.

To the extent Plaintiff claims the Virgin Islands Supreme Court or the Board will ignore lawyer grievances, this allegation "does not come close to the required showing that there is a legal barrier to the presentment of Plaintiff's constitutional claims to the Board" or the Supreme Court. *Danner v. Bd. of Prof'l Responsibility of Tenn. Supreme Court*, Case No. 3:06-0414, ECF No. 31 at 12 (M.D. Tenn. Dec. 13, 2006). The failure of the Plaintiff to show that the Supreme Court would have refused to consider his constitutional challenges if he had proceeded to a formal hearing is dispositive of the Plaintiff's attempt to avoid abstention. *Id*.

### The pace of the disciplinary process

To the extent the Plaintiff believes he is aggrieved by the pace of the disciplinary process, the Plaintiff may seek *mandamus* with the Virgin Islands Supreme Court. See example, *In re Burns*, 73 V.I. 600 (2020). Contrary to the Plaintiff's position that the Virgin Islands Supreme Court "has repeatedly denied relief" to attorneys concerning the pace of a disciplinary proceeding, the Supreme Court has provided *mandamus* relief in an appropriate case. See, *id.*

### Conclusory allegations of bad faith are not enough to avoid abstention

Plaintiff also seeks to bring the case within the "bad faith" exception to the *Middlesex* rule requiring abstention. To invoke the "bad faith" exception, a plaintiff must prove the bad faith or harassment and may not rely on mere allegations. See, *Phelps v. Hamilton*, 59 F.3d 1058, 1066

(10th Cir. 1995). When, like in this case, a complaint contains conclusory allegations of bad faith, an exception to abstention cannot be found. See, e.g., *Crenshaw v. Superior Court of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999); *Thompson v. Florida Bar*, 526 F.Supp.2d 1264, 1278 (S.D. Fl. 2007); *Danner v. Bd. of Prof'l Responsibility*, 2007 WL 509064 (M.D. Tenn. Feb. 12, 2007); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 775 F.Supp. 1096, 1100 (N.D. Ohio 1991).

Even if conclusory allegations where enough, Plaintiff's "bad faith" allegations do not withstand minimal scrutiny. Plaintiff alleges it was bad faith for the Disciplinary Counsel Defendants to investigate separate ethics complaints lodged against the Plaintiff by: a) an opposing counsel; and b) the relative of a recently deceased defendant in a case in which the Plaintiff was opposing counsel. This is not bad faith. It is the job of Disciplinary Counsel Defendants to investigate complaints brought to them by the members of the bar, by the public, or *sua sponte* by the ODC itself upon information and belief. The investigation of all complaints is at the definition of the attorney disciplinary process and necessary for the regulation of the profession.

Plaintiff also claims that it was bad faith for the Disciplinary Counsel Defendants to investigate Plaintiff's failure to mark communications with potential clients as "Advertising Material" as required by the Rules of Professional Conduct. See, V.I.S.Ct.R. 211.7.3(c). The Plaintiff asserts that the rule does not require the "Advertising Material" notation because he was communicating with lawyers who had been suspended for failing to file Annual Registration Statements. However, the lawyer communication exception in Rule 211.7.3(a)(1) may not apply to: a) suspended lawyers because they are no longer lawyers due to their suspension; or b) lawyers who are the prospective clients. To the extent there is any dispute about this, or any ambiguity in

4

the rule, that dispute should be decided by the Virgin Islands Supreme Court without intervention by this Court.

Plaintiff also alleges bad faith because the Disciplinary Counsel Defendants stand to gain financially from any fines which are levied against the Plaintiff. Although it is unclear what fines the Plaintiff refers to, this argument is substantively flawed. The Disciplinary Counsel Defendants are not compensated on a contingency fee basis and do not gain financially based on the outcome of disciplinary proceedings. Under Plaintiff's theory, the attorney disciplinary process would need to be staffed entirely by volunteers which is not reasonable or required.

## No other grounds to avoid abstention

Plaintiff's further arguments do not support grounds for deviation from the requirement that the Court abstain from interfering in the disciplinary action under *Middlesex*. Plaintiff states that he wants relief before he reaches retirement age. However, *Younger* and *Middlesex* do not include an exception based on the convenience of the party or the timing of the proceeding.

Plaintiff also argues that his constitutional rights are being violated, but does not identify the right or explain the violation. It seems that the crux of his complaint is that the investigation takes too long and that the Virgin Islands Supreme Court does not enforce the Court's own rules on timing. However, there is no constitutional right to a speedy investigation. See, *Mitchell v. Doyle*, 2018 WL 2390122, at *2 (W.D. Wis. May 25, 2018); *Buck v. Greenlee*, 2011 WL 4595262, at *7 (W.D.N.C Sept. 30, 2011). To the extent the Virgin Islands Supreme Court has a rule concerning the timing of the investigations, it is up to the Supreme Court to determine when, if and how the court enforces the rule. The Supreme Court has the right to deny relief. This is particularly true when a respondent's litigiousness is a factor in the delay. To the extent there is a

constitutional problem with the process, the Plaintiff may raise the issues with the Virgin Islands Supreme Court.

At bottom, *Middlesex* requires the Court to abstain from the disciplinary proceedings and nothing asserted by the Plaintiff permits the Court to interfere in the proceedings. Federal courts should not be involved in the regulation of lawyers admitted to the bar of state or territorial courts. Doing so "would trivialize the principles of comity and federalism of federal courts." *Middlesex* 457 U.S. at 437. The Plaintiff must exhaust the administrative process before seeking relief in this Court. See, *Wyatt,* 130 F. App'x at 515 (*Younger* abstention in the context of state insurance license revocation proceeding).[7]

**B.    The Disciplinary Counsel Defendants are immune**

The Plaintiff does not contest that the Disciplinary Counsel Defendants are generally immune under a penumbra of theories including sovereign, judicial and prosecutorial immunity and immunity under the Rule 207.10 of the Virgin Islands Supreme Court Rules. See examples, *Murphy v. Off. of Disciplinary Couns.*, 820 F. App'x 89 (3d Cir. 2020); *Brow v. Farrelly*, 944 F. 2d 1027, 1037 (3rd Cir. 1993); see also, *Lynch v. Bailey-Roka*, 2:22-cv-14338-AMC, ECF No. 67 at pp 16-18 (S.D. Fla. Apr. 13, 2023) (magistrate's report and recommendation to dismiss similar claims brought by the current Plaintiff against one of the Disciplinary Counsel Defendants based on immunity).[8]

---

[7]    As the Plaintiff acknowledges in his response to the Motion to Dismiss, the Plaintiff commenced this matter before exhausting his remedies in the territorial court in order to avoid the application of the *Rooker-Feldman* doctrine. This strategic decision does not excuse the Plaintiff of the requirement to exhaust administrative remedies.

[8]    This recommendation was not adopted by the district judge who determined the issue was more appropriately addressed once venue was transferred. See, *Lynch v. Bailey-Roka*, 2:22-cv-14338-AMC, ECF No. 70, fn. 2 (S.D. Fla. June 22, 2023). The Plaintiff withdrew the action after venue was transferred after he was arrested for domestic violence against his co-plaintiff/wife.

Attorney discipline is unquestionably a judicial power to be exercised exclusively by the judicial branch. See, *Kendall v. Russell*, 572 F.3d 126, 137-38 (3d Cir. 2009). Attorney disciplinary proceedings are judicial in nature, and quasi-judicial immunity bars claims against disciplinary counsel. *Ostrowski v. Killion*, 2015 WL 5286622, at *4 (M.D. Pa. Sept. 10, 2015); *Capogrosso v. The Supreme Cr. Of N.J.,* 588 F.3d 180, 185 (3d Cir. 2009); *Haagensen v. Supreme Ct. of Pennsylvania*, 651 F. Supp. 2d 422, 433 (W.D. Pa. 2009), *aff'd sub nom Haagensen v. Supreme Ct. of Penn.,* 390 F. App'x 94 (3d Cir. 2010).

The Plaintiff does not claim that the Disciplinary Counsel Defendants were acting outside the scope of their judicial and prosecutorial duties as an arm of the Supreme Court. To the contrary, the entire crux of Plaintiff's complaint deals with the disciplinary process established by the Virgin Islands Supreme Court.

Instead, buried within Plaintiff's recitation of the law of immunities, Plaintiff parses the various immunity theories to explain why one theory does not fully insulate the Disciplinary Counsel Defendants. The problem with this approach is that the Disciplinary Counsel Defendants do not have to be immune under all theories for all of their acts. They can be immune for judicial functions under judicial immunity and immune for prosecutorial functions under prosecutorial immunity. Taking all of the immunities together, the Disciplinary Counsel Defendants have blanket immunity.

### Allegations of improper motive and bad faith do not overcome immunity

The Plaintiff makes conclusory allegations of improper motive and bad faith which do not overcome the absolute immunity afforded to arms of the judiciary. See, *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Hoover v. Ronwin*, 466 U.S. 558 (1984) (members of bar admissions committee are

immune from anti-trust claims alleging collusion to restrain trade by artificially reducing the number of competing attorneys because the committee was effectively acting on behalf of the state supreme court).

### Specially designated counsel is immune

The Plaintiff alleges that Donnelly is not entitled to immunity because she is an independent contractor and not a government official. However, this argument contradicts the Plaintiff's allegation that Donnelly is a Virgin Islands Special Designated Disciplinary Counsel.[9] As disciplinary counsel, Donnelly functions as an arm of the Virgin Islands Supreme Court performing the Supreme Court's attorney regulatory functions and is entitled to immunity. See examples, *Murphy*, 820 F. App'x at 89; *Lynch v. Bailey-Roka*, 2:22-cv-14338-AMC, ECF No. 67 at pp 16-18 (S.D. Fla. Apr. 13, 2023); V.I.S.Ct.R. 207.10.

### Plaintiff is not entitled to injunctive relief

The Plaintiff claims the Disciplinary Counsel Defendants are not immune from injunctive relief to address the alleged constitutional violations. Plaintiff has asserted these claims, at least in part, against the Disciplinary Counsel Defendants in the individual capacities. However, the Disciplinary Counsel Defendants enjoy immunity from injunctive relief in their individual capacities. See, *Capogrosso,* 588 F.3d at 184-86. As a result, the individual capacity claims may not proceed forward.

Plaintiff has not articulated a cognizable basis for the alleged constitutional violations. Plaintiff alleges, in a conclusory fashion without much substance, violations of the First

---

[9]   ECF No. 1, paragraph 10.

Amendment (freedom of speech), Fourth Amendment (searches and seizures), Fifth Amendment (self-incrimination) and Fourteenth Amendment (due process).

As best as the Disciplinary Counsel Defendants can discern, these claims seem to be from allegations that Disciplinary Counsel Defendants: (a) refused to dismiss the case against the Plaintiff; (b) demanded a response from Plaintiff; (c) attempted to coerce Plaintiff into providing additional information; and (d) investigated Plaintiff's communications with potential clients. None of these are constitutional violations or provide any basis for injunctive relief.

Rules which regulate attorney communications with prospective clients do not violate the Plaintiff's First Amendment rights. See, *Florida Bar v. Went For It, Inc.*, 515 U.S. 618 (1995). Rules requiring a party to respond to a complaint do not violate due process. Responses to a complaint are part of the disciplinary process and are required in almost all adjudications including those, like this case, which are subject to the Federal Rules of Civil Procedure. Plaintiff does not have a due process right to require his adversary to voluntarily withdraw a case. Nor is a request for Plaintiff to produce information tantamount to an unreasonable search and seizure. It is discovery. To the extent the Plaintiff believes that he is at risk of self-incrimination from providing testimony or answering questions, the Plaintiff can invoke his Fifth Amendment rights and refuse to answer.[10] The Plaintiff does not need an injunction to preserve his Fifth Amendment rights.[11]

None of this comes close to circumstances that would be required for this Court to interject itself in the Virgin Islands Supreme Court's attorney disciplinary process to prohibit the

---

[10] The Plaintiff's invocation of the Fifth Amendment right to remain silent may have ramifications under applicable law.

[11] Plaintiff also does not have a constitutionally protected right to practice law. Every admission to the bar is conditioned upon compliance with various rules and is therefore discretionary. See, *Surrick v. Killion*, 449 F.3d 520, 529 (3d Cir. 2006).

Disciplinary Counsel Defendants, or the Virgin Islands Supreme Court, from performing their important attorney regulation duties.[12] As a result, the Disciplinary Counsel Defendants respectfully request this Court dismiss Plaintiff's complaint with prejudice.

                                        Respectfully submitted,

                                        *s/ Paul L. Gimenez*
                                        Paul L. Gimenez, Esq., Bar #225
                                        General Counsel
                                        Judicial Branch of the V.I.
                                        P.O. Box 70
                                        St. Thomas, VI 00804
                                        Telephone: (340) 693-6420
                                        paul.gimenez@vicourts.org

                                        *s/ H. Marc Tepper*
                                        **BUCHANAN INGERSOLL & ROONEY PC**
                                        H. Marc Tepper (VI Bar No. 22629)
                                        Two Liberty Place
                                        50 S. 16th Street, Suite 3200
                                        Philadelphia, PA 19102
                                        T: (215) 665-3864
                                        F: (215) 665-8760
                                        marc.tepper@bipc.com

                                        *Attorneys for Defendant*

---

[12]     Plaintiff's response to the Motion to Dismiss also includes sections dealing with the sufficiency of the Plaintiff's allegations and the adequacy of service of process. The Disciplinary Counsel Defendants rest on the positions they took on these matters in the Motion to Dismiss and Motion to Quash and will not burden the Court by repeating them here.

## CERTIFICATE OF SERVICE

      I hereby certify that on this day I caused a copy of the foregoing Notice of Appearance to be electronically filed with the Clerk via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing systems. Parties may access the filing through the Court's CM/ECF System


Dated: November 14, 2024　　　　　　　　　　　*/s/ H. Marc Tepper*
　　　　　　　　　　　　　　　　　　　　　　　H. Marc Tepper