IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
ST. THOMAS/ST. JOHN DIVISION

| | | |
|---|---|---|
| PETER J. LYNCH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 3:24-43 |
| | : | |
| ATTY KATHRYN ANNE DONNELLY, | : | |
| ATTY TANISHA BAILEY-ROKA | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                    **November 18, 2024**

A Florida attorney admitted to practice in the Virgin Islands courts now asks a federal court to step into the Virgin Islands Supreme Court's disciplinary counsel's ongoing investigation of allegations he violated professional rules of conduct approximately fourteen months ago by contacting other local lawyers looking to represent those local lawyers allegedly subject to attorney discipline. He asks us to stop the Virgin Islands Supreme Court's Office of Disciplinary Counsel from demanding he respond in the ongoing investigation, prohibit disciplinary counsel's "further involvement" in the investigation and order the Office of Disciplinary Counsel to appoint independent disciplinary counsel, dismiss the investigation against him, require the Office of Disciplinary Counsel to "create and enforce rules," and order the Office of Disciplinary Counsel generally to dispose of attorney disciplinary matters within six to twelve months or file regular reports on the status of the case.

We will not wade into, stop, or otherwise direct an ongoing disciplinary action brought by the Virgin Islands Supreme Court's Office of Disciplinary Counsel in a matter relating to the regulation of attorneys admitted to its Bar. And disciplinary counsel are immune from damages for alleged civil rights violations in their official and individual capacities. We dismiss Attorney Lynch's amended Complaint with prejudice.

## I.     Alleged Facts

The Virgin Islands Supreme Court admitted Florida attorney Peter J. Lynch to the Bar of the Virgin Islands subject to its disciplinary rules and jurisdiction.

Attorney Lynch became aware the Virgin Islands Supreme Court's Office of Disciplinary Counsel issued suspension orders around September 14, 2023 of over forty attorneys who neglected to file annual registration statements with the Supreme Court of the Virgin Islands.[1] Attorney Lynch the next day emailed one suspended attorney to "regretfully inform him of his suspension" and offered to represent the suspended attorney touting his experience "help[ing]other attorneys out of this sort of jam."[2] Attorney Lynch then entered his appearance for two attorneys (presumably after the attorneys retained Attorney Lynch to represent them in the disciplinary matters).[3]

### *Chief Disciplinary Counsel Bailey-Roka investigates Attorney Lynch's solicitation of suspended Virgin Island attorneys in Fall 2023.*

Chief Disciplinary Counsel Tanisha Bailey-Roka learned Attorney Lynch entered his appearance in the disciplinary matters and obtained a copy of his September 15, 2023 solicitation email.[4] Chief Disciplinary Counsel Bailey-Roka opened an investigation of Attorney Lynch on October 11, 2023 after assessing: (a) his solicitation email stating he "helped other attorneys get out of this sort of jam" may be potentially inaccurate because, as of September 15, 2023, Attorney Lynch had only been retained the day before by two other attorney clients facing administrative suspension for failing to file the annual registration statement; and (b) the email solicited retention from a prospective client and should have included the words "Advertising Material" on the communication required by Rule of Professional Conduct 211.7.3.[5]

Chief Disciplinary Counsel Bailey-Roka assigned the investigation to Special Designated Disciplinary Counsel Kathryn Anne Donnelly.[6] Counsel Donnelly advised Attorney Lynch she

would conduct a preliminary investigation on behalf of the Office of Disciplinary Counsel and advised his response to the investigation must be received within thirty days.[7]

Attorney Lynch timely responded to Counsel Donnelly on November 13, 2023.[8] He denied an ethics violation, characterizing the solicitation email as "commercial free speech that is not false or deceptive and does not concern unlawful activities"; disagreed Virgin Islands Supreme Court Rule 211.7.3 applied to his solicitation of suspended attorneys because the Rule exempts correspondence to attorneys from marketing requirements for solicitations; accused Counsel Donnelly of a conflict of interest; and demanded she dismiss the investigation.[9]

### *Attorney Lynch seeks dismissal of the investigation from the Virgin Islands Board on Professional Responsibility in December 2023.*

Counsel Donnelly did not respond to Attorney Lynch for over six weeks.[10] Attorney Lynch then wrote to the co-Chairpersons of the Virgin Islands Board on Professional Responsibility on December 30, 2023 requesting the Board "intervene" in Counsel Donnelly's investigation and direct her to dismiss the investigation against him as frivolous.[11]

Counsel Donnelly responded to Attorney Lynch on January 2, 2024 and copied the Board on Professional Responsibility.[12] Counsel Donnelly clarified the issue under investigation: "the crux" of the investigation is the "potentially inaccurate representation to a potential client that [Attorney Lynch] 'have helped other attorneys get out of this sort of jam'" and not "offering [attorneys] legal service and assistance in connection with their suspensions for failure to file annual registration statements."[13] Counsel Donnelly explained as of September 15, 2023, the date of Attorney Lynch's email to one of the suspended attorneys, Attorney Lynch had only been retained on September 14, 2023 to represent two clients facing administrative suspension for failing to file their annual registration statements and the Supreme Court did not reinstate them until October 10, 2023 and November 20, 2023.[14] Counsel Donnelly requested Attorney Lynch

3

respond to whether he made false or misleading communications about his services in violation of Virgin Island Rule of Professional Conduct.[15] Counsel Donnelly also explained the concern over the omission of the words "Advertising Material" on the email solicitation. She directed Attorney Lynch to respond within fifteen days.[16]

Attorney Lynch chose not to respond to Counsel Donnelly's January 2, 2024 letter. He instead wrote to the Board on January 5, 2024 disputing Counsel Donnelly's facts and demanding the Board intervene and dismiss the case as "clearly frivolous."[17]

### Attorney Lynch seeks to disqualify Counsel Donnelly by petitioning the Supreme Court of the Virgin Islands in May 2024.

The Board on Professional Responsibility did not promptly respond to Attorney Lynch. Attorney Lynch waited for months and then unilaterally "deemed" the Board's failure to act on his request as a denial.[18] Attorney Lynch then petitioned to disqualify Counsel Donnelly with the Supreme Court of the Virgin Islands on May 14, 2024.[19]

Counsel Donnelly again requested Attorney Lynch respond to her questions by May 31, 2024.[20] Counsel Donnelly explained the Board does not have the authority to dismiss an Office of Disciplinary Counsel matter, the Board referred his request for dismissal to the Preliminary Review Committee which, under the Virgin Island Rules of Professional Conduct, has the authority to "approve, disapprove, or modify" a recommendation of the Office of Disciplinary Counsel. Counsel Donnelly explained the Office of Disciplinary Counsel had not yet made a recommendation because Attorney Lynch did not respond to the allegations, so the Preliminary Review Committee determined his "case is premature for its consideration and that [his] outreach to the [Board], in effect bypassing the Office of Disciplinary Counsel, was improper" and "postponed further action."[21]

Attorney Lynch again did not respond to Counsel Donnelly. He instead filed a notice with the Supreme Court of the Virgin Islands on May 23, 2024 expressing his disagreement with Counsel Donnelly and his belief her demand for a supplemental response violated the Fifth Amendment and client confidentiality.[22]

Counsel Donnelly moved to dismiss the disqualification petition and sought sanctions.[23] The Virgin Islands Supreme Court notified the parties it would consider Attorney Lynch's petition for disqualification as a petition for writ of prohibition and ordered Attorney Lynch to respond to the motion to dismiss and for sanctions.[24] Attorney Lynch disagreed with the Virgin Islands Supreme Court, "suggesting" to the Court its treatment of his petition as a writ of prohibition is "inappropriate" and the Supreme Court should instead construe his petition for disqualification as an ethics complaint against Counsel Donnelly.[25]

### Attorney Lynch moves for an emergency protective order with the Virgin Islands Board on Professional Liability.

Around the same time as his mid-May 2024 petition to disqualify Counsel Donnelly in the Virgin Islands Supreme Court, Attorney Lynch moved for an emergency protective order with the Virgin Islands Board on Professional Responsibility.[26] He asked to be relieved from his duty to respond to Counsel Donnelly's "demands" for an additional response based on client confidentiality and the Fifth Amendment.[27]

The Board denied Attorney Lynch's emergency motion on July 19, 2024.[28] Attorney Lynch then voluntarily withdrew his petition for disqualification of Counsel Donnelly in the Virgin Islands Supreme Court believing it "futile" and "would likely result in an order of denial" based on a failure to exhaust alternative remedies.[29]

*Counsel Donnelly continues her investigation.*

Attorney Lynch and Counsel Donnelly exchanged letters regarding the investigation in July and August 2024. Attorney Lynch disputed an ethical violation and instead accused Counsel Donnelly of curtailing his right to commercial free speech in violation of the First Amendment and ignoring his Fifth Amendment right to remain silent in quasi-criminal proceedings.[30]

Counsel Donnelly advised Attorney Lynch on August 13, 2024 he must respond to the concerns about his solicitation email addressing whether his "helped other attorneys get out of this sort of jam" statement is truthful based on the evidence.[31] Counsel Donnelly advised if he failed to respond by August 21, 2024, he would be deemed as non-cooperative with a pending investigation.[32]

*Attorney Lynch sues the investigating attorneys.*

Attorney Lynch did not respond to Counsel Donnelly. He instead sued the investigating attorneys in their official and individual capacities.[33]

Attorney Lynch asserts three claims: (1) he seeks a writ of prohibition and coercive writ under the All Writs Act against Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly in their official capacities to enjoin their alleged violations of his right to commercial free speech under the First Amendment, to be secure in his law license under the Fourth Amendment, to be free from coercive threats under the Fifth Amendment, and to be accorded procedural due process under the Fourteenth Amendment and require them to take specified action; (2) a section 1983 claim against Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly in their individual capacities for violation of his right to commercial free speech under the First Amendment and the right to remain silent under the Fifth Amendment; and (3) and a section 1985 conspiracy claim against Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly in their individual

capacities for violating his right to remain silent in violation of the Fifth Amendment seeking injunctive relief and an award of money damages, including punitive damages, and his own attorney's fees and costs.

Chief Disciplinary Counsel Bailey-Roka, after being served with summons, filed an *ex parte* petition on August 23, 2024 against Attorney Lynch in the Virgin Islands Supreme Court seeking the release of all Office of Disciplinary Counsel records and "other confidential cases of [Attorney Lynch] filed against any and all members of the [Office of Disciplinary Counsel.]"[34] Attorney Lynch claims Chief Disciplinary Counsel Bailey-Roka sought her petition "out of anger" and demonstrates her bias and bad faith.[35]

## II.    Analysis

Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly move to dismiss Attorney Lynch's amended Complaint for lack of subject-matter jurisdiction, insufficient process and insufficient service of process, and failure to state a claim under Rule 12(b)(6).[36] Attorney Lynch opposes dismissal arguing Disciplinary Counsel did not confer with him before moving to dismiss, we should not abstain, the Disciplinary Counsel are not immune, he properly served the complaint, and he pleads facts allowing him to proceed.[37]

### A.  We enjoy subject-matter jurisdiction.

Attorney Lynch seeks damages for alleged violations of his federal constitutional rights in addition to varied equitable relief. He invokes our subject-matter jurisdiction based on federal question, diversity of citizenship, and the All Writs Act.[38] Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly argue we lack subject-matter jurisdiction solely because here is no federal question on the face of the amended Complaint because Attorney Lynch seeks declaratory relief in the nature of a defense to a state law claim and they are protected by absolute immunity.

We review a challenge to our jurisdiction by determining whether the challenge is a facial or factual attack.[39] A facial attack asserts the complaint, on its face, is insufficient to invoke our subject-matter jurisdiction.[40] A factual attack asserts we lack subject-matter jurisdiction because the facts of the case do not support jurisdiction.[41] In reviewing a facial attack, we consider only the allegations of the complaint and the documents referred, or attached, to it in the light most favorable to the plaintiff.[42] In reviewing a factual attack, we may look beyond the pleading to the determine whether the facts support jurisdiction.[43]

Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly argue we lack subject-matter jurisdiction under either standard.[44] They argue, without development, Attorney Lynch's request for declaratory or injunctive relief on its face does not arise under federal law because his relief is a defense to the Office of Disciplinary Counsel's investigation, a state law matter. Defendants rely on another case brought by Attorney Lynch dismissed by Chief Judge Molloy for lack of subject-matter jurisdiction.[45] Attorney Lynch sued his former client Tiffany for failure to satisfy Medicaid liens in the settlement of a personal injury case. Attorney Lynch sought a declaratory judgment his former client must pay his Medicaid liens and an injunction forcing the former client to do so. Attorney Lynch pleaded federal question jurisdiction based on the federal Medicaid statute. Chief Judge Molloy rejected Attorney Lynch's asserted jurisdictional basis concluding the dispute between Attorney Lynch, the former client, and the former client's new attorney arises from Interest on Lawyer's Trust Account ("IOLTA") funds, a state law issue, the former client's receipt of Medicaid is "merely incidental," and Attorney Lynch's complaint seeking declaratory judgment is a federal defense to a state law enforcement action.[46]

The facts reviewed by Chief Judge Molloy in *Tiffany* are distinguishable. Attorney Lynch here asserts civil rights claims invoking our federal question jurisdiction. And we also enjoy

diversity jurisdiction based on the alleged citizenship of the parties and damages alleged in excess of the jurisdictional threshold. The Disciplinary Counsel offer no reason we lack diversity jurisdiction.

Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly also assert they are absolutely immune from suit depriving us of subject-matter jurisdiction. Absolute immunity is an affirmative defense, not an issue of subject-matter jurisdiction.[47] We have subject-matter jurisdiction in this case asserting claims of constitutional violations to which Disciplinary Counsel assert absolute immunity as a defense.[48] We deny the motion to dismiss for lack of subject matter jurisdiction.

### B.  The record demonstrates sufficient service of process.

Disciplinary Counsel next argue we lack personal jurisdiction over them for insufficient process and insufficient service of process. A motion to dismiss for insufficient process is an objection to the form of process rather than the manner or method of service.[49] It is a "fairly rare" objection to noncompliance with Federal Rule 4(b) prescribing the required contents of a summons.[50] A motion to dismiss for insufficient service of process challenges "the mode of delivery, the lack of delivery, or timeliness of delivery of the summons and the complaint."[51]

Disciplinary Counsel's objection to service focuses exclusively on their contention Attorney Lynch did not properly serve them. We read their motion as a challenge to the sufficiency of service, not the content of the summons.[52] Attorney Lynch sued Disciplinary Counsel in their official and individual capacities. Disciplinary Counsel argue service on them in both official and individual capacities requires two separate and additional services under Virgin Islands Rules of Procedure. So we begin by examining those Rules of Civil Procedure.

The Virgin Islands Supreme Court through Rule 4(i)(2)(A) requires service on a "governmental officer or employees sued only in an official capacity" by serving a summons and complaint on: (1) the Governor and Attorney General of the Virgin Islands; (2) the chief executive officer of the entity; and (3) "any officer or employee named in the action."[53]

The Virgin Islands Supreme Court through Virgin Islands Rule 4(i)(3) requires service on "an officer or employee of the Virgin Islands … sued in an individual capacity for an act or omission occurring in connection with duties performed on behalf of the Virgin Islands (whether or not the officer is also sued in an official capacity)" by serving the summons and complaint on: (1) the Governor and Attorney General of the Virgin Islands; and (2) the officer or employee according to service on individuals within and outside the Virgin Islands under Rule 4(e), (f).[54]

The Virgin Islands Supreme Court through Virgin Islands Rule 4(i)(4) requires personal service of the summons and complaint on the Administrator of Courts "[i]n any lawsuit based upon any action, conduct or activity of the … Judicial Branches of the Government[.]"[55]

So, Virgin Islands Rule 4(i) required Attorney Lynch when suing Disciplinary Counsel in their official and individual capacities to serve the summons and complaint on: (1) the Governor of the Virgin Islands; (2) the Attorney General of the Virgin Islands; (3) the Chief Executive Officer of the entity; (4) the Administrator of Courts; (5) Chief Disciplinary Counsel Bailey-Roka individually under Rule 4(e); and (6) Counsel Donnelly (a New York Citizen) individually under Rule 4(f).

The record shows Attorney Lynch served original summons and a copy of the verified complaint on: (1) the Governor of the Virgin Islands on September 17, 2024[56]; (2) the Attorney General of the Virgin Islands on September 17, 2024[57]; (3) the Administrator of Courts for the Virgin Islands Supreme Court on September 19, 2024[58]; (4) Chief Disciplinary Counsel Bailey-

Roka personally on August 28, 2024[59]; and (5) Counsel Donnelly personally in New York on September 9, 2024.[60]

The party asserting the validity of service bears the burden of proving valid service.[61] Attorney Lynch met this burden. We deny Defendants' motion to dismiss challenging the service.

### C. We must abstain from entering equitable relief under *Younger v. Harris* and dismiss Attorney Lynch's claims for injunctive relief.

Attorney Lynch sues Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly in their official and individual capacities for injunctive relief. He asks us to stop the Virgin Islands Supreme Court's Office of Disciplinary Counsel from demanding he respond in the current investigation, prohibit Disciplinary Counsel's "further involvement" in the investigation and order the Office of Disciplinary Counsel to appoint independent disciplinary counsel, dispose of the investigation into his conduct by finding in his favor, require the Office of Disciplinary Counsel to "create and enforce rules," and order the Office of Disciplinary Counsel generally to dispose of attorney disciplinary matters within six to twelve months or file regular reports on the status of the case.

Disciplinary Counsel argue we must abstain from the ongoing Virgin Island disciplinary proceedings under the Supreme Court's 1971 guidance in *Younger v. Harris*.[62] Attorney Lynch responds we must not abstain because there has been no opportunity for meaningful review of his constitutional claims in the Office of Disciplinary Counsel.[63] He further argues abstention is inappropriate because his allegations of bad faith by Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly.

We will abstain from entering injunctive and declaratory relief in the middle of an ongoing attorney disciplinary matter under our Supreme Court's guidance over fifty years ago in *Younger*. Federal courts have a "virtually unflagging obligation" to hear and decide cases within the scope

of their jurisdiction.[64] But we are required under *Younger* to abstain from deciding cases which would interfere with certain ongoing state proceedings to promote comity between federal and state governments.[65] And one of those important state interests is maintaining and assuring the professional conduct of attorneys it licenses.[66]

We first examine whether the underlying state court litigation falls within one of three "exceptional circumstances" in which we would abstain under *Younger*: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."[67] Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly argue the second and third categories apply here. Attorney Lynch appears to concede the Office of Disciplinary Counsel's investigation falls into the third category.[68]

We then consider whether the United States Supreme Court's defined *Middlesex* factors support abstention: (1) the state proceedings are ongoing and judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.[69]

Attorney Lynch challenges only the third *Middlesex* factor, arguing he has no recourse to raise his constitutional claims in the Virgin Islands Supreme Court because:

- The Board of Professional Responsibility and the Virgin Islands Supreme Court "ignored" his constitutional claims[70];

- The Virgin Islands Supreme Court "historically, repeatedly denied relief" to petitioners seeking relief from the Office of Disciplinary Counsel's "failure to resolve attorney disciplinary matters for years" leaving a petitioner with only an appeal "at the end" following an adverse decision[71];

- An appeal is futile because Chief Disciplinary Counsel Bailey-Roka delays decisions for years and her disciplinary process "never ends"[72]; and,

- It is his "understanding" a yet-to-be-issued—but "expected usual"—final order from the Virgin Islands Supreme Court disposing of his motion to disqualify Counsel Donnelly would "cut off any remedy" in this court because of the *Rooker-Feldman* doctrine and "rather than wait and seek *certiorari* [to the United States Supreme Court] … well after his retirement age," he "chooses instead to seek relief now from" this court while Counsel Donnelly's investigation "is still live."[73]

The burden is on Attorney Lynch to show "state procedural law barred presentation of [his] claims."[74] He does not do so. Attorney Lynch offers only conclusory allegations suggesting relief from the Virgin Islands Supreme Court "has proven futile."[75] But that is only because Attorney Lynch voluntarily dismissed his motion to disqualify Counsel Donnelly in the Virgin Islands Supreme Court believing it "futile" and "would likely result in an order of denial based on failure to exhaust alternative remedies appealable only to the U.S. Supreme Court."[76] Comity precludes "any *presumption* that the state courts will not safeguard federal constitutional rights."[77] Attorney Lynch must show the Virgin Islands procedural law ***barred*** presentation of his constitutional claims.[78] Attorney Lynch does not show any procedural bar prohibits him from raising his constitutional claims. We conclude the Virgin Islands Supreme Court proceedings present an adequate opportunity for Attorney Lynch to raise his constitutional claims.

Attorney Lynch alternatively argues even if all *Middlesex* factors are met, *Younger* abstention is inappropriate because he alleges bad faith and harassment by Office of Disciplinary Counsel. Neither side can claim they have not at least partially caused the extraordinary delay in resolving this investigation. Attorney Lynch and Disciplinary Counsel are acting in a manner not consistent with their obligations to efficiently resolve the matter. But bad manners and diversionary tactics by Attorney Lynch do not avoid necessary abstention.

We are mindful abstention under *Younger* is appropriate "[s]o long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing

of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate[.]"[79]

Attorney Lynch alleges bad faith, bias, and lack of constitutional protections by Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly, the Chair of the Board on Professional Responsibility, and the Virgin Islands Supreme Court.[80] To the extent Attorney Lynch attempts to avoid *Younger* abstention by alleging the entire attorney disciplinary process in the Virgin Islands—from the Office of Disciplinary Counsel to the Virgin Islands Supreme Court—is plagued by the absence of constitutional protections, it fails because it lacks plausible factual support.

The Office of Disciplinary Counsel's investigation would be conducted in "bad faith" for purposes of *Younger* abstention "when it is brought 'without hope' of success."[81] Bad faith may be "implicated when a plaintiff shows that the state proceeding was 'initiated with and is animated by a retaliatory, harassing, or other illegitimate motive.'"[82] Attorney Lynch bears the burden of showing bad faith or harassment.[83]

Attorney Lynch does not allege the investigation into his mid-September 2023 solicitation email is "without hope" of success. The Virgin Islands Supreme Court, through its Rule 211.7.3(a), prohibits solicitation of prospective clients "when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain" unless the person contacted is a lawyer. The Supreme Court's Rule 211.7.3(c) requires solicitation of professional employment contain the words "Advertising Material." Attorney Lynch believes Rule 211.7.3(a) does not apply to him because the prospective client he solicited for his professional services happens to be a lawyer. He does not cite authority for his interpretation of the Rule. His reading of Rule 211.7.3(a) does not make it so. There is at least a reasonable interpretation Rule 211.7.3(a) prohibits solicitations of professional employment from a prospective client facing disciplinary charges who also happens to be a lawyer.

Attorney Lynch's allegations of bad faith and bias are based on his personal dispute with Chief Disciplinary Counsel Bailey-Roka, Counsel Donnelly, and the Office of Disciplinary Counsel in general and his disagreement with the October 2023 investigation into his solicitation email. For example, he alleges Chief Disciplinary Counsel Bailey-Roka has a history of unresolved disciplinary cases from at least 2018 and disciplinary counsel "concocted" an October 2023 investigation with "no reasonable chance" of a "valid conviction on the merits."[84] Again, this is based solely on Attorney Lynch's defense of the investigation and the Office of Disciplinary Counsel's "refusal" to dismiss its investigation simply because he disagrees with it.

Attorney Lynch complains the fees and penalties derived from the suspension of Virgin Island attorneys who fail to timely file an Annual Registration Statement fund the operations of the Office of Disciplinary Counsel and Chief Disciplinary Counsel Bailey-Roka's position as opposing counsel in the cases against attorneys represented by Attorney Lynch creates a pecuniary interest in the Office, a conflict, and an indication of bias. To the extent this is basis against applying *Younger* abstention, it fails. Attorney Lynch's argument would lead to a conflict with any Office of Disciplinary Counsel charged with supervising barred attorneys and *Younger* abstention would never apply. His position is not supported by case authority or the well-recognized interest the Virgin Island Supreme Court has in regulating the conduct of attorneys admitted to practice.

Attorney Lynch argues quasi-judicial immunity does not bar his claims for injunctive relief against Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly in their individual capacities, relying on the United States Supreme Court's decision in *Supreme Court of Virginia v. Consumers Union of United States, Inc.*[85] In *Consumers Union*, a consumers organization hoping to publish a lawyer directory challenged the constitutionality of a Virginia Bar Code prohibiting attorney advertising. Consumers Union sued the Virginia Court, Virginia State Bar, and the chief

justice of the Virginia Supreme Court. The Supreme Court held the Virginia Supreme Court and its chief justice exercised the State's legislative power in regulating the Bar and issuing Virginia's Bar Code and are immune when acting in their legislative capacity.[86] But the Supreme Court found the Virginia Court and its chief justice proper defendants in a suit for declaratory and injunctive relief as "enforcement officers."[87]

We conclude the facts presented over forty-four years ago in *Consumers Union* are distinguishable. The consumer organization in *Consumer Union* sought a declaration the Virginia Supreme Court and its chief justice violated the consumer organization's First and Fourteenth Amendment rights by enforcing a Bar Code prohibiting attorney advertising and sought a permanent injunction against the Virginia Court's enforcement of the Code. The Supreme Court held the Virginia Supreme Court and its chief justice are not immune from injunctive and declaratory relief in enforcing the Bar Code prohibiting attorney advertising (found in 1977 to be unconstitutional by the Supreme Court in *Bates* during the pendency of *Consumers Union*).[88]

But that is not what is happening here. We begin with the obvious: the Disciplinary Counsel is not prohibiting advertising and the Supreme Court did not need to address a pending state court investigation. The consumers group in *Consumers Union* did not double track in two courts. It sought equitable relief only in the federal court. Attorney Lynch does not allege Disciplinary Counsel lacks authority to review his solicitations. He instead alleges the way in which Disciplinary Counsel are investigating him violates his constitutional rights and we must enjoin them from doing so. He is asking us to reverse and vacate steps in an ongoing investigation.

The injunctive relief sought by Attorney Lynch against Disciplinary Counsel runs afoul of *Younger*. Attorney Lynch does not cite, nor could we find, an application of *Consumers Union* to

allow injunctive relief against judicial officers as an end run around an ongoing disciplinary investigation under *Younger*.

Attorney Lynch's challenge to his Virgin Islands attorney disciplinary proceeding meets the *Middlesex* conditions and *Younger* abstention applies. Our Court of Appeals directs us to "two possible dispositions: dismissal or a stay" when we abstain under *Younger*.[89] We must dismiss the case if Attorney Lynch claims are only for injunctive or declaratory relief.[90] We cannot dismiss the case if Attorney Lynch seeks only money damages but we may, in our discretion, stay the case for the pendency of the Virgin Islands Supreme Court proceedings.[91] If Attorney Lynch seeks both damages and injunctive or declaratory relief, we may in our discretion "not only … stay the damages claim but also … dismiss any claims for injunctive and declaratory relief outright or stay them, potentially alongside the stayed claim for damages."[92]

Attorney Lynch seeks both a writ of prohibition and money damages. We abstain under *Younger* and dismiss his claims seeking injunctive or equitable relief against Disciplinary Counsel as we find he also cannot seek damages from the Disciplinary Counsel.

### D. Disciplinary Counsel are immune from damages suits in their individual capacities under the doctrine of quasi-judicial immunity.

Attorney Lynch also seeks damages from the Disciplinary Counsel in their official and individual capacities. We dismiss these damages claims with prejudice as Disciplinary Counsel are immune from damages suits.

Attorney Lynch sued Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly in their individual capacities for deprivation of his right to commercial speech under the First Amendment, his right to remain silent in violation of the Fifth Amendment under section 1983, and for conspiracy to deprive him of his right to remain silent under section 1985. He seeks money damages, including punitive damages, costs and his own attorney's fees under section 1988.

Disciplinary Counsel contend they are protected by absolute immunity, sovereign immunity, quasi-judicial and quasi-prosecutorial immunities, qualified immunity, and immunity conferred by Virgin Islands Supreme Court Rule 207.10.[93] We conclude Disciplinary Counsel are protected by quasi-judicial immunity and dismiss claims against them.[94]

Quasi-judicial immunity "evolved out of its well-known namesake, judicial immunity."[95] Judicial immunity "secures a general principle of the highest importance to the proper administration of justice: ensuring that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself, and without harassment or intimidation in those controversies sufficiently intense to erupt in litigation."[96] Quasi-judicial immunity developed to "protect a range of judicial actors, including (1) those who make discretionary judgments functional[ly] comparab[le] to judges, such as prosecutors and grand jurors; (2) those who perform a somewhat different function in the trial process but whose participation ... is equally indispensable, such as witnesses; and (3) those who serve as 'arms of the court,' ... fulfill[ing] a quasi-judicial role at the court's request, such as guardians ad litem or court-appointed doctors."[97]

Our Court of Appeals directs we take a "functional" approach to immunity to determine whether an actor's conduct fulfilled a quasi-judicial role at a court's request.[98] We examine the "nature of the functions" taken by the official and "evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions."[99] Simply being "part of the judicial function" does not automatically entitle an official to quasi-judicial immunity and even judges are not protected by immunity for "nonjudicial actions … not taken in [his/her] judicial capacity" or for judicial actions "taken in the complete absence of all jurisdiction."[100]

Because quasi-judicial immunity is absolute, an actor seeking such immunity bears the burden of showing immunity is justified "for the function in question."[101]

Our Court of Appeals requires we apply quasi-judicial immunity from damages to Office of Disciplinary Counsel officials sued in their individual capacities.[102] The Virgin Islands Supreme Court has exclusive jurisdiction to discipline attorneys admitted to the practice of law.[103] The Office of Disciplinary Counsel is an "arm of the Court" with powers "strictly limited to those plainly granted by the Court."[104] Disciplinary counsel perform "discretionary acts" when they "prosecute, consider, or rule on disciplinary actions" and are immune from suit under a theory of quasi-judicial immunity.[105]

Attorney Lynch concedes the Virgin Islands Supreme Court in *Burns* held the Office of Disciplinary Counsel is a quasi-judicial entity.[106] But Attorney Lynch argues quasi-judicial immunity does not apply to Disciplinary Counsel where their actions are "not related to a function of one of their roles" and, in any case, does not immunize Disciplinary Counsel from injunctive relief.[107] He alleges Chief Disciplinary Counsel Bailey-Roka investigated his September 2023 solicitation email and then concocted the disciplinary complaint against him, directed Counsel Donnelly to investigate the action, and then threatened him with a misconduct charge if he did not provide supplemental responses to their inquiry.[108] He alleges Counsel Donnelly's threat to bring new charges of misconduct if he did not provide supplemental responses to her questions "fell outside her duties as specified in her contract."[109]

We examine the Disciplinary Counsel's job function, focusing on the "general nature of the challenged action, without inquiry into such 'specifics' as the [official's] motive or the correctness of his or her decision."[110]

The Virgin Islands Supreme Court in *Burns* explained the Office of Disciplinary Counsel, as an arm of the Court, assists in exercising the exclusive jurisdiction of the Court to regulate the practice of law in the Virgin Islands.[111] The Office of Disciplinary Counsel is an agent of the Court and disciplinary counsel's duties are owed to the Court.[112] The Office of Disciplinary Counsel "does not fulfill an exclusively prosecutorial function" and, unlike the role of a prosecutor, disciplinary counsel's power is "exercised exclusively by the Judicial Branch" entitled to quasi-judicial immunity.[113]

Attorney Lynch pleads Chief Disciplinary Counsel Bailey-Roka concocted a disciplinary charge against him, Counsel Donnelly threatened him with new misconduct charges if he failed to provide supplemental responses to her investigation, and refused to dismiss the charges against him as frivolous. As Judge Smith reasoned in *Murphy v. Office of Disciplinary Counsel*, affirmed by our Court of Appeals, "[n]ot finding quasi-judicial immunity in this type of case would open disciplinary counsel and board members to suit every time that an attorney asserts that he was wrongfully charged."[114] Attorney Lynch's allegations Disciplinary Counsel's actions were taken outside the scope of their authority are not plausible given his sworn admissions.

We conclude Disciplinary Counsel have quasi-judicial immunity from suit for money damages.[115] We dismiss Attorney Lynch's damages claims.

## III.  Conclusion

We grant Disciplinary Counsels' Motion to dismiss the amended Complaint with prejudice.

---

[1] ECF 26 ¶¶ 41-42. The Supreme Court of the Virgin Islands requires all active attorneys to electronically file an Annual Registration Statement with fee for each reporting period beginning January 1 of each year. The Supreme Court of the Virgin Islands vests the Office of Disciplinary Counsel with administration of the attorney registration requirements under Virgin Islands Supreme Court Rule 203.

[2] ECF 26 ¶ 42.

[3] *Id.* ¶ 41-42.

[4] *Id.* ¶ 43.

[5] *Id.*; ECF 26-2. Virgin Islands Supreme Court Rule 211.7.3 governing the Rules of Professional Conduct on direct contact with prospective clients provides:

> (a) A lawyer shall not by in person, live telephone or real-time electronic contact solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted:
>
> > (1) is a lawyer; or
> > (2) has a family, close personal, or prior professional relationship with the lawyer.
> > . . .
>
> (b) Every written, recorded or electronic communication from a lawyer soliciting professional employment from a prospective client known to be in need of legal services in a particular matter shall include the words "Advertising Material" on the outside envelope, if any, and at the beginning and ending of any recorded or electronic communication, unless the recipient of the communication is a person specified in paragraphs (a)(1) or (a)(2).
> > . . .

[6] ECF 26 ¶¶ 44-45. Counsel Donnelly is a citizen of New York and resides in New York. *Id.* ¶ 4.

[7] *Id.* ¶ 46; ECF 26-2 at 2.

[8] ECF 26 ¶ 47; ECF 26-3.

[9] ECF 26 ¶ 47; ECF 26-3 at 2-3. Attorney Lynch also alleges Chief Disciplinary Counsel Bailey-Roka is conflicted in her disciplinary investigation of him because she is the "opposing counsel" in the disciplinary matters of the two suspended attorneys represented by Attorney Lynch. ECF 26 ¶ 44.

[10] ECF 26 ¶ 48.

[11] *Id.* ¶ 49, ECF 26-4 at 2-3.

[12] ECF 26 ¶ 50; ECF 26-5.

[13] ECF 26-5 at 2.

[14] *Id.* So, Attorney Lynch had not yet helped attorneys "get out of this sort of jam" when he emailed a suspended attorney on September 15, 2023.

[15] *Id.*

---

[16] *Id.*

[17] ECF 26 ¶ 51; ECF 26-6.

[18] ECF 26 ¶ 53.

[19] *Id.*

[20] *Id.* ¶ 54; ECF 26-7 at 2-3.

[21] ECF 26-7 at 3.

[22] ECF 26 ¶ 57. Attorney Lynch believes Counsel Donnelly's May 22, 2024 letter violates his Fifth Amendment right to be "free from coercive threats." *Id.* ¶¶ 98-99.

[23] *Id.* ¶ 60.

[24] *Id.* ¶ 61.

[25] *Id.* ¶ 62.

[26] *Id.* ¶ 59; ECF 26-8 at 2-6.

[27] *Id.*

[28] *Id.* ¶ 64; ECF 26-9.

[29] ECF 26 ¶ 65.

[30] *Id.* ¶¶ 66-67; ECF 26-10; ECF 26-11.

[31] ECF ¶ 67; ECF 26-11.

[32] ECF 26-11. Attorney Lynch claims Counsel Donnelly's August 13, 2024 letter violates his Fifth Amendment right to be free "from coercive threats." ECF 26 ¶¶ 97-99.

[33] ECF 1. Mr. Lynch amended his complaint on September 24, 2024. ECF 26.

[34] ECF 26 ¶ 73.

[35] *Id.* ¶¶ 74, 83.

[36] ECF 37. In a separate filing, Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly moved to strike portions of the amended Complaint for a more definite statement and quash service of process under Rules 12(e), (f). ECF 39.

[37] Counsel did not need to confer with him as he proceeds pro se. Policies and Procedures (August 2024) § II.B.a.

[38] Congress, through the Revised Organic Act, vests the Virgin Islands Supreme Court with the authority to issue rules governing the practice and procedure of the courts in the Virgin Islands. 48 U.S.C. § 1611. The Virgin Islands legislature vests the Virgin Islands Supreme Court with exclusive jurisdiction to regulate the admission of persons to practice law and to discipline those admitted to practice in the Virgin Islands and "adopt rules governing civil and criminal procedure, evidence, judicial discipline, disability, ethics, admission to and governance of the bar of the Virgin Islands, the administration of the judiciary and the practice and procedure in the courts of the judicial branch of the Virgin Islands and other matters of judicial administration," V.I. CODE ANN. tit. 4, § 32(e),(f)(2); 2007 Virgin Islands Laws Act 6985 (B. 27-0132); 2004 Virgin Islands Laws Act 6687 (B. 25-213).

Congress at section 1561 of the Revised Organic Act extends federal constitutional rights to the Virgin Islands. Section 1612 of the Revised Organic Act, amended in 1984, confers upon the District Court of the Virgin Islands "jurisdiction that is equivalent, at least in the civil context, to that of a United States District Court" which, in turn, requires us to determine whether we have federal question jurisdiction or diversity jurisdiction. *Club Comanche, Inc. v. Gov't of Virgin Islands*, 278 F.3d 250, 255-56 (3d Cir. 2002). Attorney Lynch alleges we have federal question and diversity jurisdiction under 28 U.S.C. §§ 1331, 1332. We do not have subject-matter jurisdiction under the civil rights statutes, 42 U.S.C. §§ 1983, 1985, 1988 or the Revised Organic Act of 1954, 48 U.S.C. § 1561. These statutes do not confer subject-matter jurisdiction. The federal civil rights statutes at 42 U.S.C. §§ 1983 (civil action for deprivation of rights), 1985 (conspiracy to interfere with civil rights), and 1988 (attorney's fees to prevailing party in action to enforce, *inter alia*, sections 1983, 1985) provide remedies but are not jurisdictional statutes. *Fed. Law Enforcement Officers Assoc. v. Att'y Gen. of New Jersey*, 93 F.4[th] 122, 127 n. 3 (3d Cir. 2024).

[39] *GB Forefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (citing *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014)).

[40] *Id.*

[41] *Id.*

[42] *Aichele*, 757 F.3d at 358.

[43] *Id.*

[44] Attorney Lynch did not respond to Disciplinary Counsel's motion to dismiss for lack of subject-matter jurisdiction.

[45] *Lynch v. Tiffany*, No. 21-13, 2022 WL 356857 (D.V.I. Feb. 7, 2022).

[46] *Id.* at *2-*3.

---

[47] *Roberts v. Lau*, 90 F.4th 618 (3d Cir. 2024), *cert. denied*, No. 23-1282, 2024 WL 4529810 (Oct. 21, 2024).

[48] *See e.g. Roberts*, 90 F.4th at 623, n. 2 (the district court had subject-matter jurisdiction over plaintiff's section 1983 claims and review of defendant's assertion of absolute immunity under Rule 12(b)(6)); *Fogle v. Sokol*, 957 F.3d 148, 155 (3d Cir. 2020) (same).

[49] 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (4th ed.) (2024).

[50] *Id.* Rule 4(b) provides: "(b) Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons–or a copy of a summons that is addressed to multiple defendants–must be issued for each defendant to be served." Fed. R. Civ. P. 4(b).

[51] *Id.*

[52] Disciplinary Counsel assert original service of process did not comply with Virgin Island Rule of Civil Procedure 4, citing their earlier memorandum in support of their motion to dismiss. ECF 18. We denied the motion as moot after Attorney Lynch amended his complaint. ECF 35. In their earlier memorandum, Disciplinary Counsel contended Attorney Lynch served only one copy of the summons and complaint addressed to each of the "ODC Parties [Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly] by name only, informing each of them that *they* were being sued, *but not informing them or the Government in what capacity they were being served*." ECF 18 at 5 (emphasis in original). Disciplinary Counsel does not cite a Rule of Civil Procedure with such a requirement. Disciplinary Counsel did not renew this objection in their Motion to dismiss the amended Complaint. Disciplinary Counsel also argued ineffective service on the Administrator of Courts because Attorney Lynch served only the complaint and not the summons, attaching an affidavit of the Administrator of Courts. ECF 18-4. Disciplinary Counsel did not renew this objection. The record shows service of summons and complaint on the Administrator of Courts on September 16, 2024. ECF 23.

[53] V.I. R. Civ. P. 4(i)(2)(A).

[54] *Id.* 4(i)(3). Rule 4(e) requires service on an individual within the Virgin Islands by: "(1) delivering a copy of the summons and complaint on the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process; or (4) completing service in another manner approved by order of the court in the pending case" on a showing of certain factors identified in Rule 4(e)(4)(A), (B). *Id.* 4(e)(1)–(4).

Rule 4(f) requires service on an individual outside the Virgin Islands under Virgin Islands statute: "(a) When the law of this territory authorizes service outside this territory, the service, when

reasonably calculated to give actual notice, may be made: (1) by personal delivery in the manner prescribed for service within this territory; (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; (3) by any form of mail addressed to the person to be served and requiring a signed receipt; (4) as directed by the foreign authority in response to a letter rogatory; or (5) as directed by the court." V.I. CODE ANN. tit. 4, § 4911; V.I. R. Civ. P. 4(f).

[55] *Id.* 4(i)(4).

[56] ECF 27.

[57] ECF 28.

[58] ECF 29. We are assuming, although neither party advised us nor objected, service on the Administrator of Courts meets the requirement of serving the "chief executive officer of the entity" when suing Disciplinary Counsel in their official capacities under V.I. Rule 4(i)(2)(A)(ii) as well as 4(e).

[59] ECF 13.

[60] ECF 14.

[61] *Sims v. City of Phila.*, 552 F. App'x 175, 177 (3d Cir. 2014).

[62] 401 U.S. 37 (1971).

[63] ECF 42-1.

[64] *Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

[65] *Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 27 F.4th 886, 890 (3d Cir. 2022) (quoting *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 431, 461 (3d Cir. 2019)).

[66] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–34 (1982).

[67] *Sprint Commc'ns*, 571 U.S. at 78. *Younger* abstention applies in Virgin Islands proceedings. *Kendall v. Russell*, 572 F.3d 126, 130, n.3 (3d Cir. 2009).

[68] *See* ECF 42-1 at 2.

[69] *Middlesex,* 457 U.S. at 432; *Borowski*, 68 F.4th at 849–50 (applying the *Middlesex* factors).

[70] ECF 42-1 at 3-4.

[71] *Id.* at 3.

[72] *Id.* If Attorney Lynch believes Chief Disciplinary Counsel Bailey-Roka's current investigation is taking too long, he may petition for writ of mandamus with the Virgin Islands Supreme Court. *See In re Burns*, No. 2020-19, 2020 WL 6542018 (V.I. Sept. 3, 2020).

[73] *Id.* at 4. Congress vested the United States Supreme Court with review of final judgments of the Virgin Islands Supreme Court. 28 U.S.C. § 1260; *Voos v. Bentley*, 901 F.3d 172 (3d Cir. 2018).

[74] *Lazaridis v. Wehmer*, 591 F.3d 666, 670–71 (3d Cir. 2010).

[75] ECF 26 ¶ 106.

[76] *Id.* ¶ 65.

[77] *Middlesex*, 457 U.S. at 431 (emphasis in original).

[78] *Lazaridis*, 591 F.3d at 670-71 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987)).

[79] *Middlesex*, 457 U.S. at 435.

[80] ECF 26 ¶¶ 74-86.

[81] *Abbott v. Mette*, No. 21-1804, 2021 WL 5906146 at *3 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

[82] *Id.* (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002)).

[83] *Id.* (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

[84] ECF 26 ¶¶ 20-39, 76-77.

[85] 446 U.S. 719 (1980).

[86] *Id.* at 734.

[87] *Id.* at 736.

[88] *Bates v. State Bar of Arizona*, 433 U.S. 350 (1977).

[89] *Borowski*, 68 F.4th at 850.

[90] *Id.*

[91] *Id.*

[92] *Id.*

[93] The Virgin Islands Supreme Court through Rule 207.10 provides: "All communications to and from the [Board on Professional Responsibility], the [Preliminary Review Committee], or the [Office of Disciplinary Counsel] relating to lawyer misconduct or disability, and all testimony given in related proceedings, shall be absolutely privileged, and no civil suit predicated on those proceedings may be instituted against any complainant, witness, or lawyer. Members of the Board, members of the [Preliminary Review Committee], and members of the [Office of Disciplinary Counsel] and its agents and staff; Special Disciplinary Counsel and his or her agents and staff; the Board Chair and staff; and receivers and their agents and staff shall be immune from civil suit for any conduct in the discharge of their official duties."

[94] We need not address other immunity theories raised by Defendants.

[95] *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018).

[96] *Id.* (internal citations omitted).

[97] *Id.* (internal citations omitted).

[98] *Id.* (citing *Forrester v. White*, 484 U.S. 219, 224 (1988)).

[99] *Id.*; *see also Murphy v. Office of Disciplinary Counsel*, 820 F. App'x 89, 92, n. 6 (3d Cir. 2020) (quoting *Keystone Redevelopment Partners, LLC. V. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (we examine an official's job function to determine whether quasi-judicial immunity applies to the official)).

[100] *Russell*, 805 F.3d at 247 (citations omitted).

[101] *Id.* at 247-48 (citation omitted).

[102] *Murphy*, 820 F. App'x at 91-92 (citing *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009)).

[103] V.I. CODE ANN. tit. 4, § 32(e).

[104] *In re Burns*, 2020 WL 6542018 at *4.

[105] *Murphy v. Office of Disciplinary Counsel*, No. 17-1239, 2019 WL 4752059, *18 (E.D. Pa. Sept. 30, 2019) *aff'd Murphy*, 820 F. App'x 89 (collecting cases); *see also Gillham v. Virgin Islands Supreme Court*, No. 22-44, 2023 WL 4865072, *5 (D.V.I. July 28, 2023) (Judge Jordan directing Virgin Islands attorney challenging discipline imposed by Virgin Islands Supreme Court to explain why the relief sought in her complaint is not barred by an immunity theory).

[106] ECF 42-1 at 11, 13 (citing *Burns*, 2020 WL 6542018 at *4, n. 8).

[107] *Id.* at 11, 13-14.

[108] ECF 26 ¶¶ 44, 89, 96, 112-119, 134.

[109] *Id.* ¶ 119.

[110] *Keystone Redevelopment Partners*, 631 F.3d at 95 (quoting *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000)); *Trihn v. Fineman*, 9 F.4th 235, 237-38 (3d Cir. 2021) (affirming district court's conclusion a court-appointed receiver is entitled to quasi-judicial immunity).

[111] *Burns*, 2020 WL 6542018 at *4.

[112] *Id.*

[113] *Id.* at n. 8.

[114] *Murphy*, 2019 WL 4752059 at *18.

[115] Attorney Lynch argues Chief Disciplinary Counsel Bailey-Roka and Counsel Donnelly are not immune under any theory: absolute immunity, Eleventh Amendment immunity (which Defendants do not assert), sovereign immunity, prosecutorial immunity, judicial immunity, qualified immunity, or immunity under Virgin Islands Supreme Court Rule 207.10. Attorney Lynch also asserts Counsel Donnelly "may well have even less claim to qualified immunity for tasks outside her contractual functions" because she is an independent contractor and not a government official. ECF 42-1 at 17. We dispose of this argument quickly. First, Attorney Lynch cites no authority for his argument. Second, we reject Attorney Lynch's premise Counsel Donnelly took action "outside her contractual functions" and there are no plausible factual allegations she did so. Attorney Lynch attached Counsel Donnelly's contract to his amended Complaint which shows the Judicial Branch Government of the Virgin Islands contracted with Counsel Donnelly for services on behalf of the Supreme Court of the Virgin Islands, to represent the Office of Disciplinary Counsel in processing and disposing of disciplinary actions, and to perform work at the direction and supervision of Disciplinary Counsel. *See* ECF 26-1. Third, and as fully analyzed, we conclude quasi-judicial immunity protects Counsel Donnelly and we need not reach the issue of qualified immunity.

Attorney Lynch also argues Virgin Islands Supreme Court Rule 207.10 conferring immunity on Office of Disciplinary Counsel, its agents and staff, and Special Disciplinary Counsel, and her agents and staff from civil suit for "any conduct in the discharge of their official duties" does not apply because "Congress has denied it." ECF 42-1 at 17. Attorney Lynch cites Judge McCabe's decision in *Lynch v. Bailey-Roka*, No. 22-14338, 2023 WL 4166959 (S.D. Fl. Apr. 13, 2023), *report and recommendation accepted in part,* 2023 WL 4144365 (S.D. Fl. June 23, 2023) (accepting report and recommendation in part and transferring case to the District Court of the Virgin Islands). In the Florida litigation, Attorney Lynch sued Florida attorneys for their communication to the Virgin Islands Office of Disciplinary Counsel under various Florida common law claims and Fourth and Fourteenth Amendment claims. The Florida attorneys claimed Virgin Island Supreme Court Rule 207.10 immunized their communication to the Virgin Island Office of Disciplinary Counsel about Attorney Lynch. *Lynch*, 2023 WL 4166959 at * 9. Judge McCabe rejected the immunity argument concluding the Florida Attorneys "have not cited any

authority for the proposition that the Supreme Court of the Virgin Islands (or of any other territory or state) can promulgate a rule that immunizes parties from federal statutory or common law claims arising under the law of another state. Without such authority, this Court is skeptical that the Supreme Court of any given state or territory can pass a rule that overrides Congress or the common law of another state." *Id.* Judge McCabe recognized his "result might differ if choice-of-law analysis reveals that Virgin Islands common law governs the tort claims at issue" and Florida Attorneys are free to raise the issue at a later stage of the litigation after briefing and factual development. *Id.* We find this *Lynch* case factually distinguishable. We do not have parties attempting to apply the Virgin Islands Supreme Court immunity rule to alleged tortious conduct outside the Virgin Islands. And we conclude after analysis quasi-judicial immunity protects Disciplinary Counsel, an issue not raised in the *Lynch* Florida litigation.