# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## ST. THOMAS/ST. JOHN DIVISION

| | | |
|---|---|---|
| PETER J. LYNCH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 3:24-43 |
| | : | |
| ATTY KATHRYN ANNE DONNELLY, | : | |
| ATTY TANISHA BAILEY-ROKA | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                        **March 14, 2025**

      Congress encourages parties to bring civil rights cases to enforce their constitutional rights by allowing federal courts to award reasonable attorney's fees and costs to the prevailing party. So, a lawyer can represent a person who sues to enforce a constitutional right but who otherwise could not afford her fees; the lawyer can recover their fees directly from defendants upon prevailing in the case. We require civil rights claims to have a fact and legal basis before proceeding to trial. Congress also allows federal courts to compel persons bringing frivolous civil rights claims to reimburse their prevailing opponents for reasonable fees and costs incurred in paying lawyers to defeat the frivolous civil rights claim. But a judge's finding a person cannot proceed to trial on civil rights claims for a variety of legal reasons does not necessarily mean the claims are frivolous, unreasonable, or without foundation.

      We apply these principles today after finding a lawyer in November 2024 could not plead claims against the Virgin Islands disciplinary authorities who repeatedly review his allegedly unethical conduct. He appears to be a thorn in the disciplinary counsel's side by bringing multiple cases against the disciplinary lawyers investigating his conduct and then voluntarily dismissing his cases before a final order. He knows (as a lawyer) the Virgin Islands must pay lawyers to defend his tactic. But we must study the merits, and the lawyer's civil rights case before us presented a

closer call. He did not advocate utterly frivolous claims (at least in this case). There is a difference between a claim lacking merit as a matter of law, as we found in November 2024 (and now on appeal), and a claim being frivolous.

We deny the disciplinary counsel's Motion for fees without, in any way, retreating from our reasoned findings the lawyer could not state civil rights claims against disciplinary counsel based on his pleaded facts as a matter of law.

**I.  Background**

Peter J. Lynch practices law full time in St. Thomas, Virgin Islands after being admitted as a member of the Virgin Islands Bar subject to self-discipline. The Bar and public rely upon lawyers disciplining themselves. The enforcement of this discipline through the Virgin Islands Supreme Court's authority to supervise the members of its Bar includes review by the lawyers and investigators paid by the Territory to ensure ethical conduct by its barred attorneys.

Attorney Lynch is no stranger to the Virgin Islands disciplinary process. Kathryn Anne Donnelly, Virgin Islands Special Designated Disciplinary Counsel, and Tanisha Bailey-Roka, Chief Disciplinary Counsel for the Supreme Court of the Virgin Islands have, and continue to, investigate Attorney Lynch for a variety of concerns over the past seven years. Disciplinary Counsel are now proceeding with an investigation of his conduct under the Virgin Islands Rules of Professional Conduct begun in October 2023. This investigation is another chapter in a long and acrimonious history between Attorney Lynch and the Office of Disciplinary Counsel marked by litigation in three different federal district courts and the Virgin Islands territorial courts since at least 2018.[1]

### *The Office of Disciplinary Counsel investigates Attorney Lynch in 2018.*

The Office of Disciplinary Counsel, through Chief Disciplinary Counsel Bailey-Roka, opened an investigation into Attorney Lynch's professional conduct in 2018.[2] Attorney Lynch responded by filing a disciplinary complaint with the Virgin Islands Supreme Court against Chief Disciplinary Counsel Bailey-Roka and Special Designated Disciplinary Counsel Michael Holzknecht alleging improper conduct.[3] The Virgin Islands Supreme Court denied the complaint in November 2020.[4] Attorney Lynch twice filed a petition for writ of mandamus with the Virgin Islands Supreme Court "seeking to curb" Disciplinary Counsel's "continuing abuses" in the investigation.[5] The Virgin Islands Supreme Court denied both mandamus petitions for failing to exhaust remedies.[6] Although not entirely clear, the 2018 investigation appears to remain open and unresolved.[7]

### *Attorney Lynch sues Disciplinary Counsel in the United States District Court for the Southern District of Florida in 2021.*

The next skirmish between Attorney Lynch and Disciplinary Counsel occurred in connection with Attorney Lynch's divorce proceedings against his wife in the Superior Court of the Virgin Islands in 2021.[8] Attorney Lynch believed Disciplinary Counsel attempted to communicate with his wife in the divorce action regarding confidential information the wife gave to her divorce attorney about Attorney Lynch's conduct which her divorce attorneys referred to the Office of Disciplinary Counsel.[9] Attorney Lynch believed Disciplinary Counsel communicated with his wife in an effort to "gather evidence of purported wrongdoing" to initiate a new disciplinary investigation into his conduct.[10]

Attorney Lynch and his wife reconciled and then sued Chief Disciplinary Counsel Bailey-Roka and Special Designated Special Disciplinary Counsel Holzknecht and others for alleged constitutional violations in communicating with Mrs. Lynch during the divorce proceeding. The

3

Lynches sued Disciplinary Counsel in the United States District Court for the Southern District of Florida for constitutional violations under 42 U.S.C. § 1983 and Florida law in September 2022.[11] Disciplinary Counsel retained attorneys Alexandra Dragovich and Mark Pfeiffer of Buchanan Ingersoll & Rooney, P.C. to defend them.

Judge McCabe issued a report and recommendation on April 13, 2023 recommending Disciplinary Counsel's motion to dismiss be granted because, among other reasons, the court lacked jurisdiction over all Defendants, Disciplinary Counsel are immune, and venue in the Southern District of Florida is improper.[12] Attorney Lynch objected to Judge McCabe's report and recommendation, including objecting to a recommendation to transfer venue and objecting to the recommendation to dismiss the complaint because Disciplinary Counsel are immune.[13]

Judge Cannon accepted in part Judge McCabe's report and recommendation.[14] Judge Cannon concluded venue is improper in the Southern District of Florida and transferred the action to the District of the Virgin Islands.[15] Judge Cannon did not decide the substantive issues before transferring the case to the Virgin Islands.

After the case transferred to the District Court of the Virgin Islands, the parties engaged in rounds of motion practice including motions to dismiss and Attorney Lynch's motions to recuse several judges.[16] Attorneys Dragovich and Pfeiffer of the Buchanan Ingersoll firm continued to represent Disciplinary Counsel in the case transferred to the District of the Virgin Islands. Attorney Paul Gimenez, General Counsel for the Judicial Branch of the Government of the Virgin Islands, also entered his appearance on behalf of Disciplinary Counsel.

United States Court of Appeals Judge Jordan, sitting by designation, accepted assignment of the case and scheduled a hearing on the motions to dismiss and a Rule 16 Scheduling

4

Conference.[17] Attorney Lynch voluntarily dismissed his complaint on May 27, 2024, three days before the scheduled motions hearing and Rule 16 Scheduling Conference.[18]

Disciplinary Counsel then moved for attorney's fees of the Buchanan Ingersoll attorneys as well as to reimburse the time incurred by General Counsel Gimenez in defense of the action. Judge Jordan denied the request for fees on November 15, 2024, concluding Disciplinary Counsel are not "prevailing parties" for purposes of the federal attorney's fee statute, 28 U.S.C. § 1988(b), and the Virgin Islands attorney's fees statute because Attorney Lynch voluntarily dismissed the case without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i).[19]

### *Disciplinary Counsel opened a new investigation in October 2023 and Attorney Lynch moved to disqualify Disciplinary Counsel.*

In September 2023, Attorney Lynch became aware the Virgin Islands Supreme Court's Office of Disciplinary Counsel issued suspension orders to over forty attorneys who neglected to file annual registration statements with the Supreme Court of the Virgin Islands.[20] Attorney Lynch the next day emailed one suspended attorney to "regretfully inform him of his suspension" and offered to represent the suspended attorney touting his experience "help[ing] other attorneys out of this sort of jam."[21] Attorney Lynch then entered his appearance for two attorneys in danger of disciplinary action.[22]

Chief Disciplinary Counsel Bailey-Roka learned of Attorney Lynch's solicitations and opened an investigation on October 11, 2023 into whether Attorney Lynch's solicitations were potentially inaccurate and omitted the words "Advertising Material" required by Virgin Islands Rule of Professional Conduct.[23] Chief Disciplinary Counsel Bailey-Roka assigned the investigation to Special Designated Disciplinary Counsel Kathryn Anne Donnelly.[24] Counsel Donnelly advised Attorney Lynch she would conduct a preliminary investigation on behalf of the Office of Disciplinary Counsel and advised he must respond to the investigation.[25] Attorney Lynch

5

timely responded to Counsel Donnelly on November 13, 2023.[26] He denied an ethics violation, characterizing the solicitation email as "commercial free speech that is not false or deceptive and does not concern unlawful activities"; disagreed Virgin Islands Supreme Court Rules prohibited his solicitation of suspended attorneys because the Rule exempts correspondence to attorneys from marketing requirements for solicitations; accused Counsel Donnelly of a conflict of interest; and demanded she dismiss the investigation.[27]

Displeased with Counsel Donnelly's response time and motivated by his general disagreement with her, Attorney Lynch sought dismissal of the October 2023 investigation by asking the Virgin Islands Board on Professional Responsibility to intervene in the investigation and dismiss it as frivolous in early January 2024.[28] The Board on Professional Responsibility did not promptly respond to Attorney Lynch.[29]

After several months, Attorney Lynch unilaterally "deemed" the Board's failure to act on his request as a denial and then petitioned the Supreme Court of the Virgin Islands to disqualify Counsel Donnelly on May 14, 2024.[30] Around the same time, Attorney Lynch moved for an emergency protective order with the Virgin Islands Board on Professional Liability.[31]

The Board on Professional Liability denied Attorney Lynch's emergency motion for protective order in July 2024 and Attorney Lynch voluntarily withdrew his petition to disqualify Counsel Donnelly in the Virgin Islands Supreme Court.[32]

### *Attorney Lynch sued Disciplinary Counsel in the United States District Court for the Eastern District of New York in November 2023.*

With the 2018 disciplinary investigation, the Southern District of Florida litigation, and the October 2023 disciplinary investigation all pending, Attorney Lynch opened a new front against Disciplinary Counsel in the United States District Court for the Eastern District of New York on November 8, 2023.[33] The New York action challenged the October 2023 investigation initiated by

6

Chief Disciplinary Counsel Bailey-Roka and investigated by Disciplinary Counsel Donnelly. Attorney Lynch again raised constitutional challenges to Disciplinary Counsel's 2023 investigation into his professional conduct.

Judge Chen ordered Attorney Lynch to show cause why venue is proper in the Eastern District of New York within thirty days or the action will be transferred to the District of the Virgin Islands.[34] Attorney Lynch voluntarily dismissed his New York action on December 28, 2023, two days before the show cause due date.[35]

### *Attorney Lynch sues Disciplinary Counsel here in August 2024.*[36]

Attorney Lynch then filed this case on August 21, 2024 again challenging Disciplinary Counsel's conduct in opening the October 2023 investigation. Attorney Lynch sued Counsel Donnelly and Chief Disciplinary Counsel Bailey-Roka in this action seeking a writ of prohibition and coercive writ against Counsel Donnelly and Chief Disciplinary Counsel Bailey-Roka in their official capacities to enjoin their alleged violations of his right to commercial free speech under the First Amendment, to be secure in his law license under the Fourth Amendment, to be free from coercive threats under the Fifth Amendment, and to be accorded procedural due process under the Fourteenth Amendment. He also claimed under 42 U.S.C. § 1983 Counsel Donnelly and Chief Disciplinary Counsel Bailey-Roka in their individual capacities violated his right to commercial free speech under the First Amendment and the right to remain silent under the Fifth Amendment, and a civil rights conspiracy claim under 42 U.S.C. § 1985 against Counsel Donnelly and Chief Disciplinary Counsel Bailey-Roka in their individual capacities for violation his right to remain silent in violation of the Fifth Amendment.[37]

General Counsel Gimenez entered his appearance on behalf of Disciplinary Counsel on September 4, 2024.[38] The Administrator of Courts for the Judicial Branch of the Virgin Islands

retained the Buchanan Ingersoll firm on October 7, 2024 and Attorney Marc Tepper entered his appearance for Disciplinary Counsel the same day.[39]

### *We granted Disciplinary Counsel's motion to dismiss Attorney Lynch's amended Complaint.*

Counsel Donnelly and Chief Disciplinary Counsel Bailey-Roka timely moved to dismiss Attorney Lynch's amended Complaint asserting we lacked subject matter jurisdiction, challenging the sufficiency of process and sufficiency of service of process under Federal Rules of Civil Procedure 12(4) and (5), and asserting a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because, among other arguments, Disciplinary Counsel are absolutely immune from damages under section 1983 and we must abstain under *Younger v. Harris*.[40]

Attorney Lynch opposed the motion, primarily arguing we should not abstain under *Younger* because he has no recourse and no opportunity for meaningful review of his constitutional claims against Disciplinary Counsel who he alleged acted in bad faith in their investigation of him. Attorney Lynch conceded Counsel Donnelly and Chief Disciplinary Counsel Bailey-Roka may be shielded by quasi-judicial and quasi-prosecutorial theories of immunity but, in this case, Disciplinary Counsel allegedly collectively acted outside their functional roles as an investigator and counsel for the Office of Disciplinary Counsel and immunity does not bar his demand for injunctive relief.

We reviewed the parties' fulsome briefing and concluded we must abstain from entering injunctive or equitable relief under *Younger*, Disciplinary Counsel have quasi-judicial immunity from damages suits in their individual capacities, and dismissed Attorney Lynch's claims.[41] We concluded *Younger* abstention required us to refrain from deciding cases which would interfere with certain ongoing state proceedings, including, as here, the important and recognized state interest in maintaining and assuring the professional conduct of the Territory's licensed attorneys.

8

We then applied the *Middlesex* factors defined by the Supreme Court to our abstention analysis.[42] Attorney Lynch challenged only the third *Middlesex* factor, arguing the proceedings in the Supreme Court of the Virgin Islands do not afford him an adequate opportunity to raise his federal constitutional claims. We concluded Attorney Lynch did not meet his burden to allege state procedural law barred presentation of his federal claims other than conclusory allegations suggesting relief from the Supreme Court of the Virgin Islands "has proven futile."[43]

We dismissed Attorney Lynch's amended Complaint with prejudice and closed the case.[44] We denied Attorney Lynch's Motion for reconsideration and his Motion to amend the judgment seeking, for the third time, leave to amend his complaint.[45] Attorney Lynch then appealed to our Court of Appeals from our Order dismissing his amended Complaint which remains pending.[46]

### *Disciplinary Counsel moved for attorney's fees.*

Disciplinary Counsel moved for attorney's fees as the prevailing party in Attorney Lynch's civil rights action.[47] Disciplinary Counsel's fee petition seeks an award of $50,000.[48] General Counsel Gimenez swears he drafted documents, reviewed documents, researched, and reviewed pleadings and motions including dispositive motions and memorandum in excess of 100 hours.[49] He swears the Office of General Counsel is entitled to an award of reasonable attorney's fees "for needing to engage outside counsel" in addition to his own work "which exceed seventy-five hours for which the Judicial Branch seeks an award of attorney['s] fees for $25,000."[50] A comparator affidavit submitted by Attorney Pamela Lynn Colon swears an hourly rate of $500 per hour for seventy-five hours of work by General Counsel Gimenez is reasonable.[51]

Attorney Tepper, outside counsel for Disciplinary Counsel, swears to attorney's fees from Buchanan Ingersoll of $34,734.50 from October 7, 2024 through December 30, 2024.[52] Disciplinary Counsel submitted the affidavit of Attorney Mary Kay Brown swearing to the

9

reasonableness of the rates charged for the legal services provided by the Buchanan Ingersoll firm in Philadelphia.[53]

## II. Analysis

Disciplinary Counsel now moves for attorney's fees under 42 U.S.C. § 1988(b) allowing an award of attorney's fees to a prevailing party in a civil rights action, under Virgin Islands statute, under a theory of equitable relief and under our inherent power to award fees. Disciplinary Counsel seek to recover fees incurred by General Counsel Gimenez and outside counsel Attorney Tepper.[54]

Attorney Lynch opposes the motion, arguing the requirements for an award of attorney's fees to a prevailing defendant under section 1988 are not met, the Virgin Islands' statute awarding attorney's fees to prevailing parties does not apply to federal claims, and even if we determine fees should be awarded to Disciplinary Counsel, the hourly rates and hours billed are not reasonable.[55]

### A. We deny an award of attorney's fees under 42 U.S.C. § 1988.

A prevailing party in a section 1983 action is entitled to an award of reasonable attorney's fees under section 1988.[56] The language of the statute allows a district court "may allow" "in its discretion" reasonable attorney's fees in a civil rights action to "the prevailing party, other than the United States[.]"[57]

We apply a more stringent standard to an award of attorney's fees where the prevailing party is the defendant.[58] A prevailing defendant is entitled to attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation."[59] The prevailing defendant is not required to show the plaintiff brought his claim in subjective bad faith; the standard is objective.[60] An award of attorney's fees to a prevailing defendant should not be routine; we may award fees on a finding a claim is "groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case."[61] The Supreme Court in *Christiansburg Garment*

10

warned district courts in determining whether an action is frivolous to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[62]

Our Court of Appeals beginning twenty-four years ago in *Barnes Foundation* requires we apply several factors in evaluating whether a plaintiff's unsuccessful civil rights claim is frivolous: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case before trial or the case went to trial on the merits; (4) whether the question at issue is one of first impression requiring judicial resolution; (5) whether the controversy is based sufficiently on a real threat of injury to the plaintiff; and (6) whether the trial court made a finding the claim is frivolous.[63] Our Court of Appeals instructs us these factors are "merely guidelines" and not "strict rules" which we should apply to our determination of frivolousness on a case-by-case basis.[64]

The first factor considers whether Attorney Lynch established a prima facie case. Attorney Lynch's amended Complaint alleges constitutional violations by Disciplinary Counsel during the October 2023 investigation. Disciplinary Counsel moved to dismiss arguing we lacked subject matter jurisdiction and insufficient process and service of process. We rejected those arguments. Disciplinary Counsel also argued Attorney Lynch failed to state a claim under Rule 12(b)(6) and Rule 8(a)(2), the claims are frivolous, absolute immunity, quasi-judicial immunity, sovereign immunity, and immunity under Virgin Islands Rule of Conduct protect Disciplinary Counsel, we must abstain under *Younger v. Harris*,[65] and failed to state a claim for conspiracy to violate Attorney Lynch's civil rights.[66]

Attorney Lynch responded arguing we should not abstain because he has no recourse in the Virgin Islands courts to raise his constitutional claims and Chief Disciplinary Counsel acted in

11

bad faith. He also argued Disciplinary Counsel do not have quasi-judicial immunity because he alleged Disciplinary Counsel acted outside their "functional" roles.[67]

We reviewed the parties' arguments and concluded Attorney Lynch did not meet his burden to allege facts showing Virgin Islands' procedural law barred presentation of his constitutional claims. We concluded he offered only conclusory allegations. We also determined Attorney Lynch did not plausibly allege Disciplinary Counsel acted outside their functional roles to bring them outside of quasi-judicial immunity. Attorney Lynch's allegations fell short of the pleading standard. But this does not make his claims unreasonable, frivolous and without foundation to support our exercise of discretion to award attorney's fees. We did not agree then with Disciplinary Counsel's characterization of the claims as frivolous. And we do not today.

We recognize a strict application of most of the *Barnes Foundation* factors may support a finding Attorney Lynch's claims are frivolous. We are directed by our Court of Appeals the factors are "guidelines, not strict rules" and we determine frivolousness on a case-by-case basis.[68]

Attorney Lynch did not establish a prima facie case as we dismissed as a matter of law with prejudice before discovery. Disciplinary Counsel did not offer to settle but there could be several good reasons unrelated to this case including the years of addressing Attorney Lynch's claims and hoping to not reward his conduct. We dismissed his claims before trial. Attorney Lynch and Disciplinary Counsel did not present an issue of first impression. But Attorney Lynch could plead "real threat of injury" through the effects of a disciplinary process on his livelihood in St. Thomas. And we did not accept the Disciplinary Counsel's arguments we should find his claims as frivolous when we found he could not state a claim.

Disciplinary Counsel recognizes an award to a prevailing defendant in a civil rights action are awarded sparingly, but they argue this is a case where fees should be awarded because of

12

Attorney Lynch's abuse of the judicial system by bringing meritless claims. They base their theory on the tormented history since 2018. Disciplinary Counsel argue Attorney Lynch knew Disciplinary Counsel are immune based on Judge McCabe's report and recommendation in the Southern District of Florida litigation and earlier decisions from the Virgin Islands Supreme Court and our Court of Appeals.[69] Disciplinary Counsel also argue Attorney Lynch has filed five actions against one or both alleging their personal animus against him based solely on his own speculation.[70]

We are guided by the thoughtful reasoning of several colleagues evaluating whether dismissal equates to "frivolous" on a case by case basis. There are several cases where fees are not awarded to the prevailing defendant despite the *Barnes Foundation* factors possibly weighing in the prevailing defendant's favor purely on counting the factors. For example, Judge Lewis denied the prevailing defendant fees in a Title VII case alleging employment discrimination based on color, race, and national origin.[71] In denying the prevailing defendant's motion for fees, Judge Lewis reasoned the plaintiff's claims were not so frivolous as to warrant fees despite the award of summary judgment in defendant's favor.[72] Judge Lewis explained while she found the evidence ultimately proved insufficient to defeat summary judgment, her finding did not warrant an award of fees.[73]

Judge Gómez denied attorney's fees to a prevailing defendant after granting summary judgment.[74] The plaintiff asserted a claim against a defendant for his blog posts plaintiff believed interfered with her rights under a federal statute. Judge Gómez granted summary judgment in the defendant's favor who moved for fees. Judge Gómez concluded the majority of the *Barnes Foundation* factors supported an award of attorney's fees, but denied the motion for fees reasoning the plaintiff provided "some evidence in support of her claim" and, although he found the evidence

13

insufficient to defeat summary judgment, plaintiff's claim "[wa]s not wholly without foundation."[75]

Judge DuBois denied attorney's fees to a prevailing defendant on summary judgment in an employment discrimination case.[76] Judge DuBois granted summary judgment to the defendant employer on a finding plaintiff employee failed to show pretext on the discrimination and retaliation claims to defeat summary judgment and plaintiff's hostile work environment claim failed as a matter of law.[77] Despite these findings, Judge DuBois denied defendant's motion for fees reasoning "failure is not frivolousness" and declined to exercise his discretion to award fees where the plaintiff's claims "had an arguable basis in the law."[78]

Judge Rufe denied the prevailing defendants' motion for attorney's fees after dismissing plaintiff's complaint for lack of standing.[79] The plaintiff claimed defendants' attempts to put her property in a conservatorship deprived her property rights but had sold the property, and had no ownership in it, at the time the petition for appointment of a conservator was granted *or* when she filed her complaint.[80] Judge Rufe dismissed the complaint for lack of standing and reasoned, even if plaintiff could satisfy her standing requirement, the *Rooker-Feldman* and *Younger* abstention doctrines barred the court's jurisdiction.[81] Judge Rufe denied defendants' motion for fees, finding they did not show the case merits an exceptional award of fees and did not show plaintiff's interest in the property met the unreasonable or frivolous standard.[82]

We studied the facts in this unique case and conclude the reasoning of our colleagues, particularly from Judge Rufe, support our denial of attorney's fees at this juncture. We granted Disciplinary Counsel's motion to dismiss primarily on two grounds: *Younger* abstention and quasi-judicial immunity. But each doctrine has exceptions. Before we concluded *Younger* abstention barred our jurisdiction, we closely examined whether Attorney Lynch's case fell within the

14

exceptional circumstances of *Younger* and whether the Supreme Court's *Middlesex* factors supported abstention.[83] We concluded Attorney Lynch did not sufficiently allege facts bringing the case outside *Younger* and *Middlesex*. We closely examined quasi-judicial immunity and the exception to it where an official acts outside of her judicial capacity. We applied our Court of Appeals's "functional" approach to immunity to determine whether Disciplinary Counsel's complained-of conduct fulfilled a quasi-judicial role. We concluded Attorney Lynch's allegations Disciplinary Counsel's actions were taken outside the scope of their authority is not plausible.

The parties' mutual frustration with one another comes through loud and clear in the briefing. Disciplinary Counsel's frustration with the history of Attorney Lynch's litigation does not make his claim today frivolous or without foundation.

We deny Disciplinary Counsel's motion for fees.[84] Our decision should not be taken by the parties as anything other than an application of the stringent standard for an award of section 1988 attorney's fees to a prevailing defendant. Our November 19, 2024 Order dismissing Attorney Lynch's amended Complaint remains our reasoned decision which Attorney Lynch chose to challenge on appeal.

**III. Conclusion**

We deny Disciplinary Counsel's motion for attorney's fees.

---

[1] Disciplinary Counsel asserts Attorney Lynch filed a total of six actions, including this action, against the Office of Disciplinary Counsel and its Disciplinary Counsel in the last five years: *Lynch v. Donnelly*, No. 23-8428 (E.D.N.Y. Nov. 8, 2023); *Lynch v. Tiffanny*, No. 2018-65 (V.I. Super. Ct., STT/STJ Div. Oct. 31, 2020); *Lynch v. Holzknecht*, No. 21-0047 (D.V.I. Aug. 20, 2021) (under seal); *Lynch v. Bailey-Roka*, No. 22-14338 (S.D. Fl. Sept. 26, 2022); *In re Lynch*, No. 23-13494, 2024 U.S. App. LEXIS 452, at *1 (11th Cir. Jan. 5, 2024); and this case.

[2] ECF 26 ¶ 20.

15

---

[3] *Id.* ¶ 22.

[4] *Id.* ¶¶ 24-25.

[5] *Id.* ¶ 27.

[6] *Id.* ¶ 28.

[7] *Id.* ¶¶ 20-27. Attorney Lynch alleged the Virgin Islands Supreme Court's Preliminary Review Committee stayed the 2018 investigation on June 25, 2021 "to allow related civil litigation to proceed first." *Id.* ¶ 20. Neither party advises us of the status of the 2021 stay of the 2018 investigation.

[8] *Id.* ¶ 30.

[9] *Lynch v. Bailey-Roka*, No. 22-14338, ECF 67 (S.D. Fl. Apr. 13, 2023).

[10] ECF 26 ¶ 30.

[11] *Lynch v. Bailey-Roka*, No. 22-14338 (S.D. Fl.).

[12] *Id.*, No. 22-14338, 2023 WL 4166959 (S.D. Fl. Apr. 13, 2023).

[13] *Id.* ECF 68.

[14] *Id.*, No. 22-14338, 2023 WL 4144365 (S.D. Fl. June 23, 2023).

[15] *Id.* Judge Cannon concluded transfer is warranted under 28 U.S.C. § 1406(a). Attorney Lynch then sought a writ of mandamus from the United States Court of Appeals for the Eleventh Circuit asking the Court of Appeals to order Judge Cannon to vacate her order transferring the case to the Virgin Islands, require the District Court of the Virgin Islands to return the case to the Southern District of Florida, and to find the district court in Florida has personal jurisdiction over Defendants. *In re Lynch*, No. 23-13494, 2024 U.S. App. LEXIS 452 (11th Cir. Jan. 5, 2024). The Court of Appeals denied the mandamus petition.

[16] *Lynch v. Bailey-Roka*, No. 23-0023 (D.V.I.).

[17] *Id.* ECF 125, 127.

[18] *Id.*, No. 23-23, 2024 WL 4802700, at *1 (D.V.I. Nov. 15, 2024).

[19] *Id.* at *4.

[20] ECF 26 ¶¶ 41-42.

[21] *Id.* ¶ 42.

---

[22] *Id.* ¶ 41-42.

[23] We offer a more fulsome recitation of the background facts and procedural history in our Memorandum granting Defendants' Motion to dismiss. ECF 53.

[24] ECF 26 ¶¶ 44-45. Counsel Donnelly is a citizen of New York and resides in New York. *Id.* ¶ 4.

[25] *Id.* ¶ 46; ECF 26-2 at 2-3.

[26] ECF 26 ¶ 47; ECF 26-3 at 2-3.

[27] *Id*. Attorney Lynch also alleges Chief Disciplinary Counsel Bailey-Roka is conflicted in her disciplinary investigation of him because she is the "opposing counsel" in the disciplinary matters of the two suspended attorneys represented by Attorney Lynch. ECF 26 ¶ 44.

[28] ECF 26 ¶ 51; ECF 26-6 at 2-3.

[29] *Id.* ¶ 52.

[30] *Id.* ¶ 53.

[31] *Id.* ¶ 59; ECF 26-8 at 2-6.

[32] ECF 26 ¶¶ 64-65.

[33] *Lynch v. Donnelly*, No. 23-8428 (E.D.N.Y.).

[34] *Id.* (text order Nov. 30, 2023).

[35] *Id.*, ECF 7. A review of the docket shows Attorney Lynch never served the complaint on Disciplinary Counsel and instead voluntarily dismissed his action after Judge Chen's show cause order. *Id.*

[36] *See* our Memorandum granting Defendants' Motion to dismiss for a fulsome recitation of the background facts and procedural history of this case. ECF 53.

[37] Attorney Lynch alleged Counsel Donnelly and Chief Disciplinary Counsel Bailey-Roka's demand he respond to questions raised in the investigation violated his Fifth Amendment right to remain silent in a quasi-judicial criminal proceeding. ECF 26 ¶¶ 98-99, 121-22, 136-37.

[38] ECF 12.

[39] ECF 74-2; ECF 36.

[40] ECF 38. *Younger v. Harris*, 401 U.S. 37 (1971).

17

[41] ECF 53. We first concluded we have subject matter jurisdiction over this matter, rejecting Disciplinary Counsel's argument we lack jurisdiction. We also concluded the record demonstrated sufficient process and sufficient service of process, rejecting Disciplinary Counsel's motion to dismiss under Rule 12(b)(4) and (5). *Id.*

[42] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

[43] ECF 26 ¶ 106.

[44] ECF 54.

[45] ECF 56, 62, 67, 70. We denied three non-compliant Motions for reconsideration (ECF 55, 60, 63) and a non-compliant Motion to amend judgment under Rule 59 (ECF 65).

[46] ECF 68, 69. The appeal is captioned *Lynch v. Donnelly*, No. 24-3347 (3d Cir. Dec. 19, 2024).

[47] ECF 71, 72, 80, 81, 82, 85.

[48] *See* proposed order at ECF 71-1 and Memorandum at ECF 72 at 13.

[49] ECF 72-2, Declaration of General Counsel Gimenez ¶16.

[50] *Id.* Seventy-five hours of work amounting to $25,000 yields an hourly rate of $333.33.

[51] ECF 80; ECF 81-1, Attorney Colon Affidavit ¶ 38.

[52] ECF 80-1, 80-2.

[53] ECF 81-2.

[54] ECF 71, 72.

[55] ECF 83. Attorney Lynch argues he could not review counsel's time for reasonableness because Disciplinary Counsel filed redacted time sheets. *Id.* ¶ 7. Attorney Lynch filed his Opposition on January 26, 2025. By that time, we had already ordered Disciplinary Counsel to refile their exhibits in support of their fee petition without redactions except for time sheet descriptions revealing litigation strategy or advice of counsel, and ordered Disciplinary Counsel to provide us with unredacted copy of the time sheets. ECF 75. Disciplinary Counsel refiled their exhibits with limited redactions (ECF 80), comparator affidavits to support their fee petition (ECF 81), and the legal basis to award attorney's fees to government lawyers not billing on an hourly basis (ECF 82) on January 22, 2025. Attorney Lynch responded four days later claiming redactions prevented his review of Buchanan Ingersoll's time sheets despite having minimally redacted time sheets. ECF 83. After reviewing Disciplinary Counsel's attorney's time sheets, we ordered Disciplinary Counsel to re-file two of the three invoices without redactions. ECF 84. Disciplinary Counsel did so on January 31, 2025. ECF 85. Attorney Lynch did not seek to supplement his opposition to the

fee petition after receiving the unredacted time sheets. Nor did he admit having the largely unredacted documents.

[56] *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151 (3d Cir. 2001).

[57] 42 U.S.C. § 1988(b).

[58] *Ullman v. Superior Ct. of Pa.*, 603 F. App'x 77, 79 (3d Cir. 2015) (citing *Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.*, 297 F.3d 253, 265 n. 5 (3d Cir. 2002); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

[59] *Barnes Found.*, 242 F.3d at 158 (quoting *Christiansburg Garment*, 434 U.S. at 416-17, 421).

[60] *Id.* (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).

[61] *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997) (quoting *Christiansburg Garment*, 434 U.S. at 421).

[62] *Christiansburg Garment*, 434 U.S. at 421-22.

[63] *Barnes Found.*, 242 F.3d at 158 (citations omitted); *Ullman*, 603 F. App'x at 80.

[64] *Barnes Found.*, 242 F.3d at 158 (quoting *Sullivan v. School Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1983)).

[65] 401 U.S. 37 (1971).

[66] ECF 38.

[67] ECF 42.

[68] *Barnes Found.*, 242 F.3d at 158.

[69] Disciplinary Counsel cite *In re Burns*, No. 2020-0019, 2020 WL 6542018 (V.I. Sept. 3, 2020) and *Murphy v. Office of Disciplinary Counsel*, 820 F. App'x 89 (3d Cir. 2020). In *Murphy*, our Court of Appeals affirmed Judge Smith's application of quasi-judicial immunity to attorneys, sued in their individual capacities, serving as Disciplinary Counsel for the Disciplinary Board of the Supreme Court of Pennsylvania. *Murphy*, 820 F. App'x at 91-93. In *Burns*, the Virgin Islands Supreme Court in a footnote explained disciplinary counsel offices established by a jurisdiction's court of last resort are quasi-judicial entities and are entitled to quasi-judicial immunity. *In re Burns*, 2020 WL 6542018 at *4, n. 8.

[70] ECF 72.

[71] *Vitalis v. Sun Constructors, Inc.*, No. 2005-0101, 2024 WL 4461842 (D.V.I. Oct. 10, 2024).

[72] *Id.* at *7-*8.

[73] *Id.* (collecting cases).

[74] *Kromenhoek v. Cowpet Bay W. Condo. Assoc.*, No. 2012-25, 2015 WL 13931783 (D.V.I. Sept. 28, 2015).

[75] *Id.* at *4-*5 (citing *Weisberg v. Riverside Twp. Bd. of Ed.*, 272 F. App'x 170 (3d Cir. 2008)).

[76] *Canada v. Samuel Grossi & Sons, Inc.*, No. 19-1790, 2020 WL 8300132 (E.D. Pa. Sept. 11, 2020).

[77] *Id.* at *3.

[78] *Id.* (quoting *Mun. Revenue Serv. v. McBlain*, No. 06-4749, 2021 WL 431721, at *2 (E.D. Pa. Feb. 5, 2010)).

[79] *Isabella v. Champagne*, No. 17-2028, 2019 WL 13275787 (E.D. Pa. Feb. 19, 2019).

[80] *Id.* at *1.

[81] *Id.*

[82] *Id.* at *2.

[83] ECF 53.

[84] We also decline to award Disciplinary Counsel fees based on an equitable theory. Disciplinary Counsel provide us a laundry list of litigious conduct by Attorney Lynch from 2020 through 2023, before he filed this action. Disciplinary Counsel's frustration with Attorney Lynch in other actions does not weigh in favor of awarding equitable relief in the form of attorney's fees in ***this*** action.